Case 1:24-mc-00574 Document 1-2 (Ex Parte) Filed 12/10/24 Page 1 of 5
Case 1:24-cv-09670-VSB Document 5 Filed 12/19/24 Page 1 of 6

JUDGE BRODERICK

24 CV 09670

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DOE (a pseudonym) and MARY DOE (a pseudonym),

        Plaintiffs,

-against-

MARKEL, EVANSTON INSURANCE COMPANY,

        Defendant.

---

Index No. 24-cv-

**NOTICE OF REMOVAL**

Defendant, Evanston Insurance Company ("Evanston"), improperly named in the removed lawsuit as "Markel, Evanston Insurance Company," pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, hereby gives notice of its removal of this action from the Supreme Court of the State of New York, County of New York, to this Court. In support of its Notice of Removal, Evanston states as follows.

### STATE COURT ACTION

1.    On or about December 2, 2024, John Doe (A Pseudonym) and Mary Doe (A Pseudonym) (jointly, "Plaintiffs") commenced an action by filing a Verified Complaint against Evanston in the Supreme Court for the State of New York, County of New York, bearing Index No. 161011/2024 (the "State Court Action").[1] Service of process upon Evanston was effectuated on December 3, 2024, via email of a copy of the Summons, Complaint, and annexed Exhibits to Evanston's undersigned counsel, after counsel agreed to accepted service on behalf of Evanston. A copy of the Summons and Complaint are attached to this Notice of Removal as <u>Exhibit A</u>.

---

[1] The State Court Action is pending in this judicial district.

1

2.    Evanston has not filed responsive pleadings in the State Court Action.

## PARTIES

3.    Plaintiffs are residents of the State of New York, County of Rockland.[2]

4.    Evanston is, and at the time of commencement of the State Court Action was, a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Rosemont, Illinois.

## NATURE OF THE DISPUTE

5.    Evanston issued to Chai Lifeline, Inc. ("Chai Lifeline"), a claims made Specified Medical Professions Insurance Policy number SM937777, for the Policy Period of October 15, 2020 to November 15, 2021 (the "Policy").

6.    By their State Court Action, Plaintiffs seek an advisory declaration regarding interpretation of the Policy, specifically with respect to the limits of liability available to fund any potential future settlement or judgment against Chai Lifeline in an underlying lawsuit filed by Plaintiffs against Chai Lifeline and others captioned *Doe v. Klar, et al.*, N.Y. Supreme Court, N.Y. County, Index. No. 951468/2021 (the "Underlying Action").

7.    Chai Lifeline provided notice of the Underlying Action to Evanston under the Policy and Evanston is providing a defense to its Insured, Chai Lifeline, in the Underlying Action, pursuant to the Policy and subject to a reservation of rights.

8.    Evanston is not named as a defendant in the Underlying Action, nor would it be appropriate for Evanston to be named as a defendant pursuant to New York law and the terms of the Policy.

---

[2] For purposes of this motion, Evanston assumes the truth of the allegations in the Complaint.

9. The Underlying Action is in the early stages of discovery and there has been no judgment against Chai Lifeline nor has there been a settlement of the claims against Chai Lifeline.

10. Plaintiffs' counsel has received a copy of the Policy but disputes application of the Policy's limit of liability potentially available for indemnification of Chai Lifeline in the event (which has not yet occurred) that Chai Lifeline is found liable to Plaintiffs in the       .

11. Simultaneously with the filing of the Complaint in the State Court Action, Plaintiffs filed an Order to Show Cause to proceed anonymously as "John Doe and Mary Doe" and to seal all records in the State Court Action. A copy of the Order to Show Cause and related documents served on the undersigned are attached to this Notice of Removal as Exhibit B.[3] Pending further motion practice, the State Court clerk filed all documents relating to the State Court Action temporarily under seal.

12. Evanston has no objection to Plaintiffs proceeding anonymously in this action.

13. However, Evanston does not agree that there is a need for the record in this action to be sealed. Indeed, Evanston notes: (a) the Order to Show Cause in the State Court Action states that the record is under seal pending a hearing and ruling on the Order to Show Cause; (b) Plaintiffs' Affirmation and Memorandum of Law in Further Support of the Order to Show Cause to Proceed Anonymously in the State Court Action does not request that the action be sealed and does not provide any legal argument supporting sealing the full record; (c) the Court's Order granting Plaintiffs motion to proceed anonymously in the Underlying Action does not order that the Underlying Action proceed under seal and that action is not proceeding under seal as can be seen on the NYSCEF filing system at iapps.courts.state.ny.us, Index No. 951468/2021; and (d)

---

[3] The Exhibits attached to the Order to Show Cause (Exh. B.) have been renumbered for ease of reference in this filing.

3

the exhibits attached to Plaintiffs' Order to Show Cause in the State Court Action have been publicly filed in the State Court in the Underlying Action and other actions. *See, respectively,* Exh. B-1 at 3 first "Ordered" paragraph; Exh. B-2 at 1-10; Exh. B-3 at 3; and Exhs. B-4 – B-6.

## STATUTORY REQUIREMENTS FOR REMOVAL

14. By this Notice, Evanston has removed the State Court Action to this Court, pursuant to 28 U.S.C. §§ 1441(a) and 1446, and asserts that federal subject matter jurisdiction is proper under diversity jurisdiction. Removal based on federal diversity jurisdiction requires that the amount in controversy exceed $75,000, exclusive of interest and costs, and that the citizenship of the parties be completely diverse. 28 U.S.C. §1332(a)(1).

### Amount in Controversy

15. In the State Court Action, Plaintiffs seek a judgment against Evanston declaring that Plaintiff is entitled to $1,000,000.00 of coverage under the terms of the Policy. *See* Exh. A, Complaint ¶¶ 25-26, 34, 40-41, and WHEREFORE Clause (1). Therefore, the amount in controversy exceeds $75,000, exclusive of interest or costs.

### Diversity of Citizenship

16. There is complete diversity of citizenship between Plaintiffs on the one hand, as citizens of New York, and Evanston on the other hand, as a citizen of Illinois, and such complete diversity existed at the time the State Court Action commenced.

### Timeliness of Removal

17. This Notice of Removal is timely filed because, pursuant to 28 U.S.C. §1446(b), it was filed within 30 days of December 3, 2024, when Plaintiffs' counsel served Evanston with the Summons and Complaint in the State Court Action.

4

### Attached Documents

18. Evanston has attached all process, pleadings, and orders served on it in the State Court Action, as required by 28 U.S.C. §1446(a). *See* Exhs. A-B.

### Venue.

19. Removal to this Court is proper because the State Court Action was filed in this Court's judicial district. *See* 28 U.S.C. §1441(a).

### Written Notice to Plaintiffs

20. Written notice of the filing of this Notice of Removal will be given promptly by Evanston to Plaintiffs' counsel as specified in the attached Certificate of Service, as required by 28 U.S.C. §1446(d).

### Filing Notice in State Court.

21. A copy of this Notice of Removal will be filed promptly by Evanston with the clerk of the Supreme Court of the State of New York, County of New York, in accordance with 28 U.S.C. §1446(d).

Dated: December 10, 2024                Respectfully submitted,

SKARZYNSKI MARICK & BLACK LLP

BY: _____
Evan Shapiro (NY Bar No. 2189116)
One Battery Park Plaza, 32nd Floor
New York, New York 10004
Telephone: (212) 820-7700
Email: eshapiro@skarzynski.com

*Attorneys for Defendant Evanston Insurance Company*

4913-5401-3956.

5