# EXHIBIT A-2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------- X
JOHN DOE (A PSEUDONYM) and
MARY DOE (A PSEUDONYM),

                                        Plaintiffs,

                    -against-

YAAKOV DAVID KLAR, YESHIVA TZION YOSEF AND
CHAI LIFELINE, INC., CHEDER CHABAD OF MONSEY,
YESHIVTH KEHILATH YAKOV OF MONSEY A/K/A
YESHIVA KEHILATH YAKOV, INC.,

                                        Defendants.
-------------------------------------------------------------- X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiff designates NEW YORK
County as the place of trial.

The basis of venue is:
Defendant's place of business

Defendant resides at:
151 West 30th Street
New York, NY 10001

**To the above-named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the Plaintiff's attorneys within twenty days after the service of this summons,
exclusive of the day of service, where service is made by delivery upon you personally within
the state, or, within 30 days after completion of service where service is made in any other
manner.  In case of your failure to appear or answer, judgment will be taken against you by
default for the relief demanded in the complaint.

Dated: New City, NY
      August 12, 2021


**DARREN J. EPSTEIN, ESQ., P.C.**

**Darren J. Epstein /S**
_____
**DARREN J. EPSTEIN, ESQ.**
254 South Main Street, Suite 406
New City, New York 10956
(845) 634-6800
darren@depsteinesq.com

**KEVIN T. MULHEARN, P.C.**

**Kevin T. Mulhearn /S**
_____
**KEVIN T. MULHEARN, ESQ.**
60 Dutch Hill Road, Suite 6B
Orangeburg, New York 10962
(845) 222-8092
kmulhearn@ktmlaw.net

FILED: NEW YORK COUNTY CLERK 08/18/2021 01:53 PM INDEX NO. 151488/2021
NYSCEF DOC. NO. 3 Case 1:24-cv-09670-VEC Document 3-3 Filed 12/19/24 Page 3 of 77 RECEIVED NYSCEF: 08/18/2021

TO:


YAAKOV DAVID KLAR
27 Dorset Drive
Spring Valley, NY 10977

CHAI LIFELINE WELLNESS CENTER
151 West 30th Street
New York, NY 10001

YESHIVA TZOIN YOSEF (PUPA)
15 Widman Court
Spring Valley, NY 10977
&
P.O. Box 978
Monsey, NY 10952

Yeshivth Kehilath Yakov Of Monsey A/K/A Yeshiva Kehilath Yakov, Inc.
15 Widman Court
Spring Valley, NY 10977
&
P.O. Box 978
Monsey, NY 10952

2

FILED: NEW YORK COUNTY CLERK 12/02/2024 10:57 AM
NYSCEF DOC. NO. 3
INDEX NO. 161011/2024
RECEIVED NYSCEF: 08/18/2021
RECEIVED NYSCEF: 12/02/2024
Case 1:24-cv-09670-VSB    Document 5-3    Filed 12/19/24    Page 4 of 77

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JOHN DOE (A PSEUDONYM) and
MARY DOE (A PSEUDONYM),

           Plaintiffs,    Index No.:
                   Date Purchased:
    -against-

YAAKOV DAVID KLAR, YESHIVA TZION YOSEF  **VERIFIED COMPLAINT**
AND CHAI LIFELINE, INC., CHEDER CHABAD OF
MONSEY, YESHIVTH KEHILATH YAKOV OF
MONSEY A/K/A YESHIVA KEHILATH YAKOV,
INC.,

             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    Plaintiffs, **JOHN DOE** (A PSEUDONYM) **and MARY DOE** (A PSEUDONYM), by

attorneys, DARREN JAY EPSTEIN, ESQ, P.C., and KEVIN T. MULHEARN, P.C.,

complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

1. Upon information and belief, Defendant CHAI LIFELINE, INC., (the Plaintiff

  hereinafter "CHAI LIFELINE"), has no parent corporation and has no publicly held

  corporations that own 10% or more of its stock.

2. Upon information and belief, Defendant YESHIVA TZOIN YOSEF (PUPA), CHEDER

  CHABAD OF MONSEY and YESHIVTH KEHILATH YAKOV OF MONSEY (the

  Plaintiff hereinafter "YESHIVA"), has no parent corporation and has no publicly held

  corporations that own 10% or more of its stock.

3. Upon information and belief, Defendant "CHAI LIFELINE" is a domestic corporation

  organized and existing under and by virtue of the laws of the State of New York with its

3

FILED: New Case 25-CV-00570-VSB Document 3-3 Filed 12/19/24 Page 5 of 77
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 08/18/2021

principal offices located at 151 West 30th Street, New York, NY 10001.

4. Upon information and belief, Defendant "YESHIVA" is a domestic corporation organized and existing under and by virtue of the laws of the State of New York with its principal offices located at 15 Widman Court, Spring Valley, NY 10977.

5. Upon information and belief, Defendant "CHAI LIFELINE" is a domestic not-for-profit corporation organized and existing under and by virtue of the laws of the State of New York with its principal offices located at 151 West 30th Street, New York, NY 10001.

6. Upon information and belief, Defendant "YESHIVA" is a domestic not-for profit corporation organized and existing under and by virtue of the laws of the State of New York with the principal offices of YESHIVTH KEHILATH YAKOV OF MONSEY a/k/a YESHIVA KEHILATH YAHKOV, INC., located at 1402 40th Street, County of Kings, State of New York, and the physical school address for each of the Defendants at 15 Widman Court, Spring Valley, NY 10977.

7. Upon information and belief, Defendant "YESHIVA" is a religious school and organization, organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, Defendant "YESHIVA" owned, operated, managed, maintained and controlled the property/premises of 15 Widman Court and 4 Widman Court, Spring Valley, NY 10977.

9. Upon information and belief, Defendant "YESHIVA" was required to provide security, safety and protection to the children who were present on their premises.

10. Upon information and belief, Defendant "YESHIVA" was a religious school, school, public school, private school, institution, religious institution, and/or facility that provided

4

education, instruction, teachings, tutoring, learning and/or tutoring to children, accordingly, defendant "YESHIVA" had custody, authority, control, guardianship, supervision, care and/or responsibility for these children and were acting "in loco parentis" for each child.

11. Upon information and belief, "CHAI LIFELINE" serves to assist children who have suffered trauma, pain, distress, sorrow and/or grief with therapy, psychological treatment, social work, assistance, and other services to the community.

12. Upon information and belief, Defendant "CHAI LIFELINE" was required to provide security, safety and protection to the children who were present on their property/ premises and who received treatment, assistance and/or therapy.

13. Upon information and belief, defendant "CHAI LIFELINE" had custody, authority, control, guardianship, supervision, care and/or responsibility for these children and were acting "in loco parentis" for each child.

14. Upon information and belief, Defendant YAAKOV DAVID KLAR, is and was a resident of the State of New York.

15. Upon information and belief, Defendant YAAKOV DAVID KLAR resides in the County of Rockland, State of New York. Upon information and belief, Defendant YAAKOV DAVID KLAR has his current residence at 27 Dorset Road, Spring Valley, New York 10977.

16. Upon information and belief, Defendant YAAKOV DAVID KLAR, owns, operates, manages, controls and/or is an officer, executive or member of a licensed practice which treats, assists, supports, handles and/or aids children who have suffered trauma, pain, distress, sorrow and/or grief.

5

17.     Upon information and belief, at the time of the sexual assault and sexual abuse claimed, Defendant YAAKOV DAVID KLAR, had offices and currently still has an office located in Brooklyn, New York.

18.     Upon information and belief, at the time of certain sexual assaults and sexual abuse claimed, Defendant YAAKOV DAVID KLAR, worked for and had offices with "CHAI LIFELINE" in Monsey, New York City and Brooklyn, New York.

19.     Upon information and belief, at the time of certain sexual assaults and sexual abuses claimed, Defendant YAAKOV DAVID KLAR, worked for and had offices at "YESHIVA".

20.     At all times the Plaintiff herein mentioned, Defendant "CHAI LIFELINE" was the owner of a health center known as "CHAI LIFELINE", with its principal place of business located at 151 West 30th Street, New York, NY 10001.   At all times the Plaintiff herein mentioned, defendant "CHAI LIFELINE" operated, managed, and controlled the aforesaid School or facility/health center, it's therapists, teacher, contractors, sub-contractors, social workers, assistants, aides and/or employees.

21.     At all times the Plaintiff herein mentioned, Defendant "CHAI LIFELINE" was the owner of a school or facility as well as property and/or homes located in Brooklyn, New York City and Monsey, New York as well as in Bergen County, New Jersey where children were given assistance, treatment, care and support.

22.     At all times the Plaintiff herein mentioned all the Rabbi's, people with a Master of Social Work, licensed clinical social workers, psychotherapists, counselors, mental health crisis response team, nurses, assistants, teacher, principals, other personnel involved in the diagnosis,

6

assistance, care, and treatment of the plaintiff in, "CHAI LIFELINE", were agents, servants and/or employees of defendant "CHAI LIFELINE".

23.    At all times the Plaintiff herein mentioned all the Rabbis, people with a Master of Social Work, licensed clinical social workers, social workers, psychotherapists, counselors, mental health crisis response team, assistants, teacher, principals, and other personnel involved in the teaching, education, instruction, assistance, care, and schooling of the plaintiff in, "YESHIVA", were agents, servants and/or employees of Defendant "YESHIVA".

24.    Upon information and belief, Defendant YAAKOV DAVID KLAR, is a Licensed Clinical Social Worker in the State of New York.

25.    At all times the Plaintiff herein mentioned, Defendant YAAKOV DAVID KLAR, is a social worker duly licensed to practice in the State of New York.

26.    At all times the Plaintiff herein mentioned, Defendant YAAKOV DAVID KLAR, had a Master of Social Work and was licensed to practice in the State of New York.

27.    At all times the Plaintiff herein mentioned, Defendant YAAKOV DAVID KLAR, provided assistance, counseling, social work, help, care, education, instruction, teachings, tutoring, learning and/or tutoring to children, accordingly, Defendant YAAKOV DAVID KLAR while working for "YESHIVA" had custody, authority, control, guardianship, supervision, care and/or responsibility for these children and both YAAKOV DAVID KLAR and "YESHIVA" were acting "in loco parentis" for each child.

28.    At all times the Plaintiff herein mentioned, Defendant YAAKOV DAVID KLAR, provided assistance, counseling, social work, help, care, education, instruction, teachings, tutoring, learning and/or tutoring to children, accordingly, defendant YAKOV DAVID KLAR

7

while working for "CHAI LIFELINE" had custody, authority, control, guardianship, supervision, care and/or responsibility for these children and both YAAKOV DAVID KLAR and "YESHIVA" were acting "in loco parentis" for each child. At all times the Plaintiff herein mentioned Defendant YAAKOV DAVID KLAR, was an agent servant or employee of Defendant CHAI LIFELINE.

29. At all times the Plaintiff herein mentioned Defendant YAAKOV DAVID KLAR, was a counselor, social worker, care giver, assistant, teacher and/or employee, subcontractor, contractor, or member of the staff of Defendant CHAI LIFELINE.

30. At all times the Plaintiff herein mentioned Defendant YAAKOV DAVID KLAR, provided assistance, counseling, social work, help, care, education, instruction, teachings, tutoring, learning and/or tutoring to children and/or was a principal, teacher, assistant, counselor, and/or educator for Defendant "YESHIVA".

31. Prior to April 2008, Defendant "CHAI LIFELINE", their agents, servants and/or employees, hired, employed, credentialed and/or enlisted Defendant YAAKOV DAVID KLAR, to render assistance, care, education, psychotherapy, medication management, therapy, social work, substance abuse counseling, counseling, family counseling, couple therapy and/or other forms of treatment and care to their children.

32. Plaintiff, JOHN DOE, is a resident of the County of ORANGE, State of New York.

33. Plaintiff, MARY DOE, is a resident of the County of ORANGE, State of New York.

8

34. At all times the Plaintiff herein mentioned, Defendant YAAKOV DAVID KLAR was a sexual predator.

35. YAAKOV DAVID KLAR sexually assaulted children on the premises of Defendant "CHAI LIFELINE".

36. YAAKOV DAVID KLAR sexually assaulted children on the premises of Defendant "YESHIVA".

37. Defendant "CHAI LIFELINE" did not have policies or procedures in place to protect children from being sexually assaulted by Defendant YAAKOV DAVID KLAR.

38. Defendant "YESHIVA" did not have policies or procedures in place to protect children from being sexually assaulted by Defendant YAAKOV DAVID KLAR.

39. School or facility personnel, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servant, or administrators, of defendants "CHAI LIFELINE" knew that Defendant YAAKOV DAVID KLAR was sexually assaulting children on their premises.

40. School or facility personnel, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servant, or administrators, of defendants "YESHIVA" knew that Defendant YAAKOV DAVID KLAR was sexually assaulting children on their premises.

41. Defendant "CHAI LIFELINE" created an environment which caused School or facility personnel, psychotherapists, therapists, social workers, substance abuse counselors, counselors

9

FILED: NEW YORK COUNTY CLERK 12/02/2024 10:56 PM     INDEX NO. 161011/2024
NYSCEF DOC. NO. 3
Case 1:24-cv-09870-VSB    Document S-3    Filed 12/19/24    Page 11 of 77
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 12/18/2024

and/or other employees, agents, servants, or administrators, to not report the sexual assaults being committed by Defendant YAAKOV DAVID KLAR for fear of reprisals.

42. Defendant "YESHIVA" created an environment which caused School or facility personnel, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servant, or administrators, to not report the sexual assaults being committed by Defendant YAAKOV DAVID KLAR for fear of reprisals.

43. School or facility personnel, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servant, or administrators at defendant "CHAI LIFELINE" have known that Defendant YAAKOV DAVID KLAR is a sexual predator who has sexually assaulted children on their premises.

44. School or facility personnel, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servant, or administrators at defendant "YESHIVA" have known that Defendant YAAKOV DAVID KLAR is a sexual predator who has sexually assaulted children on their premises.

45. School or facility personnel, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servants, or administrators at defendant "CHAIR LIFELINE" facilitated Defendant YAAKOV DAVID KLAR in the sexual assaults he was committing on the premises of "CHAI LIFELINE".

46. School or facility personnel, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servants, or administrators at defendant

10

"YESHIVA" facilitated Defendant YAAKOV DAVID KLAR in the sexual assaults he was committing on the premises of "CHAI LIFELINE".

47. Defendant "CHAI LIFELINE" failed to act or levy penalties against Defendant YAAKOV DAVID KLAR for the sexual assaults he has committed on their premises.

48. Defendant "YESHIVA" failed to act or levy penalties against Defendant YAAKOV DAVID KLAR for the sexual assaults he has committed on their premises.

49. Defendant "CHAI LIFELINE" failed to undertake a meaningful investigation to ascertain the facts and circumstances that allowed the sexual assaults to be committed by Defendant YAAKOV DAVID KLAR upon their premises.

50. Defendant "YESHIVA" failed to undertake a meaningful investigation to ascertain the facts and circumstances that allowed the sexual assaults to be committed by Defendant YAAKOV DAVID KLAR upon their premises.

51. Defendant "CHAI LIFELINE" approved payments to Defendant YAAKOV DAVID KLAR for purported work after he committed sexual assaults of children.

52. Defendant "YESHIVA" approved payments to Defendant YAAKOV DAVID KLAR for purported work after he committed sexual assaults of children.

53. Defendant "CHAI LIFELINE" knew or should have known that Defendant YAAKOV DAVID KLAR was sexually assaulting children during treatment sessions of children on the premises of Defendant "CHAI LIFELINE".

11

54. Defendant "YESHIVA" knew or should have known that Defendant YAAKOV DAVID KLAR was sexually assaulting children during treatment sessions of children on the premises of Defendant "YESHIVA".

55. Defendant "CHAI LIFELINE" knew or should have known that Defendant YAAKOV DAVID KLAR was taking children from the premises of "CHAI LIFELINE" to other locations and sexually assaulting the children while they were still children of "CHAI LIFELINE".

56. Defendant "YESHIVA" knew or should have known that Defendant YAAKOV DAVID KLAR was taking children from the premises of "YESHIVA" to other locations and sexually assaulting the children while they were still children of "CHAI LIFELINE".

57. Defendant "CHAI LIFELINE" knew or should have known that Defendant YAAKOV DAVID KLAR was negligently, carelessly, recklessly and/or wrongfully taking children to their facilities against the children's best interest for his own gratification.  Defendant "CHAI LIFELINE" failed to notify any children about the negligent, reckless, careless and/or wrongful conduct of Defendant YAAKOV DAVID KLAR after they had knowledge of his propensity to commit unlawful sexual abuse on children.

58. Defendant "CHAI LIFELINE" failed to notify any children that had treatment, assistance, counseling, and/or contact with Defendant YAAKOV DAVID KLAR that he was sexually assaulting other children of "CHAI LIFELINE" while a partner, owner, agent, servant, therapist, social worker, teacher, assistant, counselor, and/or employee of "CHAI LIFELINE".

12

59. Defendant "YESHIVA" failed to notify any children that had treatment, assistance, counseling, and/or contact with Defendant YAAKOV DAVID KLAR that he was sexually assaulting other children of "YESHIVA" while a partner, owner, agent, servant, therapist, social worker, teacher, assistant, counselor, and/or employee of "YESHIVA".

60. Defendant "CHAI LIFELINE", their agents, servants, and/or employees, failed to monitor and supervise the actions of Defendant YAAKOV DAVID KLAR which enabled the sexual assaults to take place.

61. Defendant "YESHIVA", their agents, servants, and/or employees, failed to monitor and supervise the actions of Defendant YAAKOV DAVID KLAR which enabled the sexual assaults to take place.

62. Defendant "CHAI LIFELINE", their agents, servants, and/or employees, failed to act upon information and facts that Defendant YAAKOV DAVID KLAR had sexually assaulted children on their premises.

63. Defendant "YESHIVA", their agents, servants, and/or employees, failed to act upon information and facts that Defendant YAAKOV DAVID KLAR had sexually assaulted children on their premises.

64. Defendant "CHAI LIFELINE", their agents, servants, and/or employees, failed to act upon information and facts that Defendant YAAKOV DAVID KLAR had sexually abused children off their premises.

13

FILED: NEW YORK COUNTY CLERK 08/18/2021 04:36 PM INDEX NO. 951468/2021
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 08/18/2021

65. Defendant "YESHIVA", their agents, servants, and/or employees, failed to act upon information and facts that Defendant YAAKOV DAVID KLAR had sexually abused children off their premises.

66. Defendant "CHAI LIFELINE" permitted Defendant YAAKOV DAVID KLAR to collect insurance income despite the fact that he is a sexual predator - as a result of him having sexually assaulted children on the premises of defendant "CHAI LIFELINE".

67. Defendant "YESHIVA" permitted Defendant YAAKOV DAVID KLAR to collect income despite the fact that he is a sexual predator - as a result of him having sexually assaulted children off the premises of defendant "CHAI LIFELINE".

68. Defendant "CHAI LIFELINE" enabled Defendant YAAKOV DAVID KLAR to collect private income despite the fact that he is a sexual predator - as a result of him having sexually assaulted children on or off the premises of defendant "CHAI LIFELINE".

69. Defendant "YESHIVA" enabled Defendant YAAKOV DAVID KLAR to collect private income despite the fact that he is a sexual predator - as a result of him having sexually assaulted children on or off the premises of defendant "YESHIVA".

70. Defendant "CHAI LIFELINE" entered a secret arrangement with Defendant YAAKOV DAVID KLAR in exchange for his leaving "CHAI LIFELINE" as a result of his sexual assault of multiple children.

71. Defendant "YESHIVA" entered a secret arrangement with Defendant YAAKOV DAVID KLAR in exchange for his leaving "YESHIVA" as a result of his sexual assault of multiple children.

14

Case 1:24-cv-09670-VSB    Document 5-3    Filed 12/19/24    Page 16 of 77    08/18/2021

72. There has been no disciplinary action by Defendant "CHAI LIFELINE" against defendant YAAKOV DAVID KLAR.

73. There has been no disciplinary action by Defendant "YESHIVA" against defendant YAAKOV DAVID KLAR.

74. There has been no disciplinary action by Defendant "CHAI LIFELINE" against any of the schools or facility personnel, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servant, and/or assistants and administrators who enabled Defendant YAAKOV DAVID KLAR to sexually assault children on their premises.

75. There has been no disciplinary action by Defendant "YESHIVA" against any of the schools or facility personnel, teacher, principals, assistants, educators, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servant, or assistants and administrators who enabled Defendant YAAKOV DAVID KLAR to sexually assault children on their premises.

76. Defendant "CHAI LIFELINE" took no disciplinary action against Defendant YAAKOV DAVID KLAR, from the first time that YAAKOV DAVID KLAR first obtained privileges with the named "CHAI LIFELINE" through the present.

77. Defendant "YESHIVA" took no disciplinary action against Defendant YAAKOV DAVID KLAR, from the first time that YAAKOV DAVID KLAR first obtained privileges with the named "YESHIVA" through the present.

15

FILED: NEW YORK COUNTY CLERK 08/18/2021    INDEX NO. 951468/2021
NYSCEF DOC. NO. 1                           Page 17 of 77
                                            RECEIVED NYSCEF: 08/18/2021

78. Defendant "CHAI LIFELINE" took no disciplinary action against Defendant YAAKOV DAVID KLAR between the date he started working at "CHAI LIFELINE" to the present

79. Defendant "YESHIVA" took no disciplinary action against Defendant YAAKOV DAVID KLAR between the date he started working at "YESHIVA" to the present.

80. Upon information and belief, prior and during the time that Plaintiff was a student, camper, pupil, schoolchild, counselor, assistant, patient, client, victim, abuse victim, and/or therapy patient, Defendant "CHAI LIFELINE", their agents, servants, and/or employees, were aware of complaints that Defendant YAAKOV DAVID KLAR had sexually assaulted children upon the premises of Defendant "CHAI LIFELINE".

81. Upon information and belief, prior and during the time that Plaintiff was a student, pupil, schoolchild, patient, client, victim, abuse victim, and/or therapy patient, Defendant "YESHIVA", their agents, servants, and/or employees, were aware of complaints that Defendant YAAKOV DAVID KLAR had sexually assaulted children upon the premises of Defendant "YESHIVA".

82. Defendant "CHAI LIFELINE", their agents, servants, and/or employees knew or should have known that Defendant YAAKOV DAVID KLAR had sexually assaulted children upon their premises prior to 2008.

83. Defendant "YESHIVA", their agents, servants, and/or employees knew or should have known that Defendant YAAKOV DAVID KLAR had sexually assaulted children upon their premises prior to 2004.

16

84. Defendant "YESHIVA", their agents, servants, and/or employees, observed Defendant YAAKOV DAVID KLAR sexually assaulting children prior to 2004.

85. Defendant "CHAI LIFELINE", their agents, servants, and/or employees, were informed and/or aware of sexual assaults being committed by Defendant YAAKOV DAVID KLAR and failed to protect children from further sexual assaults and sexual abuse.

86. Defendant "YESHIVA", their agents, servants, and/or employees, were informed and/or aware of sexual assaults being committed by Defendant YAAKOV DAVID KLAR and failed to protect children from further sexual assaults and sexual abuse.

87. Defendant "CHAI LIFELINE", their agents, servants, and/or employees, knew or should have known of sexual assaults being committed by Defendant YAAKOV DAVID KLAR and failed to protect children from further sexual assaults and/or sexual abuse.

88. Defendant "YESHIVA", their agents, servants, and/or employees, knew or should have known of sexual assaults being committed by Defendant YAAKOV DAVID KLAR and failed to protect children from further sexual assaults and/or sexual abuse.

89. Defendant "CHAI LIFELINE", their agents, servants, and/or employees reported to other defendant "CHAI LIFELINE" personnel that Defendant YAAKOV DAVID KLAR was sexually assaulting children prior to the assault of the Plaintiff.

90. Defendant "YESHIVA", their agents, servants, and/or employees reported to other defendant "YESHIVA" personnel that Defendant YAAKOV DAVID KLAR was sexually assaulting children prior to the assault of the Plaintiff.

17

FILED: NEW YORK COUNTY CLERK 12/02/2024 10:57 AM INDEX NO. 161011/2024
FILED: NEW YORK COUNTY CLERK 08/18/2021 09:42 AM INDEX NO. 951468/2021
NYSCEF DOC. NO. 1
NYSCEF DOC. NO. 3 Page 19 of 77
RECEIVED NYSCEF: 08/18/2021
RECEIVED NYSCEF: 12/02/2024

91. Defendant "CHAI LIFELINE", their agents, servants, and/or employees had received complaints by children who had been sexually assaulted and sexually abused by YAAKOV DAVID KLAR prior to the assault of the Plaintiff.

92. Defendant "YESHIVA", their agents, servants, and/or employees had received complaints by children who had been sexually assaulted and sexually abused by YAAKOV DAVID KLAR prior to the assault of the Plaintiff.

93. Defendant "CHAI LIFELINE", their agents, servants, and/or employees took no action on the information and knowledge they had concerning children being sexually abused and sexually assaulted by YAAKOV DAVID KLAR prior to the assault of the Plaintiff.

94. Defendant "YESHIVA", their agents, servants, and/or employees took no action on the information and knowledge they had concerning children being sexually abused and sexually assaulted by YAAKOV DAVID KLAR prior to the assault of the Plaintiff.

95. Defendant "CHAI LIFELINE", their agents, servants, and/or employees have taken no action on the information and knowledge they have about children being sexually assaulted and sexually abused by YAAKOV DAVID KLAR prior to the assault of the Plaintiff.

96. Defendant "YESHIVA", their agents, servants, and/or employees have taken no action on the information and knowledge they have about children being sexually assaulted and sexually abused by YAAKOV DAVID KLAR prior to the assault of the Plaintiff.

97. Defendant "CHAI LIFELINE", their agents, servants, and/or employees have taken no action on the information and knowledge they have about children being sexually assaulted and sexually

18

abused by YAAKOV DAVID KLAR since the Defendant was fired, removed from the staff, "let go", laid off, replaced and/or dismissed from his position with the "CHAI LIFELINE".

98. Defendant "YESHIVA", their agents, servants, and/or employees have taken no action on the information and knowledge they have about children being sexually assaulted and sexually abused by YAAKOV DAVID KLAR since the Defendant was fired, removed from the staff, "let go", laid off, replaced and/or dismissed from his position with the "YESHIVA".

99. Defendant "CHAI LIFELINE", their agents, servants, and/or employees have a legal, professional and/or ethical duty to report all suspicions of sexual assaults by psychotherapists, therapists, social workers, substance abuse counselors, counselors, assistants and/or other employees, agents, servant, or administrators to Criminal Authorities.

100.      Defendant "YESHIVA", their agents, servants, and/or employees have a legal, professional and/or ethical duty to report all suspicions of sexual assaults by teacher, educators, tutors, principals, assistants, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servant, or administrators to Criminal Authorities.

101.      Defendant "CHAI LIFELINE", their agents, servants, and/or employees have a legal, professional and/or ethical duty to report all suspicions of sexual assaults by psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servant, or administrators to Defendant "CHAI LIFELINE'" supervisors.

19

FILED: NEW YORK COUNTY CLERK 08/18/2021 01:06 PM
INDEX NO. 951468/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/18/2021

102.    Defendant "YESHIVA", their agents, servants, and/or employees have a legal, professional and/or ethical duty to report all suspicions of sexual assaults by psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servant, or administrators to Defendant "YESHIVA" supervisors.

103.    Defendant "CHAI LIFELINE", their agents, servants, and/or employees have a legal, professional and/or ethical duty to report all suspicions of sexual assaults by psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servant, or administrators to both Criminal Authorities and Defendant "CHAI LIFELINE" supervisors.

104.    Defendant "YESHIVA", their agents, servants, and/or employees have a legal, professional and/or ethical duty to report all suspicions of sexual assaults by teacher, educators, assistants, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servants, or administrators to both Criminal Authorities and Defendant "YESHIVA" supervisors.

105.    Defendant "CHAI LIFELINE" should encourage all psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servants, or administrators, to immediately report all suspected sexual assaults to "CHAI LIFELINE", the Administration as well as to Criminal Authorities.

106.    Defendant "YESHIVA" should encourage all teacher, educators, assistants, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other

20

Case 1:24-cv-09670-VSB    Document 5-3    Filed 12/19/24    Page 22 of 77

employees, agents, servants, or administrators, to immediately report all suspected sexual assaults to "YESHIVA", the Administration as well as to Criminal Authorities.

107.        Defendant "CHAI LIFELINE" created an environment which discouraged reporting psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servant, or administrators to Administrators and Criminal Authorities - even where psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servants, or administrators were sexually assaulting children.

108.        Defendant "YESHIVA" created an environment which discouraged reporting teacher, educators, assistants, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servant, or administrators to Administrators and Criminal Authorities - even where teachers, assistants, educators, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servants, or administrators were sexually assaulting children.

109.        Defendant "CHAI LIFELINE", their agents, servants, and/or employees never reported YAAKOV DAVID KLAR to any Administrators or anyone for having sexually assaulted children.

110.        Defendant "YESHIVA", their agents, servants, and/or employees never reported YAAKOV DAVID KLAR to any Administrators or anyone for having sexually assaulted children.

21

FILED: NEW YORK COUNTY CLERK 08/18/2021 01:06 PM
INDEX NO. 951468/2021
NYSCEF DOC. NO. 1
Page 23 of 77
RECEIVED NYSCEF: 08/18/2021

111.     Defendant "CHAI LIFELINE", their agents, servants, and/or employees did not report YAAKOV DAVID KLAR to Administrators for having sexually assaulted children.

112.     Defendant "YESHIVA", their agents, servants, and/or employees did not report YAAKOV DAVID KLAR to Administrators for having sexually assaulted children.

113.     Defendant "CHAI LIFELINE", their agents, servants, and/or employees never took any disciplinary action against YAAKOV DAVID KLAR for having sexually assaulted children.

114.     Defendant "YESHIVA", their agents, servants, and/or employees never took any disciplinary action against YAAKOV DAVID KLAR for having sexually assaulted children.

115.     Defendant "CHAI LIFELINE", their agents, servants, and/or employees continue to allow YAAKOV DAVID KLAR the ability to be around children even though they know or should have known that he was sexually assaulting children.

116.     Defendant "YESHIVA", their agents, servants, and/or employees continue to allow YAAKOV DAVID KLAR the ability to be around children even though they know or should have known that he was sexually assaulting children.

117.     Defendant "CHAI LIFELINE", their agents, servants, and/or employees have a duty to timely and properly monitor and/or supervise their school or facility personnel, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servant, or administrators including YAAKOV DAVID KLAR, to ensure that children are not being sexually assaulted.

22

118.     Defendant "YESHIVA", their agents, servants, and/or employees have a duty to timely and properly monitor and/or supervise their school or facility teacher, educators, assistants, personnel, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servant, or administrators including YAAKOV DAVID KLAR, to ensure that children are not being sexually assaulted.

119.     Defendant "CHAI LIFELINE", their agents, servants, and/or employees failed to timely and properly monitor and/or supervise their School or facility personnel, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servant, or administrators including YAAKOV DAVID KLAR, to ensure that children are not being sexually assaulted.

120.     Defendant "YESHIVA", their agents, servants, and/or employees failed to timely and properly monitor and/or supervise their School or facility personnel, teacher, educators, assistants, psychotherapists, therapists, social workers, substance abuse counselors, counselors and/or other employees, agents, servant, or administrators including YAAKOV DAVID KLAR, to ensure that children are not being sexually assaulted.

121.     Defendant "CHAI LIFELINE", their agents, servants, and/or employees never reported YAAKOV DAVID KLAR to any Criminal Authorities.

122.     Defendant "YESHIVA", their agents, servants, and/or employees never reported YAAKOV DAVID KLAR to any Criminal Authorities.

23

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:56 PM
INDEX NO. 951468/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/18/2021
Page 25 of 77

123.    Defendant "CHAI LIFELINE", their agents, servants, and/or employees allowed YAAKOV DAVID KLAR to continue to work as a psychotherapist, therapist, social worker, substance abuse counselor, counselor and/or other employee, agent, servant, or administrator upon their premises after he sexually assaulted children.

124.    Defendant "YESHIVA", their agents, servants, and/or employees allowed YAAKOV DAVID KLAR to continue to work as a teacher, educator, assistant, psychotherapist, therapist, social worker, substance abuse counselor, counselor and/or other employee, agent, servant, or administrator upon their premises after he sexually assaulted children.

125.    Defendant "CHAI LIFELINE", their agents, servants, and/or employees allowed YAAKOV DAVID KLAR to continue to work as a psychotherapist, therapist, social worker, substance abuse counselor, counselor and/or other employees, agents, servant, or administrators upon their premises after they knew or should have known that he sexually assaulted children.

126.    Defendant "YESHIVA", their agents, servants, and/or employees allowed YAAKOV DAVID KLAR to continue to work as a teacher, educator, assistant, psychotherapist, therapist, social worker, substance abuse counselor, counselor and/or other employees, agents, servant, or administrators upon their premises after they knew or should have known that he sexually assaulted children.

127.    Defendant "CHAI LIFELINE", their agents, servants, and/or employees failed to protect their children from further sexual assaults and sexual abuse by YAAKOV DAVID KLAR.

24

128.     Defendant "YESHIVA", their agents, servants, and/or employees failed to protect their children from further sexual assaults and sexual abuse by YAAKOV DAVID KLAR.

129.     Defendant "CHAI LIFELINE", their agents, servants, and/or employees failed to conduct timely and proper investigations into the allegations that YAAKOV DAVID KLAR had sexually assaulted children.

130.     Defendant "YESHIVA", their agents, servants, and/or employees failed to conduct timely and proper investigations into the allegations that YAAKOV DAVID KLAR had sexually assaulted children.

131.     Defendant YAAKOV DAVID KLAR has betrayed a position of respect and trust by committing criminal sexual assaults on children.

132.     Defendant "CHAI LIFELINE" has betrayed a position of respect and trust by permitting Defendant YAAKOV DAVID KLAR to commit criminal sexual assaults on children upon their premises.

133.     Defendant "YESHIVA" has betrayed a position of respect and trust by permitting Defendant YAAKOV DAVID KLAR to commit criminal sexual assaults on children upon their premises.

134.     Upon information and belief, Defendant "CHAI LIFELINE" has long known that YAAKOV DAVID KLAR was a sexual predator, but instead of terminating YAAKOV DAVID KLAR's employment and reporting him to Criminal Authorities, the Defendant "CHAI LIFELINE", their agents, servants, and/or employees instead chose to ignore or simply move

25

defendant YAAKOV DAVID KLAR to other facilities at other locations within Defendant "CHAI LIFELINE" control wherehe continued to sexually assault other children.

135.     Upon information and belief, Defendant "YESHIVA" has long known that YAAKOV DAVID KLAR was a sexual predator, but instead of terminating YAAKOV DAVID KLAR's employment and reporting him to Criminal Authorities, the Defendant "YESHIVA", their agents, servants, and/or employees instead chose to ignore the allegations against Defendant YAAKOV DAVID KLAR and allowed him to be employed at other facilities at other locations within Defendant "YESHIVA" control wherehe continued to sexually assault other children.

136.     Defendant "CHAI LIFELINE", their agents, servants, and/or employees have violated a sacrosanct relationship of Trust by failing to protect children from being sexually assaulted by Defendant YAAKOV DAVID KLAR.

137.     Defendant "YESHIVA", their agents, servants, and/or employees have violated a sacrosanct relationship of Trust by failing to protect children from being sexually assaulted by Defendant YAAKOV DAVID KLAR.

138.     By tolerating the sexual misconduct of YAAKOV DAVID KLAR, Defendant "CHAI LIFELINE", their agents, servants, and/or employees have completely violated the sacrosanct relationship of trust by placing their children in the way of harm and being sexually assaulted by Defendant YAAKOV DAVID KLAR.

139.     By tolerating the sexual misconduct of YAAKOV DAVID KLAR, Defendant "YESHIVA", their agents, servants, and/or employees have completely violated the sacrosanct

26

Case 1:24-cv-09670-VSB    Document 5-3    Filed 12/19/24    Page 28 of 77

relationship of trust by placing their children in the way of harm and being sexually assaulted by Defendant YAAKOV DAVID KLAR.

140.      Defendant YAAKOV DAVID KLAR has violated a sacrosanct relationship of trust by sexually assaulting children.

141.      Defendant "CHAI LIFELINE", their agents, servants, and/or employees were informed and/or aware of the sexual assaults being committed by YAAKOV DAVID KLAR and failed to protect their children from further sexual assaults and sexual abuse.

142.      Defendant "CHAI LIFELINE", their agents, servants, and/or employees were informed and/or aware of the sexual assaults being committed by YAAKOV DAVID KLAR and failed to protect their children and children of YAAKOV DAVID KLAR from further sexual assaults and sexual abuse.

143.      Defendant "CHAI LIFELINE" their agents, servant, and/or employees failed to inform their children, the children of YAAKOV DAVID KLAR and/or any of their past children that YAAKOV DAVID KLAR sexually assaulted children in order to avoid further sexual assaults and sexual abuse of other children.

144.      Defendant "CHAI LIFELINE" their agents, servant, and/or employees failed to take any steps to inform their children, the children of YAAKOV DAVID KLAR and/or any of their past children that YAAKOV DAVID KLAR sexually assaulted children in order to avoid further sexual assaults and sexual abuse of other children.

27

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:56 PM
INDEX NO. 951468/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/18/2021

145.     Defendant "CHAI LIFELINE" their agents, servant, and/or employees failed to prevent their children, the children of YAAKOV DAVID KLAR and/or any of their past children from treating with YAAKOV DAVID KLAR after they had knowledge or should have had knowledge that he sexually assaulted children, in order to avoid further sexual assaults and sexual abuse of other children.

146.     Defendant "CHAI LIFELINE" their agents, servant, and/or employees failed to inform any criminal authorities that YAAKOV DAVID KLAR sexually assaulted and/or sexually abused the children of YAAKOV DAVID KLAR in order to protect the children and/or any of their past children that YAAKOV DAVID KLAR sexually assaulted children, in order to avoid further sexual assaults and sexual abuse of other children.

147.     Defendant "YESHIVA" their agents, servant, and/or employees failed to inform any criminal authorities that YAAKOV DAVID KLAR sexually assaulted and/or sexually abused the children of YAAKOV DAVID KLAR in order to protect the children and/or any of their past children that YAAKOV DAVID KLAR sexually assaulted children, in order to avoid further sexual assaults and sexual abuse of other children.

148.     Defendant YAAKOV DAVID KLAR is guilty of committing a Criminal Sexual Act in the Third Degree upon a patient in violation of P.L. § 130.40(1).

149.     Defendant YAAKOV DAVID KLAR engaged in Physical Sexual Contact with an Individual who was incapable of consent by reasons of some factor other than being less than seventeen years old in violation of P.L. § 130.40(1).

28

150.     Defendant YAAKOV DAVID KLAR engaged in Physical Sexual Contact with a patient in violation of P.L. § 130.40(1).

151.     Defendant YAAKOV DAVID KLAR is guilty of the Crime of Forcibly Touching of the Plaintiff in violation of P.L. § 130.52.

152.     Defendant YAAKOV DAVID KLAR, while working for all of or individually, the Defendants, on the Defendants premises intentionally and for no legitimate purpose forcibly touched the sexual and other intimate parts of the Plaintiff starting in 2002 and it continued for several years, thereafter, for the purpose of degrading and abusing the Plaintiff and for the purpose of gratifying his sexual desire.

153.     Defendant YAAKOV DAVID KLAR Forcibly Touched the Plaintiff in violation of P.L. § 130.52.

154.     The Plaintiff had serious mental health issues when the Plaintiff was under the supervision, custody, care and treatment of Defendants, their agents, servants, and/or employees.

155.     Defendant YAAKOV DAVID KLAR was fully aware that the Plaintiff had serious mental health issues while the Plaintiff was under his care and treatment.

156.     Defendant "CHAI LIFELINE" was fully aware that the Plaintiff had serious mental health issues while the Plaintiff was under their care and treatment.

157.     Defendant "YESHIVA" was fully aware that the Plaintiff had serious mental health issues while the Plaintiff was under their care and treatment.

29

158.     Defendant YAAKOV DAVID KLAR forcibly touched the sexual and other intimate parts of the Plaintiff for the purpose of degrading and abusing the Plaintiff and for the purpose of gratifying his sexual desire, despite his full knowledge and awareness that the Plaintiff had serious mental health issues.

159.     Despite Defendant YAAKOV DAVID KLAR's full knowledge and awareness that the Plaintiff had serious mental health issues, YAAKOV DAVID KLAR criminally sexually assaulted the Plaintiff, and exposed the Plaintiff and other children and personnel to an increased risk of harm, all in a wanton and reckless disregard of the child's, students, and/or patients' safety.

160.     After the Plaintiff became a patient of Defendant YAAKOV DAVID KLAR, the Plaintiff was sexually assaulted on almost every occasion the Plaintiff was alone with him or received treatment by Defendant YAAKOV DAVID KLAR.

161.     After the Plaintiff was a student of Defendant YAAKOV DAVID KLAR, the Plaintiff was sexually assaulted on almost every occasion the Plaintiff was alone with him or was used as a student assistant by Defendant YAAKOV DAVID KLAR.

162.     Upon information and belief, Defendant "CHAI LIFELINE" was aware of Defendant YAAKOV DAVID KLAR's criminal and outrageous behavior prior to the sexual assaults on the Plaintiff.

30

Case 1:24-cv-09670-VSB    Document 5-3    Filed 12/19/24    Page 32 of 77

163.     Upon information and belief, Defendant "YESHIVA" was aware of defendant YAAKOV DAVID KLAR's criminal and outrageous behavior prior to the sexual assaults on the Plaintiff.

164.     Upon information and belief, Defendant "CHAI LIFELINE" chose to turn their backs on the children who have been sexually abused and sexually assaulted by Defendant YAAKOV DAVID KLAR and/or other agents, servants, administrators, executives, therapists, psychotherapists, nurses, social workers and/or employees.

165.     Upon information and belief, Defendant "YESHIVA" chose to turn their backs on the children who have been sexually abused and sexually assaulted by Defendant YAAKOV DAVID KLAR and/or other agents, servants, administrators, executives, teachers, educators, assistants, therapists, psychotherapists, nurses, social workers and/or employees.

166.     Defendant "CHAI LIFELINE", their agents, servants, and/or employees have failed to report instances of sexual misconduct and sexual abuse committed by Defendant YAAKOV DAVID KLAR and/or other agents, servants, administrators, executives, therapists, psychotherapists, nurses, social workers and/or employees.

167.     Defendant "YESHIVA", their agents, servants, and/or employees have failed to report instances of sexual misconduct and sexual abuse committed by Defendant YAAKOV DAVID KLAR and/or other agents, servants, administrators, executives, therapists, teachers, educators, assistants, psychotherapists, social workers and/or employees.

31

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:56 PM
INDEX NO. 951468/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/18/2021

168.     Defendant "CHAI LIFELINE", their agents, servants, and/or employees have failed

to act on instances of sexual misconduct and sexual abuse committed by Defendant YAAKOV

DAVID KLAR and/or other agents, servants, administrators, executives, therapists,

psychotherapists, nurses, social workers and/or employees.

169.     Defendant "YESHIVA", their agents, servants, and/or employees have failed to act

on instances of sexual misconduct and sexual abuse committed by Defendant YAAKOV DAVID

KLAR and/or other agents, servants, administrators, executives, teachers, educators, assistants,

therapists, psychotherapists, nurses, social workers and/or employees.

170.     Defendant "CHAI LIFELINE" took no disciplinary action against Defendant

YAAKOV DAVID KLAR and/or other agents, servants, administrators, executives, therapists,

psychotherapists, nurses, social workers and/or employees as a result of the sexual assaults and

sexual abuse committed on their premises, with their knowledge, under circumstances that they

should have known and/or due to their failure to advised their children, past children, criminal

authorities, state authorities, federal authorities and/or anyone that was required to be informed

about the sexual assault and sexual abuse of children.

171.     Defendant "YESHIVA" took no disciplinary action against Defendant YAAKOV

DAVID KLAR and/or other agents, servants, administrators, executives, teachers, educators,

assistants, therapists, psychotherapists, nurses, social workers and/or employees as a result of the

sexual assaults and sexual abuse committed on their premises, with their knowledge, under

circumstances that they should have known and/or due to their failure to advised their children,

32

past children, criminal authorities, state authorities, federal authorities and/or anyone that was required to be informed about the sexual assault and sexual abuse of children.

172.          Defendant "CHAI LIFELINE" made no effort to right the wrongs that have been committed upon their premises with regard to the within individually named Plaintiff.

173.          Defendant "YESHIVA" made no effort to right the wrongs that have been committed upon their premises with regard to the within individually named Plaintiff.

174.          Defendant "CHAI LIFELINE" refuses to take responsibility for the sexual abuse their children have endured as a result of the complicity of their agents, servants and/or employees who failed to report, terminate and/or take any disciplinary or legal action against YAAKOV DAVID KLAR and/or other agents, servants, administrators, executives, counselors, therapists, psychotherapists, nurses, social workers and/or employees.

175.          Defendant "YESHIVA" refuses to take responsibility for the sexual abuse their children have endured as a result of the complicity of their agents, servants and/or employees who failed to report, terminate and/or take any disciplinary or legal action against YAAKOV DAVID KLAR and/or other agents, servants, administrators, executives, teachers, educators, assistants, therapists, psychotherapists, nurses, social workers and/or employees.

176.          Defendant YAAKOV DAVID KLAR violated the standard of care with regard to the care and treatment rendered to the Plaintiff.

177.          Defendant "CHAI LIFELINE" violated the standard of care with regard to the care and treatment rendered to the Plaintiff.

33

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:56 PM INDEX NO. 77951468/2021
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 08/18/2021

178.     Defendant "YESHIVA" violated the standard of care with regard to the guardianship, custody, supervision, care and treatment rendered to the Plaintiff.

179.     All Defendants have violated the oath to protect these children, including the Plaintiff, when they are under their guardianship, custody, supervision, care, and treatment when they failed to protect the Plaintiff from being sexually assaulted and/or sexually abused by Defendant YAAKOV DAVID KLAR.

180.     All Defendants have violated the oath to act as a when they failed to notify their children, and/or children of Defendant YAAKOV DAVID KLAR that he was a sexual predator and that he sexually assaulted and/or sexually abused his children.

181.     All Defendants failed to protect the Plaintiff from being sexually assaulted and/or sexually abused by Defendant YAAKOV DAVID KLAR.

182.     All Defendants failed to protect the Plaintiff from being sexually assaulted and/or sexually abused by failing to notify the Plaintiff that Defendant YAAKOV DAVID KLAR was a sexual predator.

183.     All Defendants failed to protect the Plaintiff from being sexually assaulted and/or sexually abused by Defendant YAAKOV DAVID KLAR by failing to notify the Plaintiff that he sexually assaulted and/or sexually abused other children.

184.     All Defendants have violated the duty to act "in loco parentis" and to protect these children, including the Plaintiff, when they are under their guardianship, custody, supervision,

34

Case 1:24-cv-09670-VSB Document 5-3 Filed 12/19/24 Page 36 of 77

care, and treatment by the Defendants and failed to protect the Plaintiff from being sexually

assaulted and/or sexually abused by Defendant YAAKOV DAVID KLAR.

## JURISDICTION AND VENUE

185.     This Court has jurisdiction over Defendants pursuant to CPLR §§ 301 and 302, as

Defendant "CHAI LIFELINE" has a principal place of business in the County of New York,

State of New York.

186.     Venue is proper pursuant to CPLR § 503, as at least one Defendant resides in and/or

maintains its principal office and place of business in the County of New York, State of New

York.

## AS AND FOR A FIRST CAUSE OF ACTION

187.     Plaintiff repeats, reiterates and realleges each and every allegation contained in those

paragraphs of the complaint marked and designated 1 through 184, inclusive, with the same force

and effect as if the Plaintiff hereinafter set forth at length.

188.     Plaintiff is identified and referenced heretofore as "JOHN DOE" - which is the

pseudonym for this plaintiff. Plaintiff requests permission to use a pseudonym because of the

35

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:56 PM
INDEX NO. 77951468/2021

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/18/2021

extremely private nature of this matter. Plaintiff was a resident of the State of New York at the relevant times the Plaintiff herein.

189.    Plaintiff is an adult with no legal disability.

190.    At all times the Plaintiff herein mentioned, Plaintiff was a student, pupil, assistant, camper, client, and/or patient of Defendants.

191.    At all times the Plaintiff herein mentioned, Plaintiff was a student, pupil, assistant, camper, client, patient and/or child under the supervision, control, care and/or have custody and "in loco parentis" of the Plaintiff by the Defendants.

192.    Plaintiff was under the care and treatment of Defendants for psychotherapy, counseling, therapy, social work and/or treatment, at the facilities maintained by the Defendant and/or any other locations the Defendants had custody, control and/or care of the Plaintiff.

193.    Plaintiff was a student, pupil, school child, client, camper, assistant, patient and/or child under the supervision, care and/or custody requiring the Defendants to act "in loco parentis" at the facilities maintained by the Defendants and/or any other locations the Defendants had custody, control and/or care of the Plaintiff.

194.    Plaintiff was under the custody, supervision, care and treatment of Defendants as well as their agents, servants, and/or employees as a student, pupil, school child, assistant, camper, and/or client and/or for psychotherapy, counseling, therapy, social work and/or treatment, at the facilities maintained by Defendants and other locations.

36

195.     Plaintiff was under the mental health care, psychological care and treatment of Defendants "CHAI LIFELINE", "YESHIVA" and YAAKOV DAVID KLAR, and their agents, servants, and/or employees, for psychotherapy, counseling, therapy, social work and/or treatment, at the facilities maintained by the Defendants.

196.     While under the psychotherapy, counseling, therapy, social work and/or treatment of Defendant YAAKOV DAVID KLAR, and Defendant "CHAI LIFELINE" - and in the course of rendering continuous treatment to Plaintiff - Defendant YAAKOV DAVID KLAR did sexually assault Plaintiff.

197.     While a student, pupil, school child, assistant, camper, client and/or child in the custody, supervision, control, care and while Defendants were acting "in loco parentis" the Defendant YAAKOV DAVID KLAR did sexually assault Plaintiff while on the Defendants premise and/or any location owned, operated, controlled, maintained and/or used by the Defendants.

198.     While under the psychotherapy, counseling, therapy, social work, monitoring and/or treatment, of Defendant YAAKOV DAVID KLAR, the agents, servants, and/or employees of Defendant "CHAI LIFELINE" enabled and/or were complicit in YAAKOV DAVID KLAR sexually assaulting Plaintiff.

199.     While Plaintiff was a student, pupil, school child, client, camper, assistant, patient and/or child under the supervision, care and/or custody of Defendant "YESHIVA" at the facilities maintained by Defendant "YESHIVA", the Defendant YAAKOV DAVID KLAR, the

37

agents, servants, and/or employees of Defendant "YESHIVA" enabled and/or were complicit in YAAKOV DAVID KLAR sexually assaulting Plaintiff.

200.      Defendants, their agents, servants, and/or employees failed to timely and properly monitor, supervise, and train the personnel accompanying, working with and/or working for YAAKOV DAVID KLAR while caring for children upon their premises.

201.      Defendants, their agents, servants, and/or employees failed to timely and properly monitor and supervise YAAKOV DAVID KLAR.

202.      Prior to the time when Plaintiff came under the custody, supervision, care and treatment of Defendant YAAKOV DAVID KLAR, defendants knew or should have known that YAAKOV DAVID KLAR had a history of sexually assaulting children.

203.      Prior to the time when plaintiff came under the care and treatment of Defendant YAAKOV DAVID KLAR, Defendants chose to take no disciplinary actions against YAAKOV DAVID KLAR - which enabled YAAKOV DAVID KLAR to continue to sexually assault children upon their premises, including the Plaintiff.

204.      The improper and tortious conduct of Defendant YAAKOV DAVID KLAR was not performed for a valid purpose.

205.      Defendant YAAKOV DAVID KLAR performed the aforementioned actions for his own sexual gratification and without regard for the Plaintiff's well-being.

206.      Defendant YAAKOV DAVID KLAR performed the aforementioned actions for his own sexual gratification and without Plaintiff's consent.

38

Case 1:24-cv-09670-VSB Document 5-3 Filed 12/19/24 Page 40 of 77

207.    The aforementioned actions were performed by Defendant YAAKOV DAVID KLAR - under circumstances caused and permitted by the Defendants - which cloaked Defendant YAAKOV DAVID KLAR with the actual and apparent authority to act as a teacher, educator, principal, administrator, counselor, assistant, or to perform psychotherapy, counseling, therapy, social work and/or treatment and enabled the sexual assaults to occur.

208.    Defendants had knowledge of Defendant YAAKOV DAVID KLAR's sexual assaults of other children and/or by other employees, agents, servants and/or personnel prior to the time that Plaintiff came under the care and treatment of defendant YAAKOV DAVID KLAR.

209.    Defendants had knowledge of Defendant YAAKOV DAVID KLAR's, sexual assaults of other children before the sexual assaults on the Plaintiff.

210.    Defendants should have had knowledge of Defendant YAAKOV DAVID KLAR's, sexual abuse of other children before the sexual assaults on the Plaintiff.

211.    The agents, servants and/or employees of Defendants had prior knowledge of Defendant YAAKOV DAVID KLAR's sexual assaults of other children before the time that Plaintiff came under the care and treatment of defendant YAAKOV DAVID KLAR.

212.    The agents, servants and/or employees of Defendant's had prior knowledge of Defendant YAAKOV DAVID KLAR's sexual assaults of other children.

213.    The agents, servants and/or employees of Defendants had prior knowledge of Defendant YAAKOV DAVID KLAR's sexual assaults of other children who were sexually

39

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:02 PM        INDEX NO. 951468/2021
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 08/18/2021

abused while a student, pupil, school child, assistant and/or camper, assistant, patient and/or child under the supervision, care and/or custody of Defendants.

214.     The Defendants owed a duty to Plaintiff to ensure that qualified and competent personnel would provide safety, security, care, treatment and protection for the children in their custody, supervision, and care, and, to have proper safeguards and procedures in place to prevent the occurrences of sexual assaults on children as set forth the Plaintiff herein.

215.     The agents, servants and/or employees of Defendants had a duty to offer children appropriate care, appropriate psychological counseling for victims of sexual assaults, and appropriate emotional support, upon learning that children were sexually assaulted by one of their own teachers, principals, administrators, assistants, counselors, therapists, administrators, executives, agents, servants and/or employees - instead of ignoring their complaints and denying any knowledge that YAAKOV DAVID KLAR was a sexual predator - which caused Plaintiff to experience further self-doubt and trauma, and further emotional and psychological harm.

216.     Defendants are liable for the actions committed by Defendant YAAKOV DAVID KLAR under the doctrine of respondeat superior.

217.     Defendants are vicariously liable for the actions committed by Defendant YAAKOV DAVID KLAR.

218.     Defendants are directly liable for their own acts and/or omissions which were a proximate cause of Plaintiff being sexually assaulted by defendant YAAKOV DAVID KLAR.

40

Case 1:24-cv-09670-VSB    Document 5-3    Filed 12/19/24    Page 42 of 77

219.    Defendants were complicit in the criminal acts committed by Defendant YAAKOV DAVID KLAR.

220.    Defendant YAAKOV DAVID KLAR had a duty to timely and properly care for and treat Plaintiff.

221.    Defendant's had a duty to timely and properly act as "in loco parentis" for Plaintiff.

222.    Defendant's had a duty to timely and properly supervise Defendant YAAKOV DAVID KLAR.

223.    Defendant's had a duty to enact certain Policies governing the use of chaperones during school hours, after school, while on Defendants premises, and while in the custody, supervision, care, and treatment at their facility.

224.    Defendant YAAKOV DAVID KLAR had a duty to provide proper education, religious education, tutoring and/or instruction to the Plaintiff.

225.    Defendant YAAKOV DAVID KLAR had a legal duty to not sexually assault Plaintiff.

226.    Defendant YAAKOV DAVID KLAR had a duty as an educator, principal, teacher, assistant, counselor, social worker, assistant, and/or therapist to not sexually assault Plaintiff.

227.    Defendant YAAKOV DAVID KLAR had a moral duty to not sexually assault Plaintiff.

41

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:56 PM
INDEX NO. 951468/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/18/2021

228.     Defendant YAAKOV DAVID KLAR had an ethical duty to not sexually assault Plaintiff.

229.     A teacher, educator, counselor, social worker, therapist and/or principal may never sexually assault a child.

230.     An adult cannot sexually assault a child.

231.     Sexually assaulting an underaged student, school child, camper, client, and/or patient is a violation of the standard of care and criminal law.

232.     All personnel are required to report any incident or occurrence of sexual assault if it is suspected that a teacher, educator, counselor, social worker, therapist and/or principal committed it on a child.

233.     Defendants had a duty to ensure Defendant YAAKOV DAVID KLAR did not sexually assault Plaintiff.

234.     Defendants, their agents, servants, and/or employees were aware that defendant YAAKOV DAVID KLAR had been accused of sexual assault of another child prior to the defendant YAAKOV DAVID KLAR sexually assaulted the Plaintiff.

235.     Defendants, their agents, servants, and/or employees were aware that Defendant YAAKOV DAVID KLAR had been accused of sexual assault of another patient prior to the sexual assault of the Plaintiff.

42

Case 1:24-cv-09670-VSB    Document 5-3    Filed 12/19/24    Page 44 of 77

236.         The Defendants, their agents, servants, and/or employees knew or should have known

that defendant YAAKOV DAVID KLAR had been accused of sexual assault of another child

prior to the sexual assault of the Plaintiff.

237.         The answering defendant, its agents, servants, and/or employees knew or should

have known that Defendant YAAKOV DAVID KLAR had been accused of sexual assault of

another patient prior to the sexual assault of the Plaintiff.

238.         The Plaintiff came under the supervision, custody, control, care, psychotherapy,

therapy, counseling and/or social work and care and treatment of the Defendants, their agents,

servants, and/or employees, and in a continuous course of custody, supervision, care and

protection of the Plaintiff, and beyond, Defendant YAAKOV DAVID KLAR sexually assaulted

Plaintiff upon the within named Defendants' premises, and as a result of the foregoing,

including: (1) the failure of the within named Defendants, their agents, servants and/or

employees to properly shield, guard, protect, treat, examine, diagnose, and care for Plaintiff, (2)

the failure to timely and properly monitor the actions of its agents, servants and/or employees,

(3) the failure to timely and properly supervise the actions of its agents, servants and/or

employees, (4) the failure to timely and properly provide chaperones during school hours, after

school programs, psychotherapy, therapy, counseling and/or social work, (5) the failure to timely

and properly require chaperones during school hours, after school programs, psychotherapy,

therapy, counseling and/or social work performed by YAAKOV DAVID KLAR, (6) the failure

to timely and properly investigate Defendant YAAKOV DAVID KLAR, (7) the failure to timely

and properly suspend Defendant YAAKOV DAVID KLAR, (8) the failure to timely and

43

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:56 PM
INDEX NO. 951468/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/18/2021

properly limit Defendant YAAKOV DAVID KLAR's authority or accessibility on their premises, (9) the failure to timely and properly revoke the employment of Defendant YAAKOV DAVID KLAR, (10) the failure to timely and properly require the use of a preceptor for YAAKOV DAVID KLAR, (11) the improper re-issuance of privileges and/or re-certification of Defendant YAAKOV DAVID KLAR, (12) the failure to stop the performance of serial criminal sexual touching, criminal sexual assault, criminal sexual contact, sexual assault, sexual touching and for no legitimate educational, school, facility or therapeutic purpose, (12) the failure to stop the inappropriate touching of the Plaintiff, the performance of serial and inappropriate sexual contact, (13) the failure to prevent Defendant YAAKOV DAVID KLAR from engaging in criminal sexual contact with children, including Plaintiff, (14) the failure to act upon complaints of sexual assaults committed by Defendant YAAKOV DAVID KLAR, (15) the failure to provide a chaperone to prevent YAAKOV DAVID KLAR from engaging in physical sexual contact with children, (16) the failure to provide a chaperone to prevent YAAKOV DAVID KLAR from engaging in sexual touching with children, (17) the failure to timely and properly terminate Defendant YAAKOV DAVID KLAR, (18) the failure to timely and properly report the actions of Defendant YAAKOV DAVID KLAR for disciplinary review, (19) the failure to timely and properly report the actions of Defendant YAAKOV DAVID KLAR for criminal prosecution, and (20) the failure to timely and properly cooperate with the criminal investigation of Defendant YAAKOV DAVID KLAR, the Plaintiff was duped, betrayed, sexually abused, manipulated, exploited, objectified, and sexually assaulted by Defendant YAAKOV DAVID KLAR, and sustained severe injuries and complications as a result.

44

239.        Said occurrence was due to the carelessness and negligence of the defendants, their

agents, servants and/or employees in failing to treat the plaintiff in a good, accepted and proper

educational, instructive or therapeutic manner, in failing to timely and properly supervise the

actions of Defendant YAAKOV DAVID KLAR, and without any fault or lack of care on the part

of the plaintiff.

240.        By reason of the foregoing, plaintiff sustained severe and serious personal injuries, a

severe shock to the Plaintiff's nervous system and certain internal injuries, and was caused to

suffer severe physical pain, mental anguish, and psychological injuries as a result Thereof.

241.        Plaintiff's First Cause of Action against the Defendants is timely, pursuant to The

Child Victims Act that was enacted into law on February 14, 2019.  Indeed, Plaintiff alleges that

the Defendants committed intentional or negligent acts or omissions which resulted in Plaintiff

suffering physical, psychological or other injuries or conditions as a direct and proximate result

of conduct which constitutes a sexual offense committed against a child less than eighteen years

of age, as defined in Article 130 of the New York Penal Law.  This action, moreover, has been

filed not earlier than six months after, and not later than one year and six months after, the

effective date of the newly added CPLR § 214-g (February 14, 2019).

242.        It is hereby alleged pursuant to CPLR § 1603 that the foregoing cause of action is

exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided

in CPLR § 1602, including but not limited to, CPLR § 1602(7).

243.        The amount of damages sought exceeds the jurisdictional limits of all lower courts

which would otherwise have jurisdiction.

45

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:56 PM
INDEX NO. 951468/2021

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/18/2021

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR CIVIL BATTERY

244.    Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 243. inclusive, with the same force and effect as if the Plaintiff hereinafter set forth at length.

245.    Defendant YAAKOV DAVID KLAR engaged in intentional, offensive, harmful, sexual misconduct and wrongful bodily contact of Plaintiff, without Plaintiff's consent on the aforementioned occasions.

246.    Defendant YAAKOV DAVID KLAR was permitted and enabled to commit these acts as a direct and proximate result of the negligence, careless, and wanton recklessness of Defendants and that of their agents, servants and/or employees through the failure to timely and properly train, supervise, monitor, discipline, terminate, and report YAAKOV DAVID KLAR to the Criminal Authorities or any supervisor, administrator, executive, superintendent, principal, human resources and/or any other proper authority.

247.    That the Defendants gave access to and allowed, permitted, sanctioned, endorsed and/or gave the Defendant YAAKOV DAVID KLAR the ability to commit unlawful: sexual contact, sexual abuse, sexual assault, physical contact of a child, and other criminal acts on the Plaintiff upon properties owned, operated, controlled, maintained, managed and/or used by the Defendants.

248.    As a direct and proximate result of the negligence, careless, and wanton recklessness by Defendants and that of their agents, servants and/or employees in allowing YAAKOV

46

Case 1:24-cv-09670-VSB    Document 5-3    Filed 12/19/24    Page 48 of 77

DAVID KLAR to commit serial sexual assaults, YAAKOV DAVID KLAR was enabled, and did, sexually assault children, including, Plaintiff, and seemingly without any consequences or oversight.

249.     As a direct and proximate result of the aforementioned sexual batteries and utter lack of oversight, Plaintiff sustained in the past, and will sustain in the future, physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment and humiliation.

250.     As a direct and proximate result of Defendant YAAKOV DAVID KLAR's, offensive and wrongful physical contact of Plaintiff, without the Plaintiff's consent, caused the Plaintiff to suffer severe emotional and physical injuries.

251.     Plaintiff's Second Cause of Action against the Defendants is timely, pursuant to The Child Victims Act that was enacted into law on February 14, 2019.  Indeed, Plaintiff alleges that the Defendants committed intentional or negligent acts or omissions which resulted in Plaintiff suffering physical, psychological or other injuries or conditions as a direct and proximate result of conduct which constitutes a sexual offense committed against a child less than eighteen years of age, as defined in Article 130 of the New York Penal Law.  This action, moreover, has been filed not earlier than six months after, and not later than one year and six months after, the effective date of the newly added CPLR § 214-g (February 14, 2019).

252.     It is hereby alleged pursuant to CPLR § 1603 that the foregoing cause of action is exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided in CPLR § 1602, including but not limited to, CPLR § 1602(7).

47

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:56 PM
INDEX NO. 951468/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/18/2021

253.     The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR CRIMINAL BATTERY

254.     Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 168. inclusive, with the same force and effect as if the Plaintiff hereinafter set forth at length.

255.     Defendant YAAKOV DAVID KLAR, intentionally engaged in criminal, offensive, harmful, sexual misconduct, sexual assault, and wrongful bodily contact of Plaintiff, without Plaintiff's consent on the aforementioned occasions.

256.     That the Defendants gave access to and allowed, permitted, sanctioned, endorsed and/or gave the Defendant YAAKOV DAVID KLAR the ability to commit unlawful: sexual contact, sexual abuse, sexual assault, physical contact of a child, and other criminal acts on the Plaintiff upon properties owned, operated, controlled, maintained, managed and/or used by the Defendants.

257.     Defendant YAAKOV DAVID KLAR was permitted and enabled to commit these criminal acts as a direct and proximate result of the negligence, careless, and wanton recklessness of Defendants and that of their agents, servants and/or employees through the failure to timely and properly train, supervise, monitor, discipline, terminate, and report YAAKOV DAVID KLAR to the Criminal Authorities.

48

258.     As a direct and proximate result of the aforementioned sexual batteries, Plaintiff sustained in the past, and will sustain in the future, physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment and humiliation.

259.     As a direct and proximate result of Defendant YAAKOV DAVID KLAR's criminal, offensive and wrongful physical contact of Plaintiff, without the Plaintiff consent, has suffered severe emotional and physical injuries.

260.     Plaintiff's Third Cause of Action against the Defendants is timely, pursuant to The Child Victims Act that was enacted into law on February 14, 2019.  Indeed, Plaintiff alleges that the Defendants committed intentional or negligent acts or omissions which resulted in Plaintiff suffering physical, psychological or other injuries or conditions as a direct and proximate result of conduct which constitutes a sexual offense committed against a child less than eighteen years of age, as defined in Article 130 of the New York Penal Law.  This action, moreover, has been filed not earlier than six months after, and not later than one year and six months after, the effective date of the newly added CPLR § 214-g (February 14, 2019).

261.     It is hereby alleged pursuant to CPLR § 1603 that the foregoing cause of action is exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided in CPLR § 1602, including but not limited to, CPLR § 1602(7).

262.     The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION
### FOR NEGLIGENCE & PROFESSIONAL NEGLIGENCE

49

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:56 PM
NYSCEF DOC. NO. 1

INDEX NO. 951468/2021
RECEIVED NYSCEF: 08/18/2021

263.     Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1 through 173 inclusive, with the same force and effect as if the Plaintiff hereinafter set forth at length.

264.     The Defendant "CHAI LIFELINE", their agents, servants, and/or employees, and Defendant YAAKOV DAVID KLAR, failed to treat and care for plaintiff in accordance with the standards of care and treatment generally accepted in a wellness center, trauma care facility, therapeutic facility and/or mental health community and treated Plaintiff in a manner which violated the customary and accepted standards in the community.

265.     The Defendant "CHAI LIFELINE", their agents, servants, and/or employees, and Defendant YAAKOV DAVID KLAR, failed to provide the safety, security, protection and/or care for plaintiff in accordance with the standard of "in loco parentis" generally accepted in the educational system, whether in the public, private or religious community and failed to provide proper custody, control and/or care of the plaintiff in a manner which violated the customary and accepted standards in the educational community.

266.     The Defendant "CHAI LIFELINE", their agents, servants, and/or employees, and Defendant YAAKOV DAVID KLAR, committed acts of negligence, professional negligence, and had a wanton disregard for the safety of the students, like Plaintiff, by negligently and carelessly failing to protect, secure, guard, care and provide a safe environment for Plaintiff.

267.     The Defendant "CHAI LIFELINE", their agents, servants, and/or employees, and Defendant YAAKOV DAVID KLAR, committed acts of negligence, professional negligence,

50

and malpractice by negligently and carelessly failing to treat and care for plaintiff in a careful, skillful and/or acceptable manner.

268.　　　Further Plaintiff, defendant "CHAI LIFELINE" by and through their personnel, administrators, agents, servants, and/or employees, failed to conduct themselves and operate their wellness center, mental health center, facility, institution, offices, health centers, and clinics in accordance with the required standards to ensure that children are safe and free from being sexually assaulted while receiving care and treatment on any property owned, operated, controlled, maintained and/or used by Defendant "CHAI LIFELINE".

269.　　　Plaintiff's fourth Cause of Action against the Defendants is timely, pursuant to The Child Victims Act that was enacted into law on February 14, 2019.  Indeed, Plaintiff alleges that the Defendants committed intentional or negligent acts or omissions which resulted in Plaintiff suffering physical, psychological or other injuries or conditions as a direct and proximate result of conduct which constitutes a sexual offense committed against a child less than eighteen years of age, as defined in Article 130 of the New York Penal Law.  This action, moreover, has been filed not earlier than six months after, and not later than one year and six months after, the effective date of the newly added CPLR § 214-g (February 14, 2019).

270.　　　It is hereby alleged pursuant to CPLR § 1603 that the foregoing cause of action is exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided in CPLR § 1602, including but not limited to, CPLR § 1602(7).

271.　　　The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

51

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:56 PM
INDEX NO. 951468/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/18/2021

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR NEGLIGENCE & PROFESSIONAL NEGLIGENCE

272.    Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1 through 271 inclusive, with the same force and effect as if the Plaintiff hereinafter set forth at length.

273.    The Defendant "YESHIVA", their agents, servants, and/or employees, and Defendant YAAKOV DAVID KLAR, failed to provide the safety, security, protection and/or care for plaintiff in accordance with the standard of "in loco parentis" generally accepted in the educational system, whether in the public, private or religious community and failed to provide proper custody, control and/or care of the plaintiff in a manner which violated the customary and accepted standards in the educational community.

274.    The Defendant "YESHIVA", their agents, servants, and/or employees, and Defendant YAAKOV DAVID KLAR, committed acts of negligence, professional negligence, and had a wanton disregard for the safety of the students, like Plaintiff, by negligently and carelessly failing to protect, secure, guard, care and provide a safe environment for plaintiff.

275.    Further Plaintiff, defendant "YESHIVA" by and through their personnel, administrators, agents, servants, and/or employees, failed to conduct themselves and operate their school, religious school, private school, educational center, facility, institution, offices, health centers, and clinics in accordance with the required educational standards to ensure that children are safe and free from being sexually assaulted while on any property owned, operated, controlled, maintained and/or used by Defendant "YESHIVA".

52

Case 1:24-cv-09670-VSB    Document 5-3    Filed 12/19/24    Page 54 of 77

276.        Plaintiff's fifth Cause of Action against the Defendants is timely, pursuant to The

Child Victims Act that was enacted into law on February 14, 2019.  Indeed, Plaintiff alleges that

the Defendants committed intentional or negligent acts or omissions which resulted in Plaintiff

suffering physical, psychological or other injuries or conditions as a direct and proximate result

of conduct which constitutes a sexual offense committed against a child less than eighteen years

of age, as defined in Article 130 of the New York Penal Law.  This action, moreover, has been

filed not earlier than six months after, and not later than one year and six months after, the

effective date of the newly added CPLR § 214-g (February 14, 2019).

277.        It is hereby alleged pursuant to CPLR § 1603 that the foregoing cause of action is

exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided

in CPLR § 1602, including but not limited to, CPLR § 1602(7).

278.        The amount of damages sought exceeds the jurisdictional limits of all lower courts

which would otherwise have jurisdiction.


**AS AND FOR A SIXTH CAUSE OF ACTION
FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**


279.        Plaintiff repeats, reiterates and realleges each and every allegation contained in those

paragraphs of the complaint marked and designated 1 through 278 inclusive, with the same force

and effect as if the Plaintiff hereinafter set forth at length.


53

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:56 PM
INDEX NO. 77951468/2021

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 08/18/2021

280.     Defendant YAAKOV DAVID KLAR and defendants owed a duty to Plaintiff to not cause the Plaintiff emotional distress, the initiation of post-traumatic stress disorder, or other harm during the course of Psychotherapy, medication management, therapy, social work, substance abuse counseling, counseling, family counseling, couple therapy and/or other forms of treatment, which are very personal to the patient.

281.     Defendant YAAKOV DAVID KLAR was negligent as to the effect of his conduct in performing unwanted sexual acts without the consent of Plaintiff during the course and scope of his purported work as a teacher, educator, principal, administrator, executive, counselor therapist, social worker, and/or employee, agent or servant of the Defendants.

282.     Defendants, their agents, servants, and/or employees were negligent as to the effect of their conduct in allowing and enabling Defendant YAAKOV DAVID KLAR to perform unwanted sexual acts on Plaintiff, as well as other children, during the course and scope of his purported treatment of the patient.

283.     Defendants, as well as their agents, servants, and/or employees were further negligent and careless in failing to notify other children of Defendants "CHAI LIFELINE", "YESHIVA" and "YAAKOV DAVID KLAR" or attend to in a timely and proper manner after Defendant "YAAKOV DAVID KLAR" sexually assaulted other children, including the Plaintiff, and after these facts were brought to the attention of the personnel upon the premises of defendants.

284.     Defendants YAAKOV DAVID KLAR, "YESHIVA" and "CHAI LIFELINE", as well as their agents, servants, employees and/or legal teams were further negligent and careless in failing to timely and properly investigate the reports, claims and legal filings about the sexual

54

assaults upon children being committed by YAAKOV DAVID KLAR, and failed to notify their children, past children and/or parents of Defendant YAAKOV DAVID KLAR's students, campers, assistants, clients, and/or patients.

285.        As a direct and proximate consequence of Defendants negligence, Plaintiff has suffered physical, emotional, and psychological injuries, along with pain and suffering.

286.        As a result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

287.        Plaintiff's sixth Cause of Action against the Defendants is timely, pursuant to The Child Victims Act that was enacted into law on February 14, 2019. Indeed, Plaintiff alleges that the Defendants committed intentional or negligent acts or omissions which resulted in Plaintiff suffering physical, psychological or other injuries or conditions as a direct and proximate result of conduct which constitutes a sexual offense committed against a child less than eighteen years of age, as defined in Article 130 of the New York Penal Law. This action, moreover, has been filed not earlier than six months after, and not later than one year and six months after, the effective date of the newly added CPLR § 214-g (February 14, 2019).

288.        It is hereby alleged pursuant to CPLR § 1603 that the foregoing cause of action is exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided in CPLR § 1602, including but not limited to, CPLR § 1602(7).

289.        The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

55

## AS AND FOR A SEVENTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

290.     Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1 through 289 inclusive, with the same force and effect as if the Plaintiff hereinafter set forth at length.

291.     Defendant YAAKOV DAVID KLAR, acted in a manner that was criminal, intentional, willful, shameful, grossly reckless, and for the purpose of causing serious and substantial emotional distress to Plaintiff and/or in reckless and wanton disregard for same.

292.     Defendants acted in a manner that was likewise criminal, intentional, willful, shameful, grossly reckless, and in abject, wanton, and total disregard to the serious harm being inflicted upon Plaintiff - and other children - through their complicity in allowing, enabling and permitting Defendant YAAKOV DAVID KLAR to perform unwanted and criminal sexual acts without the consent of Plaintiff during the course and scope of his so-called education, instruction, assistance, mentoring and/or treatment of Plaintiff.

293.     Defendants further acted in a manner that is criminal, intentional, willful, grossly reckless, intentionally deceitful, and in reckless disregard of the safety and well-being of Plaintiff when the agents, servants, and/or employees of the Defendants failed to timely and properly notify the Plaintiff and/or other parents of children that were students, campers, assistants, clients and/or patients of YAAKOV DAVID KLAR of his sexual attacks and/or sexual abuse and failed

56

to attend to Plaintiff when they should have known that Defendant YAAKOV DAVID KLAR was sexually abusing the Plaintiff.

294.    Defendants YAAKOV DAVID KLAR, "YESHIVA" and "CHAI LIFELINE" further acted in a manner that is criminal, premeditated, willful, grossly reckless, intentionally deceitful, and in reckless disregard of the safety and well-being of Plaintiff when their agents, servants, employees and/or legal teams failed to inform the police or any legal authority of Defendant YAAKOV DAVID KLAR's serial sexual assaults, including the sexual assaults of Plaintiff.

295.    As a result of the foregoing, Plaintiff sustained permanent physical, emotional, and psychological injuries, along with pain and suffering.

296.    As a result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

297.    Plaintiff's Seventh Cause of Action against the Defendants is timely, pursuant to The Child Victims Act that was enacted into law on February 14, 2019.  Indeed, Plaintiff alleges that the Defendants committed intentional or negligent acts or omissions which resulted in Plaintiff suffering physical, psychological or other injuries or conditions as a direct and proximate result of conduct which constitutes a sexual offense committed against a child less than eighteen years of age, as defined in Article 130 of the New York Penal Law.  This action, moreover, has been filed not earlier than six months after, and not later than one year and six months after, the effective date of the newly added CPLR § 214-g (February 14, 2019).

57

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:56 PM
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 08/18/2021

298.     It is hereby alleged pursuant to CPLR § 1603 that the foregoing cause of action is exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided in CPLR § 1602, including but not limited to, CPLR § 1602(7).

299.     The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## FOR NEGLIGENT HIRING & NEGLIGENT SUPERVISION

300.     Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1 through 299 inclusive, with the same force and effect as if the Plaintiff hereinafter set forth at length.

301.     Defendants prior to the granting or renewing of privileges or employment of Defendant YAAKOV DAVID KLAR, teachers, educators, administrators, executives, social workers, therapists, assistants, counselors, employees, agents, servants and other personnel involved in Plaintiff's care, failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendant, residents, nurses and other employees, including but not limited to obtaining the following information: sexual attacks and/or sexual abuse of children, prior incidents which led to defendants firing, release, lay off, or leaving a prior job; patient grievances, criminal investigations, governmental inquiries, negative health care outcomes, incidents injurious to children, malpractice action commenced against said persons, including the outcome Thereof, any history of association, privilege and/or practice at other institutions, and discontinuation of said association, employment, privilege and/or practice at

58

said institution, and any pending professional misconduct proceedings in this State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings and Defendants failed to make sufficient inquiry of the teachers, educators, administrators, executives, social workers, therapists, assistants, counselors, employees, agents, servants and other personnel and institutions which should and did have information relevant to the capacity, capability, ability and competence of said persons, including Defendant YAAKOV DAVID KLAR - as well as the staff with which he was associated - upon defendants' premises.

302.      Further Plaintiff, Defendants failed to timely and properly educate, train, supervise and/or monitor its agents, servants, and/or employees with regard to the policies and procedures that must be followed when sexual abuse is suspected or observed, and instead created an environment where sexual misconduct by was tolerated.

303.      Defendants created an environment where its agents, servants and/or employees who suspected - or even witnessed - sexual misconduct, were more fearful about their prospects for future employment if they said something, than they were about the safety and well-being of the children who were being sexually abused.

304.      Had Defendants made the above stated inquiry, or in the alternative, had it reviewed and analyzed the information obtained and available to it in a timely and proper manner, privileges and/or employment would not have been granted and/or renewed or hired the Defendant.

59

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:56 PM
INDEX NO. 951468/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/18/2021

305.     Defendants were additionally negligent, grossly reckless, wanton and willful, in failing to supervise, monitor, chaperone and/or investigate Defendant YAAKOV DAVID KLAR, and/or failed to create institute and/or enforce rules, policies, procedures and/or regulations for Defendant YAAKOV DAVID KLAR's treatment of children, including Plaintiff.

306.     By reason of Defendants failures to meet the aforementioned obligations, Plaintiff was treated by physicians, nurses, School or facility personnel, and other employees who were lacking the requisite skills, abilities, competence, capacity and supervision, as a result of which the Pplaintiff sustained significant injuries and complications.

307.     The aforesaid injuries resulting therefrom were caused wholly and solely as a result of the Defendants negligent and reckless supervision of its agents, servants, and/or employees, and created a foreseeable risk of harm to its children.

308.     Defendants negligence and recklessness further lie in having placed Defendant YAAKOV DAVID KLAR in a position to cause foreseeable harm, of which plaintiff would have been spared, had the Defendants taken reasonable care in the supervision and investigation of its employees - including, but not limited to, Defendant YAAKOV DAVID KLAR, himself.

309.     In a claim for negligent hiring and/or retention, an employer is held liable and responsible for its negligence or recklessness in hiring, retaining and/or supervising an employee, an under respondeat superior the employer is vicariously liable for the torts of the agent, servant, or employee. Thus, while Defendants may or may not be vicariously liable under respondeat superior for an act of an employee that was committed outside the scope of the employee's employment, Defendants are nevertheless liable for their failure to exercise reasonable care in

60

hiring, retaining and/or supervising their agents, servants and/or employees - including, but not limited to, Defendant YAAKOV DAVID KLAR, himself.

310.      In a claim for negligent supervision, the employer is held liable and responsible for its negligence or recklessness in failing to timely and properly supervise an agent, servant, and/or employee, and under respondeat superior the employer is vicariously liable for the torts of the employee. Thus, while Defendants may or may not be vicariously liable under respondeat superior for an act of an agent, servant, or employee that was committed outside the scope of the employee's employment, Defendants are nevertheless liable for their own failure to exercise reasonable care in hiring, retaining, monitoring, investigating, and/or supervising their agents, servants and/or employees - including, but not limited to, Defendant YAAKOV DAVID KLAR, himself.

311.      As a result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

312.      As a result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

313.      Plaintiff's Eighth Cause of Action is timely, pursuant to The Child Victims Act that was enacted into law on February 14, 2019. Indeed, Plaintiff alleges that the Defendants committed intentional or negligent acts or omissions which resulted in Plaintiff suffering physical, psychological or other injuries or conditions as a direct and proximate result of conduct which constitutes a sexual offense committed against a child less than eighteen years of age, as defined in Article 130 of the New York Penal Law. This action, moreover, has been filed not

61

FILED: NEW YORK COUNTY CLERK 08/18/2021 09:24 AM
INDEX NO. 951468/2021
NYSCEF DOC. NO. 1
Case 24-09070-VSS Doc 7-24 Filed 01/29/24 Page 63 of 77
RECEIVED NYSCEF: 08/18/2021

earlier than six months after, and not later than one year and six months after, the effective date of the newly added CPLR § 214-g (February 14, 2019).

314.     It is hereby alleged pursuant to CPLR § 1603 that the foregoing cause of action is exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided in CPLR § 1602, including but not limited to, CPLR § 1602(7).

315.     The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A NINTH CAUSE OF ACTION
## FOR FOR FAILING TO INVESTIGATE
## CRIMINALLY SUSPICIOUS ACTIVITY –
## ALL DEFENDANTS

316.     Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1 through 206 inclusive, with the same force and effect as if the Plaintiff hereinafter set forth at length.

317.     Defendants, their agents, servants, and/or employees, failed to timely and properly investigate complaints made by the sexual assault victims of YAAKOV DAVID KLAR, as well as suspicious circumstances whether herein YAAKOV DAVID KLAR and other staff, agents, servants, and/or employees placed children in compromised and unprotected situations which either led, or should have led, to an investigation of Defendant YAAKOV DAVID KLAR and other staff, agents, servants, and/or employees' negligence, carelessness, recklessness, and/or criminal and wanton misconduct.

62

318.     Defendants, their agents, servants, and/or employees, failed to timely and properly act upon complaints made by the sexual assault victims of Defendant YAAKOV DAVID KLAR, as well as suspicious circumstances whether Plaintiff herein Defendant YAAKOV DAVID KLAR, and/or other agents, servants, and/or employees, placed children in compromised and unprotected situations, all of which caused and/or enabled further and additional negligent, careless, reckless, criminal and/or wanton acts and harm to be inflicted upon children, including Plaintiff

319.     By reason of Defendants and/or their agents, servants, and/or employees' failures to meet the aforementioned obligations and duties, Plaintiff, as well as other children, were subjected to physical and mental injury, mental manipulation, harm, duress, sexual objectification, sexual assault, and sexual abuse.

320.     As a result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

321.     Plaintiff's Nineth Cause of Action is timely, pursuant to The Child Victims Act that was enacted into law on February 14, 2019. Indeed, Plaintiff alleges that the Defendants committed intentional or negligent acts or omissions which resulted in Plaintiff suffering physical, psychological or other injuries or conditions as a direct and proximate result of conduct which constitutes a sexual offense committed against a child less than eighteen years of age, as defined in Article 130 of the New York Penal Law. This action, moreover, has been filed not earlier than six months after, and not later than one year and six months after, the effective date of the newly added CPLR § 214-g (February 14, 2019).

63

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:56 PM INDEX NO. 951468/2021
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 08/18/2021

322.     It is hereby alleged pursuant to CPLR § 1603 that the foregoing cause of action is exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided in CPLR § 1602, including but not limited to, CPLR § 1602(7).

**323.**     The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A TENTH CAUSE OF ACTION FOR**
**PUNITIVE DAMAGES - ALL DEFENDANTS**

324.     Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1 through 211 inclusive, with the same force and effect as if the Plaintiff hereinafter set forth at length.

325.     Defendant YAAKOV DAVID KLAR's sexual assault of plaintiff - and other children - as well as Defendants gross negligence, willfulness, and wantonness concerning the improper hiring, retention, lack of supervision, and other reckless acts and omissions set forth the Plaintiff herein, constitute intentional, extreme, and outrageous conduct of the highest order.

326.     Such grossly reckless conduct is motivated by greed, self-seeking, self-interest, deliberate indifference, deviant sexual desire, and is the product of malicious and evil minds such that the imposition of punitive damages are warranted.

327.     Punitive damages are justified in cases like this to both punish the wrongdoers - and also to hold them out as examples to the rest of the community - such that these defendants, and others that may be similarly situated, are clearly and explicitly discouraged from engaging in these kinds of grossly deviant and abhorrent behaviors in the future.

64

328.    For purposes of particularization of the acts which constitute and mandate the imposition of punitive damaged committed by the within named defendants, it is stated that Defendant YAAKOV DAVID KLAR - while pretending to provide education, learning, tutoring, assistance, psychological care, psychotherapy, therapy, social work and/or care and treatment - serially, and criminally, sexually assaulted children, including Plaintiff. Further, Defendants enabled YAAKOV DAVID KLAR to continue to sexually assault Plaintiff and other children before him, and instead of notifying the parents of the children, or, terminating him and reporting him to the Criminal Authorities, they either moved him from one class, school, premises, or building to another, in an effort to conceal his criminal activity or made an arrangement or deal with him and failed to provide any notification of his negligent, reckless, careless and/or abhorrent behavior.

329.    Defendants failed to act on the information and enabled Defendant YAAKOV DAVID KLAR to continue to sexually assault the Plaintiff.

330.    Upon information and belief, said investigation of YAAKOV DAVID KLAR either occurred or should have occurred as a result of defendant YAAKOV DAVID KLAR's conduct with another child he sexually assaulted while working for the Defendants.

331.    Despite Defendant YAAKOV DAVID KLAR being the subject of an investigation or due to his suspicious activities with the Plaintiff and for the wrongful conduct with children, Defendants failed to commence a timely and proper inquiry into the actions of defendant YAAKOV DAVID KLAR.

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:56 PM INDEX NO. 951468/2021

NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 08/18/2021

332.     Despite defendant YAAKOV DAVID KLAR being the subject of an investigation for the conduct and suspicious activity mentioned above, Defendants continued to allow Defendant YAAKOV DAVID KLAR to maintain seeing children, maintain his employment at their health centers, schools, camps facilities, offices, and/or clinics, without any restrictions, limitations, preceptors, chaperones or additional supervision, where Defendant YAAKOV DAVID KLAR was allowed to continue preying on unsuspecting children.

333.     Defendant YAAKOV DAVID KLAR should have already been the subject of an internal and Criminal Investigation by the time that he sexually assaulted Plaintiff.  However, Defendants failed to act on the information they had and enabled Defendant YAAKOV DAVID KLAR to continue to sexually assault other children, like Plaintiff, on its premises - despite a history of wrongful conduct with other children.

334.     Defendant YAAKOV DAVID KLAR sexually assaulted Plaintiff who was a minor.

335.     Plaintiff had suffered severe trauma in his life and Defendant YAAKOV DAVID KLAR, knew and had reason to know of his trauma, preyed upon Plaintiff's mental issues at the time when Defendant YAAKOV DAVID KLAR sexually assaulted Plaintiff by conducting repeated and unnecessary sexual touching and sexual contact with the Plaintiff during the school day, after school, during therapy, at camps, when Plaintiff was supposed to be receiving education, care and treatment.  All of these incidents took place upon properties owned, operated, controlled, managed, supervised and used by the Defendants.

336.     Defendants, their agents, servants, and/or employees had knowledge and/or awareness of the prior negligent, reckless, careless, malicious, intentional and wrongful conduct

66

Case 1:24-cv-09670-VSB    Document 5-3    Filed 12/19/24    Page 68 of 77    08/18/2021

and chose to do nothing to protect their children from being sexually assaulted by Defendant YAAKOV DAVID KLAR.

337.      As a result of Defendants gross indifference and wanton lack of regard for the safety and well-being of their students or children, Plaintiff has become yet another one of the sexual assault victims - and now survivors - of Defendant YAAKOV DAVID KLAR and Defendants "CHAI LIFELINE" and "YESHIVA".

338.      Defendants' indolence and complicity - as well the prurient, deviant, and criminal sexual exploits of Defendant YAAKOV DAVID KLAR while on the premises of the Defendants "CHAI LIFELINE" and "YESHIVA" are abhorrent and a reckless disregard for the safety of children under their custody, control, supervision and/or while they have a duty/responsibility to act "in loco parentis".

339.      That during the time that the Defendants were responsible to act "in loco parentis" the Plaintiff was sexually assaulted, sexually abused and/or sexually molested on numerous while on the properties owned, operated, controlled, maintained, managed and/or used by the Defendants "CHAI LIFELINE" and "YESHIVA".

340.      Punitive damages are indicated and necessary under these facts.

341.      As a result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

342.      Plaintiff's Tenth Cause of Action against the Defendants is timely, pursuant to The Child Victims Act that was enacted into law on February 14, 2019.  Indeed, Plaintiff alleges that

the Defendants committed intentional or negligent acts or omissions which resulted in Plaintiff suffering physical, psychological or other injuries or conditions as a direct and proximate result of conduct which constitutes a sexual offense committed against a child less than eighteen years of age, as defined in Article 130 of the New York Penal Law. This action, moreover, has been filed not earlier than six months after, and not later than one year and six months after, the effective date of the newly added CPLR § 214-g (February 14, 2019).

343.     It is hereby alleged pursuant to CPLR § 1603 that the foregoing cause of action is exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided in CPLR § 1602, including but not limited to, CPLR § 1602(7).

344.     The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

<u>AS AND FOR A ELEVENTH CAUSE OF ACTION<br>FOR NEGLIGENCE - ALL DEFENDANTS</u>

345.     Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1 through 343 inclusive, with the same force and effect as if the Plaintiff hereinafter set forth at length.

346.     That this action falls within one or more of the exemptions set forth in CPLR §1602.

347.     At all times mentioned the Plaintiff herein, Defendants **YAAKOV KLAR,** and **"CHAI LIFELINE"** were, and still are, the owner of a professional office or business for psychotherapy, therapy, mental health, social work and/or treatment for children with trauma and/or mental health issues.

68

348.      At all times mentioned the Plaintiff herein, Defendants **YAAKOV KLAR** and "**CHAI LIFELINE**" owned, operated, controlled, and managed a practice for psychotherapy, therapy, mental health, social work and/or treatment pursuant to the laws of the State of New York for the care of the sick or with mental health issues, which provided personnel, including social workers, therapists, doctors, nurses, attendants and/or others for the care and treatment of children and which held itself out to the public as furnishing treatment facilities where children, including the Plaintiff could be treated for various mental health issues.

349.      At all times mentioned the Plaintiff herein, Defendant **YAAKOV KLAR** was a therapist duly licensed to practice social work, therapy, psychotherapy, mental healthcare and/or treatment in the State of New York.

350.      At all times mentioned the Plaintiff herein, Defendant "**CHAI LIFELINE**" owned, operated, maintained, managed and/or used the premises where YAKOV DAVID KLAR worked, treated, assisted, counseled, provided social work, provided therapy and/or performed his duties and responsibilities for Defendant "CHAI LIFELINE".

351.      At all times mentioned the Plaintiff herein, Defendant **YAAKOV KLAR** held themself out to be a therapist, psychotherapist, social worker, mental health therapist and/or counselor offering professional services to the public in general, and to Plaintiff, in particular both individually and as an employee of Defendants "CHAI LIFELINE" and "YESHIVA".

352.      At all times mentioned the Plaintiff herein, Defendant **YAAKOV KLAR** represented that he was competent to perform and render all the care, treatment, services and advice required

69

FILED: NEW YORK COUNTY CLERK 08/18/2021 01:56 PM

INDEX NO. 951468/2021

NYSCEF DOC. NO. 1

Page 71 of 77

RECEIVED NYSCEF: 08/18/2021

by the Plaintiff both individually and as an employee of Defendants "CHAI LIFELINE" and "YESHIVA".

353.    At all times mentioned the Plaintiff herein, Defendant **YAAKOV KLAR** was an employee of Defendants "CHAI LIFELINE", "YESHIVA" and his own practice.

354.    At all times mentioned the Plaintiff herein, Defendant **YAAKOV KLAR** was an agent of Defendants "CHAI LIFELINE", "YESHIVA" and his own practice.

355.    At all times mentioned the Plaintiff herein, Defendant **YAAKOV KLAR** was a licensee of Defendants "CHAI LIFELINE", "YESHIVA" and his own practice.

356.    At all times mentioned the Plaintiff herein, Defendants **YAAKOV KLAR** "YESHIVA" and "CHAI LIFELINE" stood in such a relationship with each other in their care and treatment of Plaintiff as to make each liable for the acts and omissions of the other.

357.    Plaintiff sought the professional care of Defendant **YAAKOV KLAR** for certain mental health complaints, including those complaints which required a licensed therapist, licensed psychotherapist, licensed clinical social worker and/or for mental health complaints, from which Plaintiff was suffering, and the Defendants, their agents, servants and employees rendered care, diagnosis, treatment and services to Plaintiff.

358.    Plaintiff sought the professional care of Defendant **"CHAI LIFELINE"** for certain mental health complaints, including those complaints which required a licensed therapist, licensed psychotherapist, licensed clinical social worker and/or for mental health complaints,

70

Case 1:24-cv-09670-VSB    Document 5-3    Filed 12/19/24    Page 72 of 77

from which Plaintiff was suffering, and this Defendant rendered care, diagnosis, treatment and services to Plaintiff.

359.    Plaintiff was a student at Defendant "YESHIVA" as a minor child where Defendant YAKOV DAVID KLAR was employed as a teacher, principal, counselor, social worker, employee, agent and/or servant of "YESHIVA".

360.    The above school or facility provided, education, tutoring, care, social work, diagnosis, treatment, and/or services rendered to Plaintiff, which were rendered carelessly, unskillfully, negligently, and not in accordance with accepted educational standards, counseling, diagnosis, treatment, services, and safety for children in the community.

361.    By reason of the above, Plaintiff has sustained great pain, agony, injury, suffering, disability, and health consideration, as well as mental anguish and emotional distress.

362.    Plaintiff's Eleventh Cause of Action against the Defendants is timely, pursuant to The Child Victims Act that was enacted into law on February 14, 2019.  Indeed, Plaintiff alleges that the Defendants committed intentional or negligent acts or omissions which resulted in Plaintiff suffering physical, psychological or other injuries or conditions as a direct and proximate result of conduct which constitutes a sexual offense committed against a child less than eighteen years of age, as defined in Article 130 of the New York Penal Law.  This action, moreover, has been filed not earlier than six months after, and not later than one year and six months after, the effective date of the newly added CPLR § 214-g (February 14, 2019).

71

FILED: NEW YORK COUNTY CLERK 08/18/2021 02:56 PM INDEX NO. 951468/2021
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 08/18/2021
NYSCEF DOC. NO. 1

363.     It is hereby alleged pursuant to CPLR § 1603 that the foregoing cause of action is exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided in CPLR § 1602, including but not limited to, CPLR § 1602(7).

364.     By reason of the above, Plaintiff has sustained damages, both general and special, in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction which would otherwise have jurisdiction.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### FOR A LOSS OF CONSORTIUM - ALL DEFENDANTS

365.     Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1 through 364 inclusive, with the same force and effect as if the Plaintiff hereinafter set forth at length.

366.     At all times the Plaintiff herein mentioned, MARY DOE, the Plaintiff's WIFE, was the lawfully wedded wife of the plaintiff, and as such, was entitled to the services, earnings, consortium and society of the Plaintiff.

367.     As a result of the defendant's negligence, this plaintiff lost the said services, earnings, consortium and society of the Plaintiff, and was caused to expend monies in the care and treatment of the injuries so sustained by the Plaintiff's WIFE.

368.     Due to defendant's negligence, Plaintiff's WIFE is entitled to compensatory damages.

369.     Plaintiff's Twelfth Cause of Action against the Defendants is timely, pursuant to The Child Victims Act that was enacted into law on February 14, 2019. Indeed, Plaintiff alleges that

72

the Defendants committed intentional or negligent acts or omissions which resulted in Plaintiff suffering physical, psychological, or other injuries or conditions as a direct and proximate result of conduct which constitutes a sexual offense committed against a child less than eighteen years of age, as defined in Article 130 of the New York Penal Law.  This action, moreover, has been filed not earlier than six months after, and not later than one year and six months after, the effective date of the newly added CPLR § 214-g (February 14, 2019).

370.     It is hereby alleged pursuant to CPLR § 1603 that the foregoing cause of action is exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided in CPLR § 1602, including but not limited to, CPLR § 1602(7).

371.     The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff(s) demand(s) judgment against the Defendants the Plaintiff herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: New City, NY
       August 11, 2021

       Respectfully submitted,
       DARREN J. EPSTEIN, ESQ., P.C.          KEVIN T. MULHEARN, P.C.

       Darren J. Epstein /S                  Kevin T. Mulhearn /S
       _____             _____
       DARREN J. EPSTEIN, ESQ.              KEVIN T. MULHEARN, ESQ.

73

254 South Main Street, Suite 406
New City, New York 10956
(845) 634-6800
darren@depsteinesq.com

60 Dutch Hill Road, Suite 6B
Orangeburg, New York 10962
(845) 222-8092
kmulhearn@ktmlaw.net

74

Case 1:24-cv-09670-VSB     Document 5-3     Filed 12/19/24     Page 76 of 77

## VERIFICATION

STATE OF NEW YORK          )

                           ) ss

COUNTY OF ROCKLAND         )

I, DARREN J. EPSTEIN, ESQ., the undersigned, an attorney duly admitted to practice law in New York State, hereby state and affirm, under penalty of perjury, that I am one of the attorneys for Plaintiff in the above-entitled action.

I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to those matters stated therein to be alleged on information and belief, and as to those matters, I believe them to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are based upon my reasonable belief in those matters, numerous communications with my client, the materials and documents in my file, and the investigations conducted by my office.

This verification is made by me and not by my clients because Plaintiff, my client, resides outside of Rockland County, the County where I maintain my office.

Dated:  August 12, 2021                    *Darren Epstein /S*
                                           _____
                                           DARREN J. EPSTEIN, ESQ.

75

FILED: NEW YORK COUNTY CLERK 12/02/2024 10:57 AM
NYSCEF DOC. NO. 3
INDEX NO. 161011/2024
RECEIVED NYSCEF: 12/02/2024