# EXHIBIT B-2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------

John Doe (A Pseudonym) and Mary Doe (A Pseudonym),

                                          Plaintiffs,

-against-                                     Index No.:

MARKEL, EVANSTON INSURANCE COMPANY,

                                          Defendant.

-----------------------------------------------------------------

**PLAINTIFF'S AFFIRMATION AND MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE ORDER TO SHOW CASE TO PROCEED ANONYMOUSLY AS "JOHN DOE AND MARY DOE" IN THIS LITIGATION**

Dated: November 14, 2024                      Respectfully submitted,

                                              DARREN J. EPSTEIN, ESQ
                                              Epstein Legal Services, P.C.
                                              254 South Main Street, Suite 400
                                              New City, New York 10956

                                              *Attorneys for Plaintiff*

**TABLE OF CONTENTS**

| | PAGE: |
|---|---|
| **TABLE OF AUTHORITIES** | ii |
| **STATEMENT OF FACTS** | 2 |
| **ARGUMENT** | 5 |
| I. THE PRIVACY INTEREST OF PLAINTIFF IN PROCEEDING ANONYMOUSLY OUTWEIGHS THE GENERAL PRESUMPTION FAVORING OPEN PROCEEDINGS | 5 |
| 1. This Litigation Involves "Highly Sensitive and Personal" Matters | 6 |
| 2. Publication of Plaintiff's Real Name Poses a Substantial Risk of Emotional Harm to Plaintiff as Well as Innocent Third Parties | 7 |
| 3. The Suit Is Challenging the Actions of a Private Party, Rather Than the Government | 8 |
| 4. Defendant Will Not Be Prejudiced If Plaintiff is Allowed to Proceed Anonymously | 8 |
| 5. Plaintiff's Identity Has Thus Far Been Kept Confidential | 9 |
| **CONCLUSION** | 10 |

## TABLE OF AUTHORITIES

**PAGES:**

**CASES:**

*Anonymous v. Lerner*, 124 A.D.3d 487 (1st Dept. 2015).     5

*Doe v. Bellmore-Merrick Cen. H.S. Dist.*, 1 Misc.3d 697
    (Sup. Ct., Nassau Cty. 2003).     6

*Doe v. NYU*, 6 Misc.3d 866 (Sup. Ct., NY Cty. 2004).     6-7

*Doe v. Roman Catholic Archdiocese of NY*,
    2019 NY Slip Op. 51216 (U) (Sup. Ct., Westchester Cty., July 31, 2019).     8

*Doe v. Shakur*, 164 FRD 359 (SDNY 1996).     9-10

*Doe v. Szul Jewelry, Inc.*, 2008 NY Slip. Op. 31382 (Sup. Ct., NY Cty. 2008).     6

*JOHN DOE (A Pseudonym) AND MARY DOE v. Nicholas Kara* (Supreme Court, Queens County,
    September 27, 2019: Index No. 714910/2019).     2, 6, 8-9

*Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2d Cir. 2008).     5, 7

**STATUTES & TREATISES:**

Governor Mario Cuomo, July 1, 1991 Governor's Memorandum in
    Support of New York Civil Rights Law § 50-b     7

New York Civil Rights Law § 50-b     7

New York CPLR § 214-g ("The Child Victims Act")     *et seq.*

## AFFIRMATION AND MEMORANDUM OF LAW

Plaintiff, JOHN DOE (A PSEUDONYM) AND MARY DOE (A PSEUDONYM), by and through their attorneys, Darren Jay Epstein, Esq., a member of Epstein Legal Services, P.C., and Kevin T. Mulhearn, Esq., a member of KEVIN T. MULHEARN, P.C., hereby submits this Affirmation and Memorandum of Law in Further Support of their Motion to Proceed Anonymously as "JOHN DOE (A PSEUDONYM) AND MARY DOE (A PSEUDONYM)" in this Litigation. The complaint filed in this action is for declaratory relief related to the amount of coverage that the Defendant MARKEL, EVANSTON INSURANCE COMPANY (Hereinafter MARKEL) has on behalf of a defendant, CHAI LIFELINE, INC. (Hereinafter, CHAI LIFELINE), in the underlying action.

Plaintiff will be looking to consolidate these matters for the purpose of the declaratory relief sought on behalf of the Plaintiffs pursuant to the insurance agreement between Defendant MARKEL and CHAI LIFELINE.

## STATEMENT OF FACTS

Pursuant to the Order to Show Cause (and supporting papers) dated November 14, 2024, Plaintiffs, JOHN DOE (A PSEUDONYM) AND MARY DOE (A PSEUDONYM), have moved this Court for permission to remain anonymous in this litigation.

Attached hereto as Exhibit 1 are the prior confidentiality orders granting anonymity of JOHN DOE (A PSEUDONYM) AND MARY DOE (A PSEUDONYM), additionally there is the Decision and Order dated November 9, 2021 by the Honorable Deboroah Kaplan (Exhibit 2) granting the Anonymous designation. Plaintiffs have provided a redacted copy of the affidavits signed by Plaintiffs under their anonymous names (Exhibit 3), and all of these documents (Exhibits 1, 2 & 3) were filed in the underlying action under Index No.: 951468/2021.

Plaintiff JOHN DOE alleges that as a minor child he was forced to submit to sexual abuse, rape, sodomy and/or sexual acts by a therapist, employee, servant and/or counselor of CHAI LIFELINE while inside properties owed, operated, leased, rented supervised, managed and/or maintained by CHAI LIFELINE, for a prolonged period of time, and that this sexual abuse has had an extraordinarily negative and profound impact on all aspects of his life, and he has severe and permanent injuries. (See, Exhibit 4, the Complaint in the underlying action).

Plaintiff alleges that as a member of the religious community and community in which his family lives, he fears that he will suffer further mental anguish, trauma, humiliation, re-victimization, additional emotional harm, severe stigmatization, ostracization, and social repercussions, should his identity be publicly revealed. (See Plaintiffs Affidavit, Exhibit 3).

The Plaintiff is also deeply concerned that publication of his true name in connection with this proceeding will have a substantial negative impact on his children, who are entirely innocent parties. His children are both under twelve-years-old and both are enrolled as students at schools within and controlled by the religious community. He is extremely concerned that her children will be teased, tormented, or harassed, by their peers, or others, and/or otherwise suffer severe emotional distress, in the event that it becomes known that their mother is suing the school district in which they attend school for sexual abuse. (See Exhibit 3).

Plaintiff's attorneys have provided their real names to both the Court and each of the Defendants.

For the purpose of discovery, Plaintiff consented to the provide their real names.

## ARGUMENT

I. **THE PRIVACY INTEREST OF PLAINTIFF IN PROCEEDING ANONYMOUSLY OUTWEIGHS THE GENERAL PRESUMPTION FAVORING OPEN PROCEEDINGS**

In making a determination as to whether to permit a party to proceed in a litigation under a pseudonym, a court must "use its discretion in balancing a plaintiff's privacy interest against the presumption in favor of open trials and against any prejudice to defendant.' *Anonymous v. Lerner*, 124 A.D.3d 487, 487 (1st Dept. 2015).

This balancing of interests entails the consideration of several factors that have been identified by numerous New York state and federal courts that have tackled the anonymity issue, including: (1) whether the litigation that involves matters that are "highly sensitive and of a personal nature;" (2) whether identification poses a risk of mental harm to the party seeking to proceed anonymously, or "even more critically, to innocent non-parties"; (3) whether the suit is challenging the actions of the government or that of private parties; (4) whether the defendant is prejudiced by allowing the plaintiff to press her claims anonymously; and (5) whether the plaintiff's identity has thus far been kept confidential. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008).

The above-cited factors, indeed, tilt heavily in Plaintiff's favor and thus support Plaintiff's application for the use of a pseudonym in this case, as was allowed in the underlying case.5

### 1. This Litigation Involves "Highly Sensitive and Personal" Matters

In *Doe v. Szul Jewelry, Inc.*, 2008 NY Slip. Op. 31382 (Sup. Ct., NY Cty. 2008), which involved a videotape that depicted plaintiff in a sexually suggestive manner, Justice Kornreich engaged in a detailed analysis of the legal standard in a case involving the requested use of a pseudonym. As the evidence would "no doubt center on information about plaintiff of a sensitive and highly personal nature," the court granted plaintiff's motion to proceed

anonymously. *Id.* at *13-14. Here, where Plaintiff alleges that she was sexually abused by defendant as a child, the core facts are far more "sensitive" and "highly personal" than in *Szul*.

In *Kara*, a recent Child Victims Act case, Justice Silver emphasized that "plaintiff, as the alleged victim of sexual abuse, has undoubtedly suffered great emotional distress" and that the case "will no doubt center on information about plaintiff of a sensitive and highly personal nature." (Ex. B at 2). The *Kara* Court thus granted plaintiff's motion to proceed in her litigation as anonymous. An identical result is warranted for this case.

Justice Kara's decision in *Kara* details with other New York cases in which alleged sexual assault victims have been permitted to proceed anonymously in civil cases because of the highly sensitive and personal nature of their claims. *See Doe v. Bellmore-Merrick Cen. H.S. Dist.*, 1 Misc.3d 697 (Sup. Ct., Nassau Cty. 2003) (plaintiff permitted to proceed anonymously in civil sexual assault case); *Doe v. NYU*, 6 Misc.3d 866 (Sup. Ct., NY Cty. 2004) (plaintiff permitted to proceed anonymously in civil sexual assault case); *Sealed Plaintiff*, 537 F.3d at 190-191 (Second Circuit vacated lower court order that denied plaintiff's (an alleged sexual assault victim) application to prosecute her claims under a pseudonym).

In *Doe v. NYU*, the court noted that Governor Mario Cuomo, in his July 1, 1991, Governor's Memorandum in Support of New York Civil Rights Law § 50-b, stated as follows: "[S]exual assault victims have unfortunately had to endure a terrible invasion of their physical privacy. They have a right to expect that this violation will not be compounded by a further invasion of their privacy. The release of identifying information [of a victim of crime] does not serve the interests of justice. Indeed it does a gross disservice to both the victim and the public. Concerns pertaining to privacy sometimes result in a victim failing to report a sexual offense." 6 Misc.3d at 880. Although Civil Rights Law § 50-b applies solely to public officials and is thus

not directly applicable to the case at bar, the sentiments of the late Governor Cuomo—just as true now as then—weigh in favor of Plaintiff's within application.

2. **Publication of Plaintiff's Real Name Poses a Substantial Risk of Emotional Harm to Plaintiff as Well as Innocent Third Parties**

The second factor weighing in favor of anonymity, the risk of harm to a plaintiff and innocent third parties (here, their children), *see Sealed Plaintiff*, 537 F.3d at 190, is implicated in this case. Plaintiff has expressed concern that publication of her true name in connection with this proceeding will have a substantial negative emotional impact on their children, who are both under twelve-years-old and both are enrolled as students at schools within and controlled by religious community. Plaintiffs are extremely concerned that their children will be teased, tormented, or harassed, by their peers, or others, and/or otherwise suffer severe emotional distress, in the event that the facts of the sexual abuse suffered by the Plaintiff John Doe become public in the community and the religious schools their children attend.

In *Doe v. Roman Catholic Archdiocese of NY*, 2019 NY Slip Op. 51216 (U) (Sup. Ct., Westchester Cty., July 31, 2019), the petitioner requested anonymity in part because he did not want to expose his three children (who were in college, high school, and middle school, and—unlike here, knew about the alleged incident) to any potential embarrassment as a result of discussion of this matter in their schools. *Id.* at *4. Justice Ruderman denied petitioner's request for anonymity because petitioner absolutely refused to identify himself to either the Court or respondent. *Id.* at *7-8. Justice Ruderman suggested, however, that her decision may well have been different if "defendants knew plaintiff's true identity and/or the plaintiff had consented to the use of his . . . legal name for discovery purposes." *Id.* at *8.

Here, Plaintiffs have provided Defendants and this Court with their true name in the underlying proceedings and have agreed to the use of their true name for discovery purposes. These are key distinctions that should make a difference in the Court's analysis.

3. **The Suit Is Challenging the Actions of a Private Party, Rather Than the Government**

In *Kara*, Justice Silver noted that "this case has not been brought against a government entity, a factor this court believes would militate in favor of the public's right to know." (Ex. B at 2). Likewise, Justice Kornreich, in *Szul*, arrived at the same conclusion for the same reasons. 2008 NY Slip. Op. 31382 at *13.

4. **Defendant Will Not Be Prejudiced If Plaintiff is Allowed to Proceed Anonymously**

As Defendants are aware of the Plaintiffs true names and may proceed with discovery knowing Plaintiffs legal name, "[he] is not prejudiced at this time." *Szul*, 2008 NY Slip. Op. 31382 at *13. The problem with denying anonymity is that it would deter Plaintiffs in these cases from coming forward. "The only purpose revelation of [P]laintiff's name could have would be to further discomfit [P]laintiff and perhaps deter her from litigating the matter." *Id.*; *see also*, *Kara*. As Justice Silver emphasized in his orders (Exhibit 1), the forced revelation of Plaintiff's true name "would undoubtedly undermine the very purpose for which the [Child Victims Act] was created."

There is no "prejudice" to the Defendant in this action if Plaintiff is allowed to proceed anonymously since the Court already made them anonymous in the underlying action, the plaintiffs provided defendants with their true names and have agreed to its use for discovery purposes. Thus, any argument that they will suffer "prejudice" if they are permitted to continue this litigation as "JOHN DOE (A Pseudonym) AND MARY DOE" is thus specious.

### 5. Plaintiff's Identity Has Thus Far Been Kept Confidential

Plaintiff has thus far kept her identity confidential, except for providing the Court and Defendants' counsel with their true names. Accordingly, since the complaint which is the subject of this lawsuit is for declaratory relief in the underlying lawsuit we respectfully submit that this Court should maintain the anonymity of the Plaintiffs as this matter should be consolidated with the underlying matter under Index No.: 951468/2021.

### CONCLUSION

For all of these reasons, Plaintiff has established that the above-referenced factors in favor of continued anonymity heavily outweigh any presumption of openness that would compel public disclosure of their true name. A judge within this courthouse, on the underlying case under Index No.: 951468/2021, determined that their names should be anonymous and the matter sealed. Accordingly, this Honorable Court should grant Plaintiff's motion to continue to proceed in this litigation under a "JOHN DOE (A PSEUDONYM) AND MARY DOE" designation in its entirety and seal the record, and grant Plaintiff any other, different, or further relief to which this Court may seem just, proper, or necessary.

Dated: November 14, 2024
New City, New York

KEVIN T. MULHEARN, P.C.
*Kevin T. Mulhearn* /S
BY: KEVIN T. MULHEARN, ESQ.
60 Dutch Hill Road, Suite 6B
Orangeburg, NY 10962
(845) 222-8092
kmulhearn@ktmlaw.net     and

~~DARREN JAY EPSTEIN, ESQ., P.C.~~
«FIRM_DETAILS__Firm_name»
«FIRM_DETAILS__Street_address_down_har»
«FIRM_DETAILS__Phone_formatted»
djepsteinesq@gmail.com