# EXHIBIT B-3

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY
PRESENT: <u>DEBORAH A. KAPLAN</u>
*Justice*

---

JOHN DOE and MARY DOE,

      **Plaintiff**

    - v -

YAAKOV DAVID KLAR et al,

      **Defendant(s)**

Index No. 951468/2021

Hon. DEBORAH A. KAPLAN
Justice Supreme Court

---

The following papers numbered 1 to 1 were read on this motion (Seq. No. 001) for **ANONYMOUS CAPTION** (*see* CPLR §2219 [a]):

| | |
|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | No(s). 1 |
| Answering Affidavit and Exhibits | No(s). |
| Replying Affidavit and Exhibits | No(s). |

Upon the foregoing papers, it is ordered that the instant Order to Show Cause is resolved by the attached decision and so-ordered stipulation.

Dated: 11-8-21            Hon. *Deborah Kaplan*
                                               DEBORAH A. KAPLAN, J.S.C.

---

1. CHECK ONE.............................................. ☐ CASE DISPOSED IN ITS ENTIRETY ■ CASE STILL ACTIVE

2. MOTION IS................................................. ■ GRANTED ☐ DENIED ☐ GRANTED IN PART ☐ OTHER

3. CHECK IF APPROPRIATE........................ ☐ SETTLE ORDER ☐ SUBMIT ORDER

                                                        ☐ FIDUCIARY APPOINTMENT ☐ REFEREE APPOINTMENT

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
JOHN DOE and MARY DOE,                          Index No. 951468/2021

        **Plaintiff**

- v -

THE CHILDREN'S VILLAGE et al,

        **Defendant(s)**

                                          Hon. DEBORAH A. KAPLAN
                                          Justice Supreme Court
-----------------------------------------------------------------X

**HON. DEBORAH A. KAPLAN:**

      With the instant application plaintiffs move, by Order to Show Cause, for permission from this court to proceed in anonymity during this action.

## ARGUMENT

      Plaintiffs argue that allowing plaintiffs to proceed under a pseudonym would spare plaintiffs from the stigmatization and potential embarrassment that may arise as the result of the adjudication of this matter in a public forum. Plaintiffs, like other similarly situated plaintiffs, are especially concerned about renewed scrutiny that may ensue due to New York State's enactment of the Child Victims Act (L. 2019 c.11) ("CVA") which, *inter alia*, (1) extends the statute of limitations on criminal cases involving certain sex offenses against children under 18 (*see* CPL §30.10 [f] ); (2) extends the time which civil actions based upon such criminal conduct may be brought until the child victim reaches 55 years old (*see* CPLR §208 [b]); and (3) opens a one-year window reviving civil actions for which the statute of limitations has already run (even in cases that were litigated and dismissed on limitations grounds), commencing six months after the effective date of the measure, i.e. August 14, 2019 (*see* CPLR §214-g). Indeed, plaintiffs maintain that this case is likely to draw attention from the media, and if plaintiffs are not allowed to proceed under a pseudonym, increased media attention may lead to a chilling effect that may inhibit plaintiffs and other alleged victims of abuse from coming forward.

      Defendants were duly served with the instant Order to Show Cause, and none submitted opposition. Indeed, agreement was reached with plaintiff with respect to the instant Order to Show Cause (*see* attachment). While the relief herein is either unopposed or has been agreed to via stipulation, the court finds that a decision reflecting its deliberation on the application herein is warranted. Accordingly, the decision and order that follows reflects the court's determination notwithstanding any agreement reached by stipulation.

2

## DISCUSSION

In general, "[t]he determination of whether to allow a plaintiff to proceed anonymously requires the court to use its discretion in balancing plaintiff's privacy interest against the presumption in favor of open trials and against any prejudice to defendant" (*Anonymous v. Lerner*, 124 AD3d 487, 487 [1st Dept 2015] [internal quotation marks and citations omitted]; *see J. Doe No. 1 v. CBS Broadcasting, Inc.*, 24 AD3d 215 [1st Dept 2005]; *see also Doe v. Szul Jewelry, Inc.*, 2008 NY Slip Op 31382 [U] [Sup Ct, NY County 2008]). Among the recognized values of open access to civil proceedings is that "the bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud" (*Danco Labs. v. Chemical Works of Gedeon Richter*, 274 AD2d 1, 7, [1st Dept 2000]). Likewise, the very openness of the process should provide the public "with a more complete understanding of the judicial system and a better perception of its fairness" and serves to "ensure that [the proceedings] are conducted efficiently, honestly and fairly" (*Danco*, 274 AD2d at 7, *supra*).

However, the right of the public, and the press, to access judicial proceedings is not absolute or unfettered, and involves judicial discretion (*Lerner*, 124 AD3d at 487, *supra*). Moreover, access may still be respected in keeping with constitutional requirements while sensitive information is restricted in keeping with "the State's legitimate concern for the well-being" of an individual (*Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 606 [1982]).

A plaintiff's privacy interests, although not recognized under New York State's common law, are found in the Civil Rights Law ("CRL") (*see Stephano v. News Group Publications, Inc.*, 64 NY2d 174, 182 [1984]; *Arrington v. New York Times Co.*, 55 NY2d 433, 440 [1982]). Indeed, pursuant to CRL §50-b "The identity of any victim of a sex offense, as defined in article one hundred thirty or section 255.25, 255.26, or 255.27 of the penal law, or of an offense involving the alleged transmission of the Human Immunodeficiency Virus, shall be confidential...." However, this statute does not apply to everyone claiming to have been the victim of a sexual assault. Rather, the statute was enacted to spare victims of sexual assault the embarrassment of being publicly identified in the news media and to encourage such victims to cooperate in the prosecution of sexual offenses (*see* New York Bill Jacket, 1999 S.B. 5539, Ch. 643). Courts have afforded victims of sexual offenses protection under CRL §50-b where there has either been an arrest and prosecution, or there is an investigation (*see People v. McDaniel*, 81 NY2d 10 [1993]).

In addition, while "[i]t is elementary that the primary function of a pleading is to apprise an adverse party of the pleader's **claim**", the same does not necessarily apply to a pleader's name (*Cole v. Mandell Food Stores, Inc.*, 93 NY2d 34, 40 [1999][emphasis added]).

The instant case involves alleged acts that will no doubt center on information about plaintiff of a sensitive and highly personal nature. The court recognizes that plaintiffs, as the alleged victim of sexual abuse, alleges that plaintiffs has suffered great emotional distress. In contrast, defendants are largely institutions, and therefore are not prejudiced at this time.

3

Revelation of plaintiffs' name could unsettle the plaintiffs and perhaps deter the plaintiffs from litigating this matter. Such an outcome would undoubtedly undermine the very purpose for which the CVA was enacted.

     Notably, a grant of anonymity by this court impacts far less on the public's right to open proceedings than does the actual closing of a courtroom or the sealing of records – issues that are presently not before this court. In this court's view the public ultimately has an interest in seeing this case determined on its merits, after the parties have had an opportunity to fully and properly litigate the issues presented. Anonymity, at this juncture, will preserve the integrity of that stated objective.

     Accordingly, it is, for the reasons stated above, hereby

     ORDERED that plaintiffs' motion to file a complaint and proceed herein under a pseudonym, rather than in plaintiffs' legal name, and to proceed throughout this action under such pseudonym, rather than in plaintiffs' own name, is granted; and it is further

     ORDERED that in accordance with this court's decision and order, the parties are directed to comply with the conditions reflected in the annexed stipulation and/or contained within this court's Case Management Orders; and it is further

     ORDERED that the court shall issue a separate notice to the parties regarding a future appearance in this matter.

     The foregoing constitutes the decision and order of this court.

**Dated:** 11-8-21

                                                             _Deborah Kaplan_
                                                **DEBORAH A. KAPLAN, J.S.C.**