UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

John Doe (A Pseudonym) and Mary Doe (A Pseudonym)

                          Plaintiffs, **NOTICE OF MOTION**
-against- **TO REMAND**

MISC. CASE No.:
24-cv-09670-VLB-KHP

MARKEL, EVANSTON INSURANCE COMPANY,

                      Defendants.

---

**PLEASE TAKE NOTICE**, that upon the annexed affirmation of Darren Epstein, Esq., duly affirmed on January 22, 2025, together with the Exhibits annexed thereto, and upon all the pleadings and proceedings heretofore had herein, the undersigned will move this Court, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, on the 31st Day of January, at 9:30 o'clock in the forenoon, or as soon thereafter as counsel can be heard for an order remanding this case to the Supreme Court of the State of New York, County of New York, and for such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that answering affidavits, if any, are to be served upon the unsigned within seven (7) days prior to the return date of the within application.

Dated: New City, NY
      January 22, 2025

                                    Yours, etc.

                                    DARREN EPSTEIN
                                    Epstein Legal Services, P.C.
                                    254 South Main Street

Suite 406
New City, NY 10956

Tel: 845-634-6800
Fax: 845-634-6801
Email: Darren@depsteinesq.com
Our File No. 21-1203

TO: Evan Shapiro, Esq.
SKARZYNSKI MARICK & BLACK, LLP
One Battery Park, Plaza, 32nd Floor
New York, New York 10004
Email: eshapiro@skarzynski.com
Attorneys for Defendant Evanston Insurance Co.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John Doe (A Pseudonym) and Mary Doe (A Pseudonym)

                                                              Plaintiffs, **AFFIRMATION IN SUPPORT**

-against-

                                                                     MISC. CASE No.:
                                                                     24-cv-09670-VLB-KHP

MARKEL, EVANSTON INSURANCE COMPANY,

                                                                       Defendants.

Darren Epstein, Esq., an attorney, admitted to practice before the Courts of this State affirms the truth of the following under the penalty of perjury:

1. I am a member of EPSTEIN LEGAL SERVICES, P.C., attorneys for the Plaintiff(s) herein and as such I am fully familiar with the facts and circumstances of this action based upon a review of the case file and the investigation materials contained therein.

2. This affirmation is submitted in connection with the Plaintiff's application to remand this case to Supreme Court of the State of New York, County of New York.

3. Plaintiff, through undersigned counsel, file this Motion for Remand. For the reasons set forth in this motion and as more fully explained in the accompanying memorandum in support, plaintiffs request that this court remand this action to the Supreme Court of the State of New York, County of New York.

4. Plaintiff JOHN DOE alleges that as a minor child he was forced to submit to sexual abuse, rape, sodomy and/or sexual acts by a therapist, employee, servant and/or counselor of CHAI

LIFELINE, INC., (Hereinafter, CHAI LIFELINE) while inside properties owed, operated, leased, rented supervised, managed and/or maintained by CHAI LIFELINE, for a prolonged period of time, and that this sexual abuse has had an extraordinarily negative and profound impact on all aspects of his life, and he has severe and permanent injuries. (See, Defendant's Exhibit A-2, the Complaint in the underlying action).

5. CHAI LIFELINE had purchased an insurance agreement from Defendant MARKEL, EVANSTON INSURANCE COMPANY, (Hereinafter, MARKEL) (See, Defendant's Exhibit A-1). CHAI LIFELINE is a New York resident and upon information and belief, the insurance policy they purchased was done in New York.

6. The original lawsuit against the defendants Yaakov David Klar, Yeshiva Tzoin Yosef and Chai Lifeline, Inc., Cheder Chabad of Monsey, Yeshivth Kehilath Yakov of Monsey a/k/a Yeshiva Kehilath Yakov, Inc., are based solely on state law.

7. Plaintiffs are citizens of New York. Defendant CHAI LIFELINE is also a citizen/resident of New York.

8. On December 16, 2024, defendants MARKEL filed a Notice of Removal with this court, alleging that complete diversity exists, and that defendants MARKEL was a citizen of Illinois, thus, creating diversity.

9. For the reasons discussed in the accompanying memorandum, the citizenship of defendants is New York, based on their insured's citizenship (See 28 U.S.C.A. §1332(c)(1)(A)).

10. An insurance corporation is deemed a citizen of the state of which the insured is a citizen when a direct action has been taken against the insurer of a policy when the insured is not joined as a party-defendant. (See, 28 U.S.C.A. §1332(c)(1)(A)).

11. Because this court lacks subject matter jurisdiction, this case must be remanded under 28 U.S.C.A. § 1447(c). Additionally, plaintiff's requests that the court require the removing defendants to pay plaintiffs' costs and expenses, including attorney's fees, incurred as a result of the removal, under 28 U.S.C.A. § 1447(c).

THEREFORE, plaintiffs respectfully request that the court: (1) grant oral argument on this motion; (2) grant this motion and remand this case to Supreme Court of the State of New York, County of New York; and (3) order the removing defendants, MARKEL, and their attorneys to pay all plaintiffs' costs and expenses, including attorney's fees, incurred because of the wrongful removal of this action.

**WHEREFORE**, it is respectfully requested that the Court direct that this case be restored to the trial calendar and grant such other and further relief as this Court deems just and proper.

Dated: New City, NY
      January, 22, 2025

_____
DARREN EPSTEIN, Esq.

# TABLE OF AUTHORITIES

Cases

Allstate Vehicles v. Allstate Ins. Co.,
    620 F.Supp. 444 (S.D.N.Y. 1985)...................................................3
Bourget v. Government Employees Insurance Co.,
    313 F. Supp. 367, 371 (D.Conn. 1970).............................................7
Columbian Chems. Co. v. Brandywine Grp. of Ins. & Reinsurance Cos.,
    No. 15-382-JJB-RLB, 2015 U.S. Dist. LEXIS 175670 (M.D. La. Dec. 15, 2015).....6
Gateway Residences at Exch., LLC v. Ill. Union Ins. Co.,
    917 F.3d 269 (4th Cir. 2019).....................................................6
Gorman v. Schiele, Civ. Action
    No. 15-0790, 2016 U.S. Dist. LEXIS 84572, 2016 WL 3583640,
    at *4 (M.D. La. May 20, 2016)....................................................6
Hernandez v. Travelers Ins. Co.,
    489 F.2d 721, 723 (5th Cir. 1974))..............................................6,7
Irvin v. Allstate Insurance Co.,
    436 F. Supp. 575, 576 (W.D.Okla. 1977)..........................................7
Kong v. Allied Prof'l Ins. Co.,
    750 F.3d 1295, 1299 (11th Cir. 2014) ............................................5
R&R adopted,
    2016 U.S. Dist. LEXIS 83680, 2016 WL 3580669 (M.D. La. June 28, 2016)..........6
Rayburn v. Colonial Penn Franklin Ins. Co.,
    No. 98-3136, 1998 U.S. Dist. LEXIS 23464 (E.D. La. Dec. 15, 1998).................3
Russell v. Liberty Ins. Underwriters, Inc.,
    950 F.3d 997, 1002 (8th Cir. 2020)...............................................7
State Farm Mut. Auto. Ins. Co. v. Fatiha,
    2021 WL 1910658 (S.D.N.Y. 2021)................................................2
Velez v. Crown Life Insurance Co.,
    599 F.2d 471, 473 (1st Cir. 1979).................................................7
Walker v. Firemans Fund Insurance Co.,
    260 F. Supp. 95, 96 (D.Mont. 1966)...............................................7

Statutes

28 U.S.C. § 1332(c)(1)..................................................1, 2, 3, 4, 5, 7

28 USC §1447(c)......................................................5

House Report 112-10...................................................4

# TABLE OF AUTHORITIES

Cases

Allstate Vehicles v. Allstate Ins. Co.,
    620 F.Supp. 444 (S.D.N.Y. 1985)............................................................3
Bourget v. Government Employees Insurance Co.,
    313 F. Supp. 367, 371 (D.Conn. 1970)......................................................7
Columbian Chems. Co. v. Brandywine Grp. of Ins. & Reinsurance Cos.,
    No. 15-382-JJB-RLB, 2015 U.S. Dist. LEXIS 175670 (M.D. La. Dec. 15, 2015).....6
Gateway Residences at Exch., LLC v. Ill. Union Ins. Co.,
    917 F.3d 269 (4th Cir. 2019)...................................................................6
Gorman v. Schiele, Civ. Action
    No. 15-0790, 2016 U.S. Dist. LEXIS 84572, 2016 WL 3583640,
    at *4 (M.D. La. May 20, 2016)................................................................6
Hernandez v. Travelers Ins. Co.,
    489 F.2d 721, 723 (5th Cir. 1974))........................................................6,7
Irvin v. Allstate Insurance Co.,
    436 F. Supp. 575, 576 (W.D.Okla. 1977)..................................................7
Kong v. Allied Prof'l Ins. Co.,
    750 F.3d 1295, 1299 (11th Cir. 2014) ......................................................5
R&R adopted,
    2016 U.S. Dist. LEXIS 83680, 2016 WL 3580669 (M.D. La. June 28, 2016)..........6
Rayburn v. Colonial Penn Franklin Ins. Co.,
    No. 98-3136, 1998 U.S. Dist. LEXIS 23464 (E.D. La. Dec. 15, 1998)..................3
Russell v. Liberty Ins. Underwriters, Inc.,
    950 F.3d 997, 1002 (8th Cir. 2020)..........................................................7
State Farm Mut. Auto. Ins. Co. v. Fatiha,
    2021 WL 1910658 (S.D.N.Y. 2021).........................................................2
Velez v. Crown Life Insurance Co.,
    599 F.2d 471, 473 (1st Cir. 1979)............................................................7
Walker v. Firemans Fund Insurance Co.,
    260 F. Supp. 95, 96 (D.Mont. 1966).........................................................7

Statutes

28 U.S.C. § 1332(c)(1)................................................................1, 2, 3, 4, 5, 7

28 USC §1447(c)........................................................5

House Report 112-10............................................4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John Doe (A Pseudonym) and Mary Doe (A Pseudonym)

                                          Plaintiff,

-against-

MARKEL, EVANSTON INSURANCE COMPANY,

                                          Defendant.

**Memorandum of Law For Motion to Remand**

MISC. CASE No.:
24-cv-09670-VLB-KHP

Darren Epstein, an attorney, duly admitted to practice in the court of New York State, pursuant to CPLR 2106, affirms the following under penalty of perjury based upon a review of the file and upon information and belief:

1. I am the attorney for the Plaintiffs in the above-entitled proceeding and am fully familiar with all the facts and circumstances herein.

2. I make this Motion to Remand because there is no diversity of jurisdiction since the Plaintiff and the Defendant MARKEL Indemnity Company ("MARKEL") are both citizens of New York pursuant to 28 USCA 1332(c)(1)(A).

**NO DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND DEFENDANT EXISTS PURSUANT TO 28 USC 1332(c)(1) AS MARKEL INDEMNITY COMPANY IS DEEMED A CITIZEN OF THE STATE OF NEW YORK**

Defendant, MARKEL Indemnity Company ("MARKEL"), issued a notice of removal from Supreme Court of the State of New York, County of New York, to this Court asserting diversity of citizenship. MARKEL asserts that it is an insurer

existing under the laws of the State of Illinois and is, therefore, not a citizen of New York, the state in which the action was brought. Contrary to the representations of the defendant in its notice of removal, 28 USCA 1332(c)(1)(A) states that they are a citizen of the State where their insured is a resident, in this case it is New York.

3. Diversity jurisdiction has an exception for an insurance company:

**28 U.S.C. § 1332(c)(1)** provides, in pertinent part, as follows:

> "… any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of
> (A) every State and foreign state of which the insured is a citizen;"

4. In other words, if the insurance company has an insured, the insurance companies' citizenship on a direct action is where the insured resides.

5. It is undisputed that CHAI LIFELINE is a citizen of New York. CHAI LIFELINE'S non-diverse citizenship is imputed to MARKEL, maintaining the lack of complete diversity necessary for federal subject matter jurisdiction. *See, generally, State Farm Mut. Auto. Ins. Co. v. Fatiha*, 2021 WL 1910658 (S.D.N.Y. 2021).

6. This matter is considered a direct action against MARKEL. CHAI LIFELINE is not a party to this action and there is no judgment in this case, rather, this is an action against MARKEL for a determination on the amount of coverage available to the Plaintiff.

7. The Court in *Rayburn v. Colonial Penn Franklin Ins. Co., No. 98-3136, 1998 U.S. Dist. LEXIS 23464 (E.D. La. Dec. 15, 1998)* citing the language of the statute, "any direct action against an insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of" the State of which the insured is a citizen, to defeat diversity and remand the matter to the State Court.

8. Pursuant to 28 USCA 1332(c)(1)(A), MARKEL is deemed a citizen of the State of New York. This very issue has been discussed in *Allstate Vehicles v. Allstate Ins. Co., 620 F.Supp. 444 (S.D.N.Y. 1985)*. The case involved an accident occurring in New York involving a New York citizen with an insurance contract entered into in the State of New York, with an underlying State Court proceeding and the conduct complained of herein transpired in New York. Id. at page 446. Although the matter was decided on other grounds, because the insured's assignee was a party to the action, the Court specifically discussed the probable absence of diversity of citizenship in the case and the application of 28 USC §1332 (c)(1)(A). Id. at page 446.

9. The Court noted that the action was directly against the insurer, involving local issues and an action directly against the insurer. It involves essentially local issues: an accident in New York; a contract of liability insurance entered into in New York; a dispute regarding the resolution of a state court proceeding; the application of state laws regarding insurance, torts and contracts...the need to limit access to Federal Courts based on the fortuity of a

national insurance company's state of incorporation and principal place of business was still implicated. Id. at page 446.

10. In the present case, this Court should hold that a dispute such as this seems to call for the application of 28 USC §1332(c)(1), attributing the insured's citizenship to the insurer, which would eliminate the alleged diversity of citizenship between the parties.

11. The reasoning behind the definition also makes sense on another level, if a plaintiff sues a tortfeasor's insurer without first joining the tortfeasor or obtaining a judgment against him, the insurer and tortfeasor have a unified interest in contesting liability and damages. Both have a common interest in defending against the plaintiff's lawsuit. And because both insurers and tortfeasors have a common interest, it only makes sense to treat them as citizens of the same jurisdiction. Which is exactly what § 1332(c)(1)'s exception seeks to accomplish.

12. In House Report 112-10 the Judiciary Committee set forth in SEC. 102 (Exhibit 1) defined the purpose behind the amendment of the insurance company being a citizen of the same state as the insured. The committee held that the primary purpose was due to the surge of diversity case filings against insurance companies in Federal court due to bad decisions in state courts. It was to prevent venue shopping of cases out of a perceived bad jurisdictions for a plaintiff. In other words, if the citizenship of the insurer is the same as the insured's it would preclude jurisdiction based on diversity in these actions.

13. Since CHAI LIFELINE is a resident of New York, for the purpose of

diversity, MARKEL is a New York State citizen.

14. Therefore, no diversity exists in this action and the case should be remanded to the New York Supreme Court, County of New York.

15. The defendant had no reasonable basis to remove this matter on the grounds of diversity of citizenship.

16. The plaintiff respectfully requests, pursuant to 28 USC §1447(c), that the Court grant the plaintiff costs and expenses, including attorney's fees, incurred because of the request for removal. It is respectfully submitted; MARKEL knew that CHAI LIFELINE was a New York resident, that MARKEL's citizenship was based on where the insured resides, thus, there was no diversity. The removal petition should never have been filed.

**THIS IS A DIRECT ACTION AGAINST MARKEL**

17. Plaintiff has brought a direct action against MARKEL for the purpose of determining the amount of coverage available for the sexual abuse he suffered. In *Kong v. Allied Prof'l Ins. Co.*, *750 F.3d 1295, 1299 (11th Cir. 2014)*, held section 1332(c) defines a corporation's citizenship for the purposes of determining diversity. It provides that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party—defendant, such insurer shall be deemed a citizen of every State and foreign state of which the insured is a citizen." *Id.* In other words, if a third-party plaintiff brings a ***direct action*** against a tortfeasor's liability insurer, the insurer is considered a citizen of the insured's state.

18. The courts uniformly defined the term "direct action" as "a suit in which the plaintiff sues a wrongdoer's liability insurer without joining or first obtaining a judgment against the insured." *Gateway Residences at Exch., LLC v. Ill. Union Ins. Co.*, 917 F.3d 269 (4th Cir. 2019). This definition is consistent with the definition adopted by the Fifth Circuit: "a case in which a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability insurer without joining the insured and without having first obtained a judgment against the insured." *Gorman v. Schiele*, Civ. Action No. 15-0790, 2016 U.S. Dist. LEXIS 84572, 2016 WL 3583640, at *4 (M.D. La. May 20, 2016), *R&R adopted*, 2016 U.S. Dist. LEXIS 83680, 2016 WL 3580669 (M.D. La. June 28, 2016) (quoting, *inter alia, Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 723 (5th Cir. 1974)).

19. In the same respect, the present action is a direct action against MARKEL and CHAI LIFELINE is not a party. There is no judgment as the Plaintiff is seeking clarification of the policy limits from the insureds carrier.

20. The definition for a direct action adopted by the courts is further supported by the purpose behind the 1964 "direct action" amendment, which was enacted to address the direct-action statutes that resulted in the "federal litigation of state-law tort claims establishing a local tortfeasor's liability." *Russell v. Liberty Ins. Underwriters, Inc.*, 950 F.3d 997, 1002 (8th Cir. 2020).

21. In *Columbian Chems. Co. v. Brandywine Grp. of Ins. & Reinsurance Cos.*, No. 15-382-JJB-RLB, 2015 U.S. Dist. LEXIS 175670 (M.D. La. Dec. 15,

2015), the Court remanded the case to State court holding that there was a direct action against the insurance company for contribution in a case when the insurance company declined to pay as part of a settlement.

22. Courts have uniformly defined the term "direct action" as used in this section as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him. See *Velez v. Crown Life Insurance Co.*, 599 F.2d 471, 473 (1st Cir. 1979); *Hernandez v. Travelers Insurance Co.*, 489 F.2d 721, 724 (5th Cir. 1974); Irvin v. Allstate Insurance Co., 436 F. Supp. 575, 576 (W.D.Okla. 1977); Bourget v. Government Employees Insurance Co., 313 F. Supp. 367, 371 (D.Conn. 1970); Walker v. Firemans Fund Insurance Co., 260 F. Supp. 95, 96 (D.Mont. 1966).

23. Pursuant to 28 USC §1332(c)(1)(A), there is no diversity of citizenship as MARKEL has taken on the same citizenship as it's insured CHAI LIFELINE, thus, MARKEL has New York citizenship.

24. For all of the above reasons, this matter must be remanded to State court, Supreme Court of the State of New York, County of New York.

**WHEREFORE**, the undersigned respectfully requests the within motion to remand be granted and for such other and further relief as this Court deems just and proper.

DATED:     January 22, 2025
                New City, New York

_____
Darren Epstein
Epstein Legal Services, P.C.
*Attorney(s) for Plaintiffs*
254 South Main Street
Suite 406
New City, NY 10956
(845) 634-6800