UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE (a pseudonym) and MARY DOE (a pseudonym),<br><br>      Plaintiffs,<br><br>  -against-<br><br>MARKEL, EVANSTON INSURANCE COMPANY,<br><br>      Defendant. | Index No. 1:24-cv-09670-VSB-KHP |

# DEFENDANT EVANSTON INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND

            SKARZYNSKI MARICK & BLACK LLP
            One Battery Park Plaza, 32nd Floor
            New York, NY 10004
            Tel: (212) 820-7700
            Email: eshapiro@skarzynski.com

            *Attorneys for Defendant named as*
            *Markel, Evanston Insurance Company*

Of Counsel:
  Evan Shapiro, Esq.
  Rossella Scarpa, Esq.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT............................................................................................................................ 3

    A.    Plaintiffs' Complaint Against Evanston Is Not A "Direct Action"
          Under § 1332(c) ................................................................................................ 3

        1.    Chai's Citizenship Is Not Imputed To Evanston Because The
            Complaint Is Based On Alleged Independent Wrongs By Evanston ......................... 5

        2.    Plaintiffs Do Not Have A Right To Bring This Action Against
            Evanston Without First Obtaining A Judgment Against Chai................................... 7

    B.    The Cases Cited By Plaintiffs Support Evanston's Position Or Are Irrelevant............... 8

    C.    Plaintiffs Are Not Entitled To Recovery Of Costs ....................................................... 12

CONCLUSION.................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

Cases

*Allstate Vehicles v. Allstate Ins. Co.*,
   620 F. Supp. 444 (S.D.N.Y. 1985) ............................................................................................. 9

*Blake v. Nat'l Casualty Co.*,
   607 F.Supp. 189 (C.D.Cal.1984) .......................................................................................... 4 n.2

*Bourget v. Gov't Employees Ins. Co.*,
   313 F. Supp. 367 (D. Conn. 1970) ............................................................................................. 9

*Camali TV, Inc. v. Travelers Prop. Cas. Co. of Am.*,
   No. 22-CV-06278 (HG), 2024 WL 22742 (E.D.N.Y. Jan. 2, 2024),
   *appeal dismissed* (March 27, 2024) ......................................................................................... 7

*Catlin Ins. Co. v. Sentinel Ins. Co., Ltd.*,
   No. 23-CV-5355 (VSB), 2024 WL 3445057 (S.D.N.Y. July 17, 2024) ................................. 5-6

*Columbian Chems. Co. v. Brandywine Grp. of lns. & Reins. Cos.*,
   2015 WL 9948545 (M.D. La. 2015),
   *report and recommendation adopted,* 2016 WL 398188 (M.D. La. Feb. 1, 2016) ................... 11

*Curet v. United Nat. Ins. Co.*,
   785 F. Supp. 2d 440 (S.D.N.Y. 2011) ....................................................................................... 6

*Gorman v. Schiele,*
   2016 WL 3583640 (M.D. La. May 20, 2016),
   *report and recommendation adopted*, 2016 WL3580669 (M.D. La. June 28, 2016) ............... 11

*Hernandez v. Travelers Ins. Co.,*
   489 F.2d 721 (5th Cir. 1974) ................................................................................................... 11

*Irvin v. Allstate Ins. Co.*,
   436 F. Supp. 575 (W.D. Okla. 1977) ...................................................................................... 10

*Kong v. Allied Prof'l Ins. Co.*,
   750 F.3d 1295 (11th Cir. 2014) ............................................................................................... 10

*Lang v. Hanover Ins. Co.*,
   3 N.Y.3d 350 (2004) ................................................................................................................. 8

*Madeira v. Affordable Hous. Found., Inc.*,
   469 F.3d 219 (2d Cir. 2006) ...................................................................................................... 8

*McGee v. State Farm Mut. Auto. Ins. Co.*,
   684 F. Supp. 2d 258 (E.D.N.Y. 2009) ....................................................................................... 6

*Mittlefehldt v. Travelers Prop. Cas. Ins. Co.*,
   No. 121CV00497LJVMJR, 2021 WL 4994034 (W.D.N.Y. Aug. 24, 2021),
   *report and recommendation adopted,* No. 21CV467JLSMR, 2021 WL 4993335
   (W.D.N.Y. Oct. 26, 2021) .......................................................................................................... 6

*Oshetski v. Allstate Ins. Co.*,
    No. 17-CV-4193 (LAK), 2017 WL 2880844 (S.D.N.Y. July 6, 2017) ..................................... 7

*Gateway Residences at Exch., LLC v. Ill. Union Ins. Co.*,
    917 F.3d 269 (4th Cir. 2019) .............................................................................................. 10

*Rayburn v. Colonial Penn Franklin Ins. Co.,*
    1998 WL 883321 (E.D. La. Dec. 15, 1998) ......................................................................... 11

*Rosa v. Allstate Ins. Co.*,
    981 F.2d 669 (2d Cir. 1992) ............................................................................................. passim

*Russell v. Liberty Ins. Underwriters, Inc.,*
    950 F.3d 997 (8th Cir. 2020) ........................................................................................ 5 n.3, 10

*Sidell v. Selective Ins. Co. of Am.*,
    No. 14-CV-0558A(SR), 2014 WL 12725617 (W.D.N.Y. Dec. 1, 2014),
    *report and recommendation adopted*, No. 14-CV-558-A, 2015 WL 13546419
    (W.D.N.Y. July 14, 2015) ..................................................................................................... 6

*St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*,
    409 F.3d 73 (2d Cir. 2005) ................................................................................................... 8

*State Farm Mut. Auto. Ins. Co. v. Fatiha*,
    No. 20-CV-443 (JPO), 2021 WL 1910658 (S.D.N.Y. May 12, 2021) .................................. 8-9

*Velez v. Crown Life Ins. Co.*,
    599 F.2d 471 (1st Cir. 1979) ............................................................................................... 10

*Walker v. Firemans Fund Ins. Co.,*
    260 F. Supp. 95 (D. Mont. 1966) ................................................................................... 10-11

<u>Statutes</u>

28 U.S.C. § 1447(c) ................................................................................................................... 12

28 U.S.C. § 1332(c)(1)(A) ..................................................................................................... passim

La. Rev. Stat. Ann. § 22:655(B)(1) (West 1992) ................................................................... 4, 11

N.Y. Ins. Law § 3420 ................................................................................................................... 8

<u>Rules</u>

N.Y. C.P.L.R. § 3001 ................................................................................................................... 8

Defendant Evanston Insurance Company, improperly named in this action as "Markel, Evanston Insurance Company ("Evanston") submits this Memorandum of Law in opposition to the motion of Plaintiffs John and Mary Doe (jointly, the "Plaintiffs" or "Does") for remand of this lawsuit to New York State Court.

## PRELIMINARY STATEMENT

This is an insurance coverage action by which Plaintiffs seek declarations regarding the interpretation of a liability insurance policy (the "Policy") issued by Evanston to Chai Lifeline, Inc. ("Chai"). The declarations sought concern the amount of the Policy's limit of liability <u>potentially</u> available <u>if</u> Plaintiffs are ultimately successful in establishing covered claims against Chai in a separate, ongoing tort action by Plaintiffs against Chai and others (the "Underlying Action"). In support of this action, Plaintiffs allege that, during settlement discussions on behalf of Chai, Evanston wrongfully, and in breach of the Policy, advised Plaintiffs that the Policy's applicable limit of liability has been eroded by payments for other claims.

Evanston timely removed this action from New York State Court on the basis of diversity jurisdiction. Diversity jurisdiction is supported by the undisputed allegations of the Plaintiffs' Verified Complaint in this action (the "Complaint"), *i.e.*, that the Does are citizens of New York and Evanston is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business in Rosemont, Illinois. *See* Doc. 5, ¶¶ 3-4, 16; Doc. 5-1, Section "PARTIES".[1] Plaintiffs nonetheless seek remand, arguing that Chai's New York citizenship should be imputed to Evanston pursuant to a proviso regarding citizenship of insurance companies in a "direct action" under 28 U.S.C. § 1332(c)(1)(A) ("§ 1332(c)").

---

[1] Documents filed in this lawsuit are cited herein by the Document Number and page number assigned by the ECF system.

Plaintiffs' position misstates, and is contrary to, well-established law interpreting the term "direct action" in § 1332(c) narrowly. It does not mean "any" action directly against an insurer and does not apply to an action against an insurer for its own alleged misconduct; it applies only to actions pursuant to a state law which permits an injured person to directly sue an insurer of a tortfeasor without naming the insured as a party or first obtaining a judgment establishing the insured's liability. As this action is against Evanston for its own alleged misconduct and New York law expressly precludes Plaintiffs from directly suing Evanston without first obtaining a judgment establishing Chai's liability (which Plaintiffs have not done), it is not a "direct action" under § 1332(c). Accordingly, the citizenship of Chai is not imputed to Evanston and, because Plaintiffs are citizens of New York, and Evanston is a citizen of Illinois, there is diversity. This Court therefore has subject matter jurisdiction of this action and the Motion to Remand should be denied.

## STATEMENT OF FACTS

Assuming the allegations set forth in Plaintiffs' Complaint against Evanston are true, Plaintiffs commenced the Underlying Action against Chai and others in New York State Supreme Court, New York County, to recover for certain personal injuries allegedly sustained by John Doe as a result of sexual abuse when John Doe was a minor. Doc. 5-1, ¶¶ 6, 9-15. Further, Chai is an insured under the Policy issued by Evanston and that Chai submitted notice of the Underlying Action to Evanston as required by the Policy.

Plaintiffs' Complaint also alleges that, in the course of discussions with the Does regarding the Policy's limit of liability available for settlement of the Underlying Action, Evanston advised Plaintiffs that the limit has been eroded due to expenses and a settlement paid in an unrelated case. It also alleges that Evanston's statement regarding erosion of the limits is wrong and Evanston therefore breached the terms of the Policy. *See, e.g.,* Doc. 5-1, ¶¶17-18, 21-26, 28-32.

The Complaint does not allege that Evanston denied a defense to Chai under the Policy and does not allege that the Does have obtained a judgment against Chai which is unsatisfied. Rather, the allegations of the Complaint regarding Evanston's settlement discussions with the Does permit a plausible inference that Evanston has not in fact denied coverage to Chai for the Underlying Action and that the Does have not yet secured a judgment. In any event, Plaintiffs' Memorandum of Law for Motion to Remand—which Plaintiffs' counsel affirms to be true under penalty of perjury—states that "there is no judgment" at issue in this case. *See* Doc. 8 at 9 ¶ 6 and 13 ¶ 19.

## ARGUMENT

### A. Plaintiffs' Complaint Against Evanston Is Not A "Direct Action" Under § 1332(c)

Plaintiffs' Motion for Remand is based on 28 U.S.C. § 1332(c)(1)(A), which provides, in relevant part (underscoring added):

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
> (A) every State and foreign state where the insured is a citizen[.]

Relying on this provision, Plaintiffs argue that, because they have sued Evanston directly and have not joined Evanston's insured, Chai, this is a "direct action" such that Evanston should be deemed a citizen of New York based on Chai's New York citizenship. Plaintiffs' position fails because they misconstrue the well-established meaning of a "direct action" against an insurer under § 1332(c).

The meaning of the phrase "direct action" as used in § 1332(c) was addressed by the Second Circuit over 32 years ago, in *Rosa v. Allstate Ins. Co.*, 981 F.2d 669 (2d Cir. 1992). In *Rosa,* the Second Circuit held, based on the Congressional history of the statute, that the term "direct action"

3

in § 1332(c) is a form taken from the statutes of certain states, including Louisiana, which authorize an injured party to bring a tort action directly against an insurer without having to join the alleged tortfeasor insured as a party-defendant." *Id.* at 672-673 (discussing La. Rev. Stat. Ann. § 22:655(B)(1) (West 1992)). *Rosa* also reviewed the decisions of a number of courts which had also already concluded that, due to this Congressional design, "<u>simply because an insurer is a direct party does not make the litigation a 'direct action'</u>" under § 1332(c). *Id.* at 674-675 (collecting cases). Rather, the Second Circuit held, the direct action language in § 1332(c) applies only "to situations where the insurer's status is that of a payor of a judgment based on the negligence of one of its Insureds." *Id.* (internal quotation omitted). As the court further explained:

> Because the § 1332(c) proviso is applicable when the insurer stands in the shoes of its legally responsible insured, who would traditionally be a defendant, <u>the general rule is that the proviso does not affect suits against the insurer based on its independent wrongs</u>: such as actions brought against the insurer either by the insured for failure to pay policy benefits or by an injured third party for the insurer's failure to settle within policy limits or in good faith. The Ninth Circuit has succinctly captured the prevailing rule:
>
> Courts have uniformly defined the term "direct action" as used in this section as those cases in which a party suffering injuries or damage for which another is legally responsible <u>is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him</u>.... Thus, unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action.

*Id.* at 675-76 (underscoring added; internal quotations, citations, and footnotes omitted).[2]

Here, Plaintiffs' Complaint shows that this is not a "direct action" under § 1332(c) as it involves each of the circumstances which *Rosa* described as <u>not</u> within the meaning of the phrase

---

[2] *Rosa* also noted that, in the Ninth Circuit, "this principle is regarded as so well-entrenched that one district court has imposed Rule 11 sanctions on an attorney who argued—contrary to this principle, of which he had been made aware by opposing counsel—for remand in a case in which plaintiff sued a diverse insurance company for breach of a duty of good faith and fair dealing. *Rosa,* 981 F.2d at 676 n.13 (citing *Blake v. Nat'l Casualty Co.*, 607 F. Supp. 189 (C.D.Cal.1984)).

"direct actions" under § 1332(c). As discussed in more detail below, courts regularly find diversity jurisdiction in circumstances where, as here, a complaint is based on alleged wrongful conduct by an Insurer like Evanston. Moreover, contrary to Plaintiffs' arguments, they are not entitled to bring this action against Evanston without first obtaining a judgment against its insured, Chai. As such, this is not a "direct action" within the meaning of § 1332(c).

1. **Chai's Citizenship Is Not Imputed To Evanston Because The Complaint Is Based On Alleged Independent Wrongs By Evanston**

Following *Rosa,* courts in this District have repeatedly denied motions to remand lawsuits against insurers for their independent wrongs such as Plaintiffs' lawsuit against Evanston here because such lawsuits are not "direct actions" under § 1332(c) for purposes of diversity jurisdiction.[3] This is precisely the result reached by this Court in its recent ruling in *Catlin Ins. Co. v. Sentinel Ins. Co., Ltd*., No. 23-CV-5355 (VSB), 2024 WL 3445057 (S.D.N.Y. July 17, 2024), on facts similar to those presented here. *Catlin* arose out of a suit by an individual injured in a construction accident against the owners and managers of the premises and the general contractor at the premises (the "underlying action"). The defendants filed a third-party complaint against a subcontractor, alleging that the subcontractor was obligated to defend and indemnify them in the underlying action. While the underlying action remained ongoing, the third-party plaintiffs and their insurer (the "Catlin Insureds") filed a separate lawsuit in state court against the subcontractor's insurer ("Sentinel"). This second action sought, among other things, a declaration regarding Sentinel's obligation to defend and indemnify the Catlin Insureds in the ongoing underlying action. Sentinel removed the suit to this Court based on diversity jurisdiction and the Catlin Insured's moved to remand to state court on the basis that their suit was a "direct action"

---

[3] *Rosa's* analysis has also been adopted by multiple U.S. Circuit Courts. *See, e.g., Russell v. Liberty Ins. Underwriters, Inc.*, 950 F.3d 997, 1001-02 (8th Cir. 2020) (citing *Rosa* and rulings from the First, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits).

within the meaning of § 1332(c). This Court rejected the Catlin Insured's argument. Rather, citing *Rosa* (among others), this Court concluded: "[b]ecause this lawsuit was brought to remedy Sentinel's failure to provide coverage to the Catlin Insureds, it falls beyond the scope of a 'direct action' for purposes of diversity jurisdiction." *Id.* at *3.

Multiple additional cases have reached the same conclusion on similar facts. *See, e.g., Sidell v. Selective Ins. Co. of Am.,* No. 14-CV-0558A(SR), 2014 WL 12725617 (W.D.N.Y. Dec. 1, 2014), *report and recommendation adopted,* No. 14-CV-558-A, 2015 WL 13546419 (W.D.N.Y. July 14, 2015) (holding that lawsuit by injured party against allegedly liable party's insurer for wrongful denial of coverage is not a "direct action" for purposes of diversity jurisdiction); *Mittlefehldt v. Travelers Prop. Cas. Ins. Co., No.* 121CV00497LJVMJR, 2021 WL 4994034, at *3 (W.D.N.Y. Aug. 24, 2021), report and recommendation adopted, No. 21CV497JLSMJR, 2021 WL 4993335 (W.D.N.Y. Oct. 26, 2021) (denying remand of an action seeking a declaration that the insurance company improperly disclaimed coverage because such an action is not a "direct action" within the meaning of § 1332(c) as interpreted by *Rosa*); *McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F. Supp. 2d 258, 260–61 (E.D.N.Y. 2009) (holding that lawsuit by physician against insurer alleging insurer improperly denied payments to physicians who treated its insureds is based on the insurer's own alleged misconduct is therefore not a "direct action" for purposes of diversity jurisdiction within the meaning of § 1332(c) as interpreted by *Rosa*); *Curet v. United Nat. Ins. Co.,* 785 F. Supp. 2d 440, 443 (S.D.N.Y. 2011) (holding that insurer's alleged improper disclaimer of coverage to its insured was not a "direct action" within the meaning of § 1332(c) per *Rosa*).

Even if, contrary to the weight of the authority consistently interpreting § 1332 narrowly as discussed above, Plaintiffs could bring this action on behalf of Chai, which the Complaint suggests they may believe they have done (*e.g.,* Doc. 5-1, ¶¶ 26, 34, 41), there would still be no

6

diversity jurisdiction under § 1332(c). *See, e.g., Camali TV, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 22-CV-06278(HG), 2024 WL 22742 (E.D.N.Y. Jan. 2, 2024), appeal dismissed (Mar. 27, 2024) (suit by insured against its own insurer alleging that the insurer wrongfully denied coverage is not a "direct action" for purposes of diversity jurisdiction); *Oshetski v. Allstate Ins. Co.,* No. 17-CV-4193(LAK), 2017 WL 2880844 (S.D.N.Y. July 6, 2017) (lawsuit by insured against her own insurer for breach of the insurance contract is not a "direct action" for purposes of diversity jurisdiction).

In sum, because Plaintiffs' Complaint against Evanston is based on alleged misconduct by Evanston, it is not a "direct action" within the meaning of § 1332(c) and Chai's citizenship is therefore not imputed to Evanston. Further, because Plaintiffs are citizens of New York and Evanston is a citizen of Illinois, the parties are diverse and this Court has subject matter jurisdiction. Plaintiffs' Motion for Remand should be denied for this reason.

**2. Plaintiffs Do Not Have A Right To Bring This Action Against Evanston Without First Obtaining A Judgment Against Chai**

Although the above is, alone, dispositive and warrants denial of Plaintiffs' Motion to Remand, it must be noted that Plaintiffs do not have a right to bring this action against Evanston without a judgment against Chai, another restriction under § 1332(c) as discussed in *Rosa* and quoted above. Here, Plaintiffs' Complaint is expressly brought pursuant to N.Y. C.P.L.R. § 3001 for declaratory relief regarding the terms of the Policy, and the only basis for Plaintiffs' alleged standing is that they are "claimants" in the Underlying Action against Chai. *See* Doc. 5-1 at "JURISDICTION AND VENUE", ¶¶ 18, 25-26, 30-32, and THIRD CAUSE OF ACTION.

The rule that an injured party must obtain a judgment against an insured defendant prior to bringing suit against the defendants' insurer, whether the suit against the insurer is for a declaratory judgment or breach of contract, was established by the New York Court of Appeals <u>over 20 years</u>

ago in *Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350 (2004). In *Lang,* the Court of Appeals explained that, under New York common law, an injured person has no cause of action against the insurer of a tortfeasor. The New York Legislature then addressed this by statute, presently codified at N.Y. Insurance Law § 3420 ("§ 3420"), which "creat[ed] a limited statutory cause of action on behalf of injured parties directly against insurers." *Id.* at 351-54. Further, this limited right of action requires, as a condition precedent, that the injured party first obtain a judgment against the insured tortfeasor. *Id.*at 354-565. *Lang* also expressly held that an action for a declaratory judgment under CPLR 3001 is subject to the condition precedent of a judgment set forth in § 3420. *Id.* at 354. *See also, e.g., Madeira v. Affordable Hous. Found., Inc.,* 469 F.3d 219, 251–52 (2d Cir. 2006) (affirming dismissal of claims against insurer of alleged tortfeasor for lack of standing where claimants had not obtained a judgment against the alleged tortfeasor); *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply,* 409 F.3d 73, 83 (2d Cir. 2005) (rejecting plaintiff's argument that its interest in ensuring that funds are available to pay any judgment it may in the future obtain against a defendant is sufficient to allow it to assert claims directly against the defendants' insurers).

As Plaintiffs do not have a judgment against Chai in the Underlying Action, § 3420, as interpreted in *Lang*, applies here and is a further basis for determining that this is not a "direct action" under § 1332(c) for purposes of imputing Chai's citizenship to Evanston and for denying Plaintiffs' Motion for Remand. This rule will also be the basis of Evanston's motion to dismiss Plaintiffs' Complaint in this action.

**B. The Cases Cited By Plaintiffs Support Evanston's Position Or Are Irrelevant**

Plaintiffs cite only two cases from courts in this District. One of these cases, *State Farm Mut. Auto. Ins. Co. v. Fatiha,* No. 20-CV-443 (JPO), 2021 WL 1910658 (S.D.N.Y. May 12, 2021), rejects a challenge to diversity jurisdiction based on the rule established in *Rosa* and is

8

distinguishable on its facts. As the court noted, the insurer (State Farm) was the plaintiff in the case and was suing on its own behalf. For this reason, the court held: "[i]t cannot be said that State Farm 'stands in the shoes of [any] legally responsible insured.'" *Id.* at \*1 (quoting *Rosa*, 981 F. 2d at 672).

The second case from this District cited by Plaintiffs, *Allstate Vehicles v. Allstate Ins. Co.*, 620 F. Supp. 444 (S.D.N.Y. 1985), should be given no weight. First, it was decided prior to the Second Circuit's controlling decision in *Rosa*. Second, it was decided based on the finding that the dollar amount in issue did not satisfy the minimum amount in controversy required for subject matter jurisdiction. *Id.* at 447.[4] Third, the court expressly did not reach the issue of diversity of citizenship under § 1332(c), but simply noted in a footnote that "there may not even be diversity of citizenship in this case" based on § 1332(c). *Id.* at 446 n.3.

Several of the cases cited by Plaintiffs support finding diversity jurisdiction exists here. For example, *Bourget v. Gov't Employees Ins. Co.,* 313 F. Supp. 367 (D. Conn. 1970) was a lawsuit by an injured person, as a judgment creditor and subrogee of the rights of an insolvent tortfeasor, against the insurer of the tortfeasor for the insurer's alleged bad faith failure to settle the claims against the insured tortfeasor. *Id.* at 368-69. In *Bourget,* the court discussed the same legislative history of § 1332(c) discussed in *Rosa* (as noted above), supporting limited application of the term "direct action" in that statute. Based on this history, *Bourget* held that the Connecticut statute under which the plaintiff brought its action against the insurer for the insurer's alleged misconduct, was not analogous to a direct action such as that to which § 1332(c) applies and, therefore, the insurer was "not clothed with the citizenship of [its insured]." *Id.* at 370-72 (underscoring added).

---

[4] Plaintiffs' Motion for Remand does not, because it cannot, argue that this action does not meet the dollar amount in controversy for diversity jurisdiction.

9

tro     Similarly, in *Russell v. Liberty Ins. Underwriters, Inc.*, 950 F.3d 997, 1001-02 (8th Cir. 2020), the court affirmed denial of remand of a suit by insureds against their insurer for failure to defend and indemnify them (the insurer's own misconduct) because such a suit is not a "direct action" under § 1332(c). Similar results were reached in the following cases cited by Plaintiffs: *Gateway Residences at Exch., LLC v. Ill. Union Ins. Co.*, 917 F.3d 269, 272-73 (4th Cir. 2019) (affirming denial of a motion to remand because the suit was not a "direct action" under § 1332(c) given the "unanimous understanding" of our sister circuits, as strongly supported by the legislative history, that the phrase "direct action" in this statute has a narrow meaning and finding that the "key feature" of a direct action is "the plaintiff's ability to skip suing the [tortfeasor] and sue directly his insurance carrier") (internal quotations omitted); *Kong v. Allied Prof'l Ins. Co.,* 750 F.3d 1295, 1299 (11th Cir. 2014) (denying motion to remand because plaintiff's claim is not a direct action within the meaning of § 1332(c)); *Velez v. Crown Life Ins. Co.,* 599 F.2d 471, 473 (1st Cir. 1979) (denying motion to remand a suit against life insurer for failing to meet its obligations under the insurance contract as it is not a "direct action" against the insurer as a payor of a judgment based on negligence of one of its insureds and insurer's citizenship was therefore not based on the citizenship of the insured); *Irvin v. Allstate Ins. Co.,* 436 F. Supp. 575, 576-77 (W.D. Okla. 1977) (denying plaintiff's motion to remand lawsuit by an injured party against his own insurance carrier, as such an action is not a "direct action" within the proviso of 1332(c) and, as such, the defendant insurer is not deemed to be a citizen of the same state as the plaintiff); *Walker v. Firemans Fund Ins. Co.,* 260 F. Supp. 95, 96 (D. Mont. 1966) (finding diversity jurisdiction because suit against insurance company by insured is not seeking to impose liability on the insurance company which could be imposed against the insured; it

sought to establish priority of primary coverage between insurers of two potentially liable parties).

The remainder of the cases cited by Plaintiffs analyze jurisdiction under state statutes, such as the Louisiana direct action statute discussed in the legislative history of § 1332(c) and *Rosa*, which are precisely the type of statutes that § 1332(c) was designed to address. *See, e.g., Columbian Chems. Co. v. Brandywine Grp. of lns. & Reins. Cos.*, 2015 WL 9948545 (M.D. La. 2015), *report and recommendation adopted*, 2016 WL 398188 (M.D. La. Feb. 1, 2016) (granting remand for lack of diversity based on Louisiana direct action statute and § 1332(c)(1)(A)); *Rayburn v. Colonial Penn Franklin Ins. Co.,* 1998 WL 883321, *1 (E.D. La. Dec. 15, 1998) (granting plaintiff's motion to remand because suit is "clearly a direct action" under Louisiana's direct action statute, LSA-R.S. § 22:655(b)(1)); *Gorman v. Schiele*, 2016 WL 3583640, at *4 (M.D. La. May 20, 2016), *report and recommendation adopted*, 2016 WL 3580669 (M.D. La. June 28, 2016) (granting motion to remand under Louisiana's direct action statute); *Hernandez v. Travelers Ins. Co.,* 489 F.2d 721, 724-25 (5th Cir. 1974) (granting insurer's motion to dismiss a workmen's compensation claim for lack of diversity jurisdiction because the lawsuit fell within a Texas statute allowing an employee to directly sue his employer's workmen's compensation insurer without joining the insured and without having first obtained a judgment against the insured).

As Plaintiffs fail to cite to a single relevant controlling decision, except for cases which support a finding of diversity jurisdiction here, their Motion for Remand is fatally flawed and should be denied.

//

//

### C. Plaintiffs Are Not Entitled To Recovery Of Costs

As Plaintiffs are not entitled to remand, they are not entitled to costs under 28 U.S.C. § 1447(c).

### CONCLUSION

For the reasons set forth above, it is respectfully submitted that there is no dispute that Plaintiffs are citizens of New York and Evanston is a citizen of Illinois and diversity jurisdiction has therefore been established. The Motion to Remand should therefore be denied and the Court should grant such further relief as deemed just and proper.

Dated: February 14, 2025
    New York, New York

Respectfully submitted,

SKARZYNSKI MARICK & BLACK LLP

By: /s/ *Evan Shapiro*
    Evan Shapiro, Esq.
    One Battery Park Plaza, 32nd Floor
    New York, NY 10004
    Tel: (212) 820-7700
    Email: eshapiro@skarzynski.com

*Attorneys for Defendant Evanston Insurance Company*

4926-2438-0435, v. 4