UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John Doe (A Pseudonym) and Mary Doe (A Pseudonym)

          Plaintiff,

-against-

MARKEL, EVANSTON INSURANCE COMPANY,

          Defendant.

**Reply affirmation
For Motion to Remand**

MISC. CASE No.:
24-cv-09670-VLB-KHP

Darren Epstein, an attorney, duly admitted to practice in the court of New York State, pursuant to CPLR 2106, affirms the following under penalty of perjury based upon a review of the file and upon information and belief:

1. I am the attorney for the Plaintiffs in the above-entitled proceeding and am fully familiar with all the facts and circumstances herein.

### This is a "Direct Action" against MARKEL
### MARKEL misapplied the terms of their policy

2. The facts of this "Direct Action" are that the Defendant insurance company MARKEL, EVANSTON INSURANCE COMPANY (MARKEL), on behalf of their insured CHAI LIFELINE, INC (CHAI), entered into negotiations to settle the underlying action against their insured for liability of sexual abuse that occurred on one of their insureds properties when they knew or should have known that the sexual predator, an agent, social worker, therapist, counselor and/or employee that used the premises to abuse the Plaintiff on numerous occasions.

3. As part of the negotiation the Defendant MARKEL has alleged that they only have a portion of the policy limits of $1,000,000.00 remaining after settling another unrelated case. MARKEL states that they only have approximately $425,000.00-450,000.00 remaining of the policy limits. They tendered the balance of the limits.

4. This case was brought as a "Direct Action" because it is Plaintiff's position that MARKEL misapplied the terms of the policy which would be a deceptive business practice due to their application of the terms of the policy, thereby, reducing the limits of the policy, and violating the terms of the policy.

5. Thus, since MARKEL is stepping the shoes of the insured CHAI, MARKEL is preventing the Plaintiff from receiving the correct amount of CHAI'S policy limits, which the allegations in the complaint assert CHAI is liable to Plaintiff when they knew or should have known of the sexual abuse that occurred repeatedly on their premises and by the predator, an agent, social worker, therapist, counselor and/or employee of CHAI.

6. Accordingly, if MARKEL has misapplied the terms of their policy to their benefit, then they save a significant amount of money from their interpretation of the terms of their policy. If, however, their interpretation of the terms of their policy is incorrect, it is violation of the terms of their policy with CHAI and, pursuant to the settlement negotiations, it creates a significant change of circumstance with regard to what amount is available for the negotiations.

7. The Second Circuit has made it clear that a "direct action" under § 1332(c)(1) is one in which the "the insurer stands in the shoes of its legally responsible insured", in an action attempting to establish the insured's liability. Rosa v. Allstate Ins. Co., 981

F.2d 669, 675 (2d Cir. 1992). "

8. In this case, MARKEL is standing in the shoes of CHAI and negotiating a settlement on CHAI's behalf due to the liability of CHAI.

9. With regard to the limits of liability the MARKEL policy states:

> **F. Limit of Liability - Sexual Acts Liability Coverage**: The total liability of the Company for the combined total of Damages and Claim Expenses for all Claims under Sexual Liability Coverage insured herein is limited to:
> **1.** $1,000,000 All Claims Made by Each Claimant
> **2.** $1,000,000 All Claims under Sexual Acts Liability Coverage
>
> **G. Multiple Sexual Acts:** Two or more Sexual Acts against one person shall be deemed to be one Sexual
> 1. Act and shall be subject to the coverage and limits in effect at the time of the first Sexual Act."

10. Any ambiguities in insurance policies should be resolved in favor of the insured. Dalton v. Harleysville Worcester Mut. Ins. Co., 557 F.3d 88, 93 (2d Cir. 2009). Since the Courts have routinely held that, "New York's rule of contra proferentem, according to which ambiguity should be resolved in favor of the insured." Olin Corp. v Am. Home Assur. Co., 704 F3d 89 (2d Cir., 2012); see also (Hugo Boss Fashions, Inc. v Fed. Ins. Co., 252 F3d 608 (2d Cir., 2001) the amount of coverage must be resolved in favor of CHAI. In other words, the MARKEL policy clearly provides policy limits of $1,000,000.00 per claimant.

11. Therefore, the Plaintiff has the right to bring this "Direct Action" against MARKEL to determine if they misapprehended the policy in their favor and to the detriment of their insured and ultimately the Plaintiff.

12. MARKEL erroneously argues that there was a disclaimer of the policy argues with every case they cite. Rather, this is a case where they provided coverage and a defense; MARKEL entered negotiations to settle this case and Plaintiff has alleged that they misapplied the terms of the policy, making this a "Direct Action" against MARKEL.

13. Thus, it is respectfully submitted that pursuant to 28 U.S.C. § 1332(c) this is a "Direct Action" against MARKEL.

### A "Direct Action" does not only apply if Plaintiff got a judgment

14. The Defendant relies on the fact that there is no judgment in this case, therefore, Plaintiff is not entitled to bring this action. However, due to Plaintiff's allegations asserted that MARKEL entered settlement negotiations stated that they only have a portion of the insurance policy limits and have tendered that amount on behalf of their insured CHAI.

15. Furthermore, the Plaintiff did not have to obtain a judgment for there to be a "Direct Action".

16. The Court in Rosa v. Allstate Ins. Co., 981 F.2d 669 (2d Cir. 1992), held that a "Direct Action" as a case in which Plaintiff suffered injuries and CHAI is legally responsible, thus Plaintiff "is ***entitled to bring suit against the other's liability insurer without joining the insured or*** first obtaining a judgment against him..."

17. There are two ways to bring a "Direct Action" and as highlighted above, not just by first obtaining judgment. The conjunction "or" clearly establishes there are two separate ways a "Direct Action" can be brought against an insurance company.

18. Both Gateway Residences at Exch., LLC v. Ill. Union Ins. Co., 917 F.3d 269 (4th Cir. 2019) and Gorman v. Schiele, Civ. Action No. 15-0790, 2016 U.S. Dist. LEXIS 84572, 2016 WL 3583640, at 4 (M.D. La. May 20, 2016) state that "it refers to a suit in which the plaintiff sues a wrongdoer's liability insurer without joining or first obtaining a judgment against the insured." The reasoning behind Congress amending § 1332(c) was to permit a "direct action" against the defendant insurer, requiring the defendant insurer to stand in the shoes of the insured, ensuring that the merits would be resolved in state court.

19. In this case Plaintiff has brought a suit against MARKEL without joining CHAI. MARKEL stands in the shoes of CHAI for the purpose of indemnification and to represent them for their defense, as their insured. In other words, since MARKEL took the position that there was an erosion of the policy from $1,000,000.00 to approximately $450,000.00 due to an unrelated settlement, Plaintiff has a "direct action" against MARKEL to determine the limits of coverage.

20. This is not a case where MARKEL is failing to provide coverage, rather, it is a case where they have provided coverage, entered settlement negotiations and affirmatively stated that there was a reduction of the policy limits from an erosion of the policy limits due to a settlement in an unrelated case.

21. Whereas the policy clearly states "$1,000,000 All Claims Made by Each Claimant", thus, Plaintiff needs clarification of the policy due to the misapprehension of the policy.

22. For all of the reasons set forth, the Plaintiff has the right to this "Direct Action" in order to get clarification of the policy limits due to the allegations with regard to the

misapprehension of the policy.

## Jurisdiction in New York County was appropriate

23. The plaintiff correctly pled that jurisdiction was in New York County in this case.

24. "For the named defendant the suit is only an occasion of cooperation in the defense; his active role is that of witness. It is beside the point to test the constitutionality of the procedure in terms of the named defendant; his role as a party is hardly more real than that of the casual ejector Richard Roe in common law ejectment actions. What is at stake in the suit is the plaintiff's claim for the payment of his alleged damages by the insurer." Minichiello v Rosenberg, 410 F2d 106 (2d Cir, 1968).

25. The decision in Minichiello holds that an insurer doing business in New York has no justifiable ground for complaint at New York's asserting a jurisdiction over the insured which, by virtue of § 167(1)(b) of the New York Insurance Law, may result in a judgment requiring the insurer to pay the plaintiff up to the policy limit.

26. The Minichiello Court futher held, doing business in the state continues to be a recognized basis for the existence of in personam jurisdiction over a corporation. See Restatement Second of Conflict of Laws, § 47, adopted in Restatement Second of Judgments, supra, § 8a (Tent. Draft No. 5); See also, International Shoe Co. v. Washington, 326 U.S. 310, 317-19, 90 L. Ed. 95, 66 S. Ct. 154 (1945).

## Plaintiff's cites to certain cases were for reference to definitions regarding "Direct Action" within those cases not for the Decisions in those cases

27. The Defendant conflates the issue of citing a case for a certain proposition versus what the holding of the cited case was.

28. In State Farm Mut. Auto. Ins. Co. v. Fatiha, No.20-CV-442 (JPO), 2021 WL 1910658 (S.D.N.Y., May 12, 2021), Plaintiff cited this case for the proposition that MARKEL took on their insured, Chai's non-diversity jurisdiction in New York. The Court held:

> "With respect to the jurisdictional argument, § 1332(c) provides that "in any direct action against the insurer of a policy or contract of liability insurance, . . . such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen." By the statute's plain text, the citizenship of an insured is imputed to an insurer in "direct action" lawsuits that are brought "against" an insurer."

Id at 3.

29. The court in Allstate Vehicles v. Allstate Ins. Co., 620 F. Supp. 444 (S.D.N.Y., 1985), held that there was no diversity, and jurisdiction was appropriate if the relevant contacts in this case are with New York and "…the insurance contract involved was entered into in New York." Id at 446.

30. This case involves the same scenario, all events took place in New York, the Defendant was a New York resident, and MARKEL entered a contract with CHAI in New York. This stood for the proposition that there was no diversity issue since MARKEL stands in the shoes of CHAI.

31. In the same respect, the application of 28 USC §1332(c)(1), attributing the insured's citizenship to the insurer, would eliminate the alleged diversity of citizenship between the parties.

32. MARKEL conveniently ignores House Report 112-10, where the Judiciary Committee set forth in SEC. 102 that § 1332 was written to prevent venue shopping of cases out of a perceived bad jurisdictions. In other words, if the citizenship of the insurer is the same as the insured's it would preclude jurisdiction based on diversity

in these actions.

33. Pursuant to § 1332 in a "Direct Action" the insurance company steps in the shoes of their insured. As argued above, the facts set forth a "Direct Action" against MARKEL, therefore, there would not be diversity in this case, and it should be remanded.

34. Plaintiff's reference to <u>Velez v. Crown Life Insurance Co.</u>, 599 F.2d 471, 473 (1st Cir., 1979), <u>Hernandez v. Travelers Insurance Co.</u>, 489 F.2d 721, 724 (5th Cir., 1974), <u>Irvin v. Allstate Insurance Co.</u>, 436 F. Supp. 575, 576 (W.D.Okla., 1977), <u>Bourget v. Government Employees Insurance Co.</u>, 313 F. Supp. 367, 371 (D.Conn., 1970) and <u>Walker v. Firemans Fund Insurance Co.</u>, 260 F. Supp. 95, 96 (D.Mont., 1966) were for the purpose of referring to the those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him. In other words, the definition of "Direct Action".

35. The Court in Columbian Chems. Co. v. Brandywine Grp. of Ins. & Reinsurance Cos., No. 15-382-JJB-RLB, 2015 U.S. Dist. LEXIS 175670 (M.D. La. Dec. 15, 2015) found a "Direct Action" when the insurance company failed to pay pursuant to a settlement, which is similar to this case. The difference is MARKEL was willing to pay, but, as alleged, conveniently misapplied the policy to the detriment of the Plaintiff to reduce the amount they want to pay, or try to cap their losses at $1,000,000.00 versus the Plaintiff in this case having $1,000,000.00 in total coverage before any erosion based solely on the facts of this case and not due to the settlement of an unrelated case.

36. For all of the reasons stated above, this matter should be determined to be a "Direct Action", that there is no diversity as a result of § 1332 and the insurance company MARKEL standing in the shoes of their insured CHAI and that this matter should be remanded to state court.

**WHEREFORE**, the undersigned respectfully requests the within Motion to Remand be granted and for such other and further relief as this Court deems just and proper.

DATED:     February 28, 2025
                New City, New York

Darren Epstein
Epstein Legal Services, P.C.
*Attorney(s) for Plaintiffs*
254 South Main Street
Suite 406
New City, NY 10956
(845) 634-6800