

Skarzynski Marick & Black LLP
One Battery Park Plaza, 32nd Floor
New York, NY 10004
P 212.820.7700 | F 212.820.7740
skarzynski.com

Evan Shapiro
Direct Line: 212.820.7720
eshapiro@skarzynski.com

March 7, 2025

VIA ECF

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

      Re: *John and Mary Doe v. Markel, Evanston Insurance Co.*
            Index No. 1:24-cv-09670-VSB-KHP

           **Letter Motion to Allow and Incorporated Sur-Reply in Opposition to Plaintiffs'**
           **Motion for Remand to State Court**

Dear Judge Broderick,

      Pursuant to Rule 4.B. of Your Honor's Individual Rules & Practices in Civil Cases, this letter is respectfully submitted on behalf of the Defendant named as Markel, Evanston Insurance Co. ("Evanston"), in support of Evanston's request for permission to file a Sur-reply in further response to Plaintiffs' First Motion for Remand to State Court (the "Remand Motion"). *See* Docs. 8, 11, 12, and 12-1.[1] As discussed below, this Sur-reply is appropriate and should be permitted to allow Evanston to address a new argument and case law presented by Plaintiffs for the first time in their Reply affirmation on the Remand Motion ("Plaintiffs' Reply").

      The new argument presented in Plaintiffs Reply which Evanston seeks to address is based on a case cited for the first time in Plaintiffs' Reply, *Minichiello v. Rosenberg,* 410 F.2d 106 (2d Cir. 1968). *See* Doc. 12 at ¶¶ 24-26.[2] Putting aside the impropriety of Plaintiffs' improper discussion of a new argument and new case law in their Reply, their reliance on *Minichiello* is a red herring for two fundamental reasons.

      First, *Minichiello* is inapposite here because it considered the propriety of New York long-arm jurisdiction over non-New York resident tortfeasors based on that tortfeasors' insurers' contacts with

---

[1] Documents filed in this lawsuit are cited herein by the Document Number and paragraph within the document or the page number assigned by the ECF System.

[2] Plaintiffs' Reply also for the first time asserts, without citation, that Evanston's conduct is an "unfair business practice." Doc. 12 ¶ 4. As Plaintiffs' Complaint in this lawsuit (Doc. 5-1) does not allege, and the facts alleged would not support, such a cause of action against Evanston, this unsupported assertion should be ignored.

New York. Indeed, although the decision notes in passing that the lawsuit was in federal court due to removal from State Court by the defendant tortfeasor, diversity jurisdiction was not evaluated. *See Minichiello,* 410 F.2d at 107-08. In contrast here, there is no dispute that the alleged tortfeasor (Chai) is subject to jurisdiction in New York where Plaintiffs filed the Underlying Action. Further, there is no dispute that Evanston is subject to jurisdiction in New York as it does business in New York. However, the present Remand Motion is not about jurisdiction of Chai and is not about the extent of New York's long-arm jurisdiction of Evanston; it is about this Court's subject matter jurisdiction of this lawsuit given the nature of Plaintiffs' claims against Evanston and the undisputed diversity between Plaintiffs and Evanston. *See* Doc. 11 at 6, 9-16.

Second, Plaintiffs' counsel apparently failed to investigate their case law as *Minichiello* was abrogated by the U.S. Supreme Court in *Rush v. Savchuk*, 444 U.S. 320 (1980). In *Rush*, the U.S. Supreme Court specifically discussed the ruling in *Minichiello,* and the rule of the case it followed, *Seider v. Roth,* 17 N.Y.2d 111 (1966), both of which allowed a New York court to exercise jurisdiction over a tortfeasor with no New York contacts by attributing to the tortfeasor their insurer's contacts in New York—the reverse of Plaintiffs' arguments here. More important, in rejecting this rule, *Rush* noted that such actions "are not equivalent to direct actions" and held that attributing to an insurer's contacts to its insured to obtain jurisdiction over the insured in a liability suit against the insured is forbidden by *International Shoe* and its progeny." *Rush*, 444 U.S. at 326, 329-33 (underscoring added). Thus, in addition to being wholly off-base on its facts and the legal issues it addressed, *Minichiello* is simply not good law.

In sum, Plaintiffs' Reply improperly presents arguments and case law not presented in their original Remand Motion and, more important, continues to miss the point of diversity jurisdiction by relying on a new argument and case law which has no relevance whatsoever to the issue before the Court: whether it has diversity jurisdiction of this action as challenged by Plaintiffs' Remand Motion.

For the reasons discussed above, and the reasons set forth in Evanston's Memorandum of Law in Opposition to Plaintiff's Motion for Remand (ECF Doc. No. 11), the Court should allow this letter as a Sur-reply and Plaintiffs' Remand Motion should be denied.

Respectfully submitted,

SKARZYNSKI MARICK & BLACK, LLP

/s/ *Evan Shapiro*
Evan Shapiro, Esq.
One Battery Park Plaza, 32nd Floor
New York, NY 10004
Tel: (212) 820-7700
eshapiro@skarzynski.com

*Attorneys for Defendant Evanston Insurance Company*

cc: All counsel of record via ECF