UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE (a pseudonym) and MARY DOE (a pseudonym),<br><br>                                Plaintiffs,<br><br>-against-<br><br>MARKEL, EVANSTON INSURANCE COMPANY,<br><br>                                Defendant. | Index No. 1:24-cv-09670-VSB-KHP |

**DECLARATION OF EVAN SHAPIRO IN SUPPORT OF
MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. RULE 11**

I, EVAN SHAPIRO, declare:

1. I am an attorney admitted to practice law in the courts of the State of New York and the U.S. District Court for the Southern District of New York, and I am counsel for the defendant named as Markel, Evanston Insurance Company ("Evanston"). I submit this Declaration in support of Evanston's Motion for Sanctions against Plaintiffs' counsel, Darren Epstein, Esq., of Epstein Legal Services, P.C. ("Plaintiffs' Counsel"), pursuant to Fed. R. Civ. P. Rule 11 ("Rule 11"). I am fully familiar with the facts and circumstances of this action.

2. Attached hereto as <u>Exhibit A</u> is a true and accurate copy of the cover email and letter dated February 26, 2025, without its accompanying exhibits, from the undersigned on behalf of Evanston to Plaintiffs' Counsel, in which Evanston provided the 21-day advance notice of this motion as required by Rule 11(c)(2). The exhibits to this letter are not attached as they are nearly identical to the Notice of Motion and Memorandum of Law in Support of this Motion filed herewith via ECF.

1

3. Attached hereto as Exhibit B is a true and accurate copy of the Notice of Motion "for an Order granting Directed Judgment on the amount of the policy limits available for the Plaintiff," and the attached Affirmation in Support filed by Plaintiffs' Counsel on October 11, 2024, in a related underlying New York State Court action captioned *Doe, et al. v. Klar, et al.,* N.Y. Sup. Ct. Index No. 951468/2021 (the "Underlying Action"), NYSCEF Doc. No. 41 (the "Limits Motion").

4. Attached hereto as Exhibit C is a true and accurate copy of the Opposition to the Limits Motion filed on behalf of defendant Chai Lifeline, Inc. ("Chai"), in the Underlying Action, NYSCEF Doc. No. 44.

5. Attached hereto as Exhibit D is a true and accurate copy of the Affirmation Opposition to the Limits Motion filed on behalf of certain additional defendants in the Underlying Action, NYSCEF Doc. No. 45.

6. Attached hereto as Exhibit E is a true and accurate copy of an unfiled complaint by Plaintiffs against Evanston for a declaratory judgment, dated November 11, 2024, which Plaintiffs' Counsel provided to Chai's defense counsel in the Underlying Action who then forwarded it to Evanson on or about February 14, 2024.

7. Attached hereto as Exhibit F is a true and accurate copy of this firm's November 15, 2024 letter on behalf of Evanston to Plaintiffs' Counsel advising that the Limits Motion and the proposed complaint by Plaintiffs against Evanston for a declaratory judgment are prohibited by New York Law.

8. On or about December 18, 2024, after Plaintiffs filed their Complaint in this action in the form of the Complaint attached as Exhibit E this action was removed by Evanston to this Court, during a telephone conversation on regarding scheduling, Plaintiffs' Counsel's advised that

he planned to move to remand this action to State Court on the basis that this action is a "direct action" under 28 U.S.C. § 1334(c), such that Evanston stands in the shoes of its insured (Chai) for purposes of diversity jurisdiction. Evanston's counsel noted that this statute does not apply because Plaintiffs had not yet obtained a judgment against Chai in the Underlying Action.

9. Attached hereto as <u>Exhibit G</u> is a true and accurate copy of Plaintiffs' Counsel's March 14, 2025 letter to the undersigned.

10. Attached hereto as <u>Exhibit H</u> is a true and accurate copy of this firm's March 17, 2025 letter to Plaintiffs' Counsel.

11. Attached hereto as <u>Exhibit I</u> is a true and accurate copy of Plaintiffs' Counsel's March 18, 2025 letter to the undersigned.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information, and belief.

Dated: New York, NY
March 21, 2025

By:    */s/ Evan Shapiro*
       Evan Shapiro, Esq.