# Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
"JOHN DOE" (A PSEUDONYM) AND MARY DOE           Index No.: 951468/2021
(A PSEUDONYM),

                         Plaintiff,

                                                                             **AFFIRMATION IN**
-against-                                                              **OPPOSITION**

YAAKOV DAVID KLAR, YESHIVA TZOIN YOSEF
AND CHAI LIFELINE, INC., CHEDER CHABAD OF
MONSEY, YESHIVTH KEHILATH YAKOV OF
MONSEY a/k/a YESHIVA KEHILATH YAKOV, INC.
                          Defendants.
-----------------------------------------------------------------------X

MARA GOLTSMAN, an attorney duly admitted to practice law in the State of New York, affirms under penalty of perjury as follows:

1. I am a Partner with the law firm of CLAUSEN MILLER P.C., attorneys for CHAI LIFELINE, INC., and as such am familiar with the facts and circumstances of this affirmation.

2. I make this affirmation in opposition to plaintiff's motion for a directed judgment on "the amount of coverage that Defendant CHAI LIFELINE, INC. had under the Markel, Evanston Insurance Company Policy" as stated in paragraph (2) of Mr. Epstein's Affirmation in Support.

3. It is respectfully submitted that the Honorable Court dismiss this motion in its entirety as procedurally defective as plaintiff did not file a Complaint seeking a declaratory judgment and as he failed to name the party against whom declaratory judgment would be sought, namely, the insurer.

11243372.1

4. It is respectfully submitted that the Honorable Court dismiss this motion in its entirety as this suit is still in the early stages of discovery; as depositions have not gone forward (in fact, depositions have not been scheduled); as judgment has not been entered; and as the relief sought by plaintiff is therefore premature.

5. NY CPLR § 3001 clearly states that a declaratory judgment action must be brought against the insurer of the party against whom an action for personal injury or wrongful death was brought.

   See NY CPLR § 3001:

   The supreme court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed. If the court declines to render such a judgment it shall state its grounds. A party who has brought a claim for personal injury or wrongful death against another party may maintain a declaratory judgment action directly **against the insurer of such other party**, as provided in paragraph six of subsection (a) of section three thousand four hundred twenty of the insurance law.

6. NY Ins § 3420 clearly states that a declaratory judgment action must be brought against the insurer and that an action may be maintained to recover the amount of a judgment that was obtained against the insured or the insured's representative.

   See NY Ins § 3420:

   (b) Subject to the limitations and conditions of paragraph two of subsection (a) of this section, an action may be maintained by the following persons **against the insurer** upon any policy or contract of liability insurance that is governed by such paragraph, to recover the amount of a judgment against the insured or his personal representative:

11243372.1

(1) any person who, or the personal representative of any person who, has **obtained a judgment against the insured or the insured's personal representative**, for damages for injury sustained or loss or damage occasioned during the life of the policy or contract;

(2) any person who, or the personal representative of any person who, **has obtained a judgment against the insured or the insured's personal representative** to enforce a right of contribution or indemnity, or any person subrogated to the judgment creditor's rights under such judgment; and

(3) **any assignee of a judgment** obtained as specified in paragraph one or paragraph two of this subsection, subject further to the limitation contained in section 13-103 of the general obligations law.

7. A declaratory judgment action requires an actual controversy between genuine disputants with a stake in the outcome. It may not be used as a vehicle for an advisory opinion.

8. Plaintiff's counsel is inappropriately asking the Court to issue an advisory opinion. Furthermore, plaintiff's counsel is 'putting the cart before the horse' as he filed a motion seeking a coverage decision **before** filing an action as to this issue.

9. In addition to the requirement that the controversy be genuine or ripe, the declaratory judgment may be used only for a "justiciable" controversy. If the Court has jurisdiction over the subject matter, and if the dispute is genuine, and not academic, the dispute will be deemed "justiciable" and N.Y. C.P.L.R. § 3001 will in that regard be satisfied.

10. The caselaw is clear that before the issue of a declaratory judgment is heard by the Court, a Summons and Complaint (or at least a Summons with Notice) commencing an action for a declaration must be filed first. As plaintiff's counsel did not commence an action for declaration, it is respectfully submitted that the Court does not have

11243372.1

jurisdiction over the subject matter, and it is respectfully submitted that the instant motion must be denied in its entirety.

11. It was held that the Court properly denied plaintiff's motion for a declaratory judgment as the Court lacked jurisdiction to grant declaratory relief where neither summons, notice of petition, nor order to show cause commencing action or special proceeding was served on defendant and as there was no underlying action or special proceeding. <u>Caruso v Alside Supply Co., Div. of Alside, Inc.</u>, 140 A.D.2d 981, 529 N.Y.S.2d 725, 1988 N.Y. App. Div. LEXIS 6042 (N.Y. App. Div. 4th Dep't 1988).

12. In an action brought by a tenant association against the sponsors of a condominium conversion, the Appellate Division held that the trial court properly denied defendants' motion for a declaratory judgment pursuant to CPLR § 3001 (as to whether or not Gen Bus Law § 352-e had implicitly overruled certain provisions of the applicable rent stabilization code), since <u>such a motion does not lie prior to joinder of issue</u>, and defendants had yet to serve their answer. <u>58 West 58th Street Tenant Asso. v 58 West 58th Street Associates,</u> 98 A.D.2d 609, 469 N.Y.S.2d 344, 1983 N.Y. App. Div. LEXIS 20891 (N.Y. App. Div. 1st Dep't 1983)

13. All of the caselaw cited to by plaintiff's counsel has one thing in common. The fact patterns indicate that there was an action brought by a party seeking a declaration. Plaintiff's counsel did not commence an action seeking this relief, and, as such, it is respectfully requested that plaintiff's motion be denied for this reason alone. It is furthermore respectfully requested that the Court disregard the caselaw cited by

plaintiff's counsel as it is inapplicable to the instant action as no action seeking a declaration exists.

14. The Appellate Division also held that the Court should have dismissed an action to declare that the insurer owed a duty to defend and indemnify its insured where <u>plaintiff failed to join insured as necessary party</u>. <u>White v Nationwide Mut. Ins. Co.</u>, 228 A.D.2d 940, 644 N.Y.S.2d 590, 1996 N.Y. App. Div. LEXIS 7228 (N.Y. App. Div. 3d Dep't 1996).

15. This is precisely what occurred in the instant action as not only did plaintiff's counsel fail to commence an action seeking this relief, but the insurer, is not a party to the action.

16. As such, it is respectfully requested that the Court deny this motion in its entirety as the insurer, against whom a declaratory action would be brought, was never named as a defendant and as an action was not brought against the insurer.

**WHEREFORE,** for the foregoing reasons and upon the authorities cited, CHAI LIFELINE, INC., respectfully requests that plaintiff's motion be denied in its entirety with prejudice, together with such other, further and different relief as this Court deems just and proper.

Dated: New York, NY
November 7, 2024

By: _____
Mara Goltsman, Esq.
**CLAUSEN MILLER P.C.**
*Attorneys for Defendant*
*CHAI LIFELINE, INC.*

11243372.1

28 Liberty Street, 39th Floor
New York, New York 10005
212.805.3900
mgoltsman@clausen.com

**VIA: NYSCEF TO ALL PARTIES**

11243372.1