# Exhibit E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
John Doe (A Pseudonym) and Mary Doe (A Pseudonym),

                                Plaintiffs,

-against-

MARKEL, EVANSTON INSURANCE COMPANY,

                                Defendants.
-------------------------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiff designates New York County as the place of trial.

**To the above-named Defendant:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New City, NY
        November 11, 2025

                                            Darren J. Epstein, Esq.
                                            Epstein Legal Services, P.C.
                                            254 South Main Street
                                            Suite 406
                                            New City, NY 10956

                                            Tel:    845-634-6800
                                            Fax:   845-634-6801
                                            Email: Darren@depsteinesq.com
                                            Our File No. 21-1203

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X
John Doe (A Pseudonym) and Mary Doe (A Pseudonym),

                             Plaintiffs,

    -against-

MARKEL, EVANSTON INSURANCE COMPANY,

                             Defendants.
----------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiffs, by their attorneys, EPSTEIN LEGAL SERVICES, P.C., complaining of the Defendant, MARKEL, EVANSTON INSURANCE COMPANY, respectfully allege, upon information and belief:

## PARTIES

Plaintiff JOHN DOE (A PSEUDONYM) AND MARY DOE (A PSEUDONYM) are currently residents of the County of Rockland, State of New York.

Defendant MARKEL, EVANSTON INSURANCE COMPANY (Hereinafter, Defendant) an insurance business are/is a foreign limited liability company organized under the laws of the State of Illinois, with its principal place of business located at 10275 West Higgins Road, Suite 750, Rosemont, Illinois 60018. At all relevant times, Defendant was authorized to and are both doing and transacting business in the State of New York.

## JURISDICTION AND VENUE

Jurisdiction in this Court is proper pursuant to CPLR § 3001, and all other applicable provisions of the CPLR, including § 301 and § 302, because Chai Lifeline, Inc. (Hereinafter, Chai Lifeline), the

insured, with their principle place of business at 151 West 30th Street, New York, New York, does substantial business in New York, and this lawsuit concerns a request for a declaratory judgment in connection with insurance coverage the Defendant has with CHAI LIFELINE pursuant to the underlying action under index number 951468/2021.

The Venue in this Court is proper pursuant to CPLR §§ 503(a), (c) and (d) since one or more parties is the State of New York the Defendant is subject to personal jurisdiction in New York. The covered party and/or the Defendant in the underlying action under index number 951468/2021 has their principal place of business or residence within the City of New York and State of New York, therefore, New York County is a proper venue.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF JOHN DOE AND MARY DOE

1. At all times herein mentioned, Plaintiff is a resident of the County of Rockland, State of New York.

2. Upon information and belief, at all times herein mentioned, Defendant was, and still is, a foreign corporation with its principal offices located at 10275 West Higgins Road, Suite 750, Rosemont, Illinois 60018, however, the Defendant is authorized and does substantial business in New York.

3. Upon information and belief, at all times herein mentioned, CHAI LIFELINE is an organization that contracted with the Defendant insurance company that issued the insurance policy to them within the State of New York.

4. Upon information and belief, at all times herein mentioned, Defendant is a corporation that does substantial business within New York County and the State of New York.

5.     Upon information and belief, at all times herein mentioned, Defendant issued an insurance policy to CHAI LIFELINE (Annexed hereto as Exhibit 1).

6.     Upon information and belief, at all times herein mentioned, Defendant pursuant to the insurance policy issued to CHAI LIFELINE, Defendant has a duty to provide coverage, indemnify and defend CHAI LIFELINE for any lawsuit filed against them for injuries that occur pursuant to any sexual abuse, rape, sodomy, and/or sexual assault pursuant to the Child Victim Act (CVA) in the underlying complaint (Exhibit 2), occurrence or accident that creates a loss under the terms of the policy.

7.     At all times herein mentioned, Plaintiff was lawfully inside of the property used by, operated, managed, rented, leased and/or owned by CHAI LIFELINE at 1058 Ramapo Valley Road, Mahwah, New Jersey and/or their offices on Route 59 in Spring Valley, New York, and insured by Defendant.

8.     At all times herein mentioned, 1058 Ramapo Valley Road, Mahwah, New Jersey and/or their offices on Route 59 in Spring Valley, New York (Hereinafter, "premises") was the insured, CHAI LIFELINE's, premises.

9.     That starting in November 2001 through November 2006, JOHN DOE was raped, sodomized, sexually assaulted and/or sexually abused while inside the premises owned, operated, leased, rented, supervised by, managed and/or administered by the CHAI LIEFLINE and both CHAI LIFELINE and the other defendants in the underlying action knew or should have known that Yaakov David Klar (Hereinafter, David Klar) had sexually assaulted the Plaintiff on multiple occasions and that David Klar was sexually assaulting children on their premises when their employees, agents, servants, contractors, sub-contractors and/or personnel observed David

Klar taking these children, including the Plaintiff on multiple occasions, to the property controlled, owned, operated and supervised by CHAI LIFELINE and David Klar sexually assaulted Plaintiff on the premises, thus, due to the negligence of CHAI LIFELINE, JOHN DOE suffered severe and permanent injuries from being sexually abused on multiple occasions on the premises owned, operated, controlled and/or supervised by CHAI LIFELINE.

10. That starting from approximately November 2001 through to November 2006 the Plaintiff JOHN DOE was sexually abused on multiple occasions on multiple dates and under different circumstances by David Klar at the premises owned, operated, controlled and/or supervised by CHAI LIFELINE.

11. That because of the aforesaid negligence of CHAI LIFELINE inside of the premises, Plaintiff JOHN DOE was severely and permanently injured as alleged in the complaint in the underlying action (Exhibit 2).

12. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of CHAI LIFELINE without any fault or negligence on the part of the Plaintiff contributing thereto.

13. That CHAI LIFELINE was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid premises and CHAI LIFELINE was otherwise negligent, careless and reckless under the circumstances then and there prevailing.

14. That by reason of the foregoing, Plaintiff sustained severe and permanent personal injuries; and Plaintiff was otherwise damaged.

15. That Plaintiff brought a lawsuit against CHAI LIFELINE and other parties under index number 951468/2021, within the County of New York, State of New York (Exhibit 2).

16. That Plaintiff sustained serious injuries and economic loss as a direct result of the sexual abuse sustained due to CHAI LIFELINE's negligence.

17. That CHAI LIFELINE sent the lawsuit (Exhibit 2) to Defendant pursuant to the coverage they contracted for and paid substantial sums of money to provide them with Insurance Coverage for the allegations contained in the complaint (Exhibit 2).

18. That the Defendant notified Plaintiff that they had an eroding policy, that there was a total of $1,000,000.00 in coverage, that there was another case unrelated to the allegations in the complaint by JOHN DOE against CHAI LIFELINE, that Defendant alleges that they had expenses and paid a settlement on this unrelated case, that the insurance policy coverage only has a balance of approximately $425,000.00 remaining in coverage for JOHN DOE and MARY DOE, that the Defendant has tendered this amount to Plaintiffs, claiming that this is the approximate amount left pursuant to the terms of the policy and that they have alleged that the Plaintiff JOHN DOE is not entitled to a total of $1,000,000.00 in coverage as a claimant under this policy.

19. That the Defendant never sought a declaration that there was limited coverage for the underlying action.

20. That any ambiguity in the insurance agreement is interpreted against the Defendant and in favor of the Claimant or insured.

21. That the Defendant was given notice of the claim when the Defendant received the Complaint (Exhibit 2).

22.     That the provisions of the agreement between CHAI LIFELINE and the Defendant requiring CHAI LIFELINE to forward the summons and complaint to the Defendant was done within a reasonable time after they received it.

23.     That this was the first written notice CHAI LIFELINE had received by the Plaintiff, as such, pursuant to the insurance agreement, there is no prejudice to the Defendant. There has been no denial of coverage by the Defendant to CHAI LIFELINE.

24.     That Plaintiff is seeking declaratory relief to determine the limits of coverage pursuant to the insurance policy. There has been no prejudice to the Defendant.

25.     That the terms of the policy do not limit the coverage, and Plaintiff alleges as a claimant, that there is $1,000,000.00 in coverage for the Plaintiff and that there is no language in the insurance policy which permits the Defendant to erode the policy limits of the insurance agreement (Exhibit 1) between CHAI LIFELINE and Defendant.

26.     That the Defendant have violated the terms of the insurance agreement. Because of the foregoing, an actual and justiciable controversy exists between the Plaintiff, CHAI LIFELINE and the Defendant. The Plaintiff therefore seeks a declaratory judgment that the Defendant has coverage of $1,000,000.00 on behalf of CHAI LIFELINE and Plaintiffs JOHN DOE AND MARY DOE pursuant to the allegations in the complaint and under the terms of Defendant Policy.

### SECOND CAUSE OF ACTION
### (Breach of Contract)

27.     Plaintiff incorporates by reference and repeats and realleges the allegations of Paragraphs 1 through 26 of the Complaint above as if fully set forth herein.

28.   CHAI LIFELINE entered into an insurance agreement with the Defendant. That CHAI LIFELINE is a named insured under the policy.

29.   The insurance agreement was in full force and effect with regard to the dates of the incidents.

30.   CHAI LIFELINE has fully complied with all his duties and obligations under the insurance agreement and made all payments as demanded by the Defendant.

31.   Defendant has now stated that they do not want to indemnify CHAI LIFELINE or provide claimant with coverage for the full $1,000,000.00 pursuant to the terms of the insurance agreement with Defendant. Defendant is therefore in breach of the insurance agreement.

32.   Defendant's breach of the insurance agreement is material and continuing.

33.   As a result of CHAI LIFELINE's negligence, Plaintiff suffered severe and permanent injuries and is entitled to monetary damages all in excess of the jurisdictional limits, which is continuing, plus pre- and post-judgment interest, attorneys' fees, costs, and other disbursements incurred in connection with this action.

34.   By reason of the foregoing, an actual and justiciable controversy exists between the Plaintiff, CHAI LIFELINE and the Defendant. The Plaintiff therefore seeks a declaratory judgment that the Defendant have coverage of $1,000,000.00 on behalf of CHAI LIFELINE and JOHN DOE AND MARY DOE pursuant to the allegations in the complaint and under the terms of Defendant Policy.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment Pursuant to CPLR § 3001)

35. Plaintiff incorporates by reference and repeats and realleges the allegations of Paragraphs 1 through 34 of the Complaint above as if fully set forth herein.

36. Plaintiff seeks a declaratory judgment to resolve questions concerning the respective rights, obligations, and duties of Defendant under the insurance agreement.

37. An actual case or justiciable controversy exists between CHAI LIFELINE and Defendant concerning Plaintiff's entitlement to coverage as a claimant because of the negligence of CHAI LIFELINE.

38. The issuance of declaratory relief by this Court will terminate some or all the existing controversy between the parties and will provide certainty to the parties with respect to their rights and obligations under the insurance agreement.

39. By reason of the foregoing, Plaintiff is entitled to a declaratory judgment establishing the rights and obligations of the parties and determining the extent of Plaintiff's entitlement to the coverage pursuant to the insurance agreement.

40. Plaintiff therefore requests a declaration by this Court that the Defendant is required to provide coverage pursuant to the terms of the insurance agreement between CHAI LIFELINE and Defendant in the total amount of $1,000,000.00.

41. By reason of the foregoing, an actual and justiciable controversy exists between the Plaintiff, CHAI LIFELINE and the Defendant. The Plaintiff therefore seeks a declaratory judgment that the Defendant owes a duty to provide coverage in the amount of $1,000,000.00 on behalf of CHAI LIFELINE and Plaintiffs as claimants under the terms of the policy.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter declaratory judgment against Defendant as follows:

(1) For a judgment declaring that Plaintiff is entitled to $1,000,000.00 of coverage under the terms of the insurance agreement as a claimant against CHAI LIFELINE and the Defendant.

(2) For a judgment declaring that Defendant is in breach of the insurance agreement, that it is material and continuing, Plaintiff suffered severe and permanent injuries and is entitled to monetary damages all in excess of the jurisdictional limits, which is continuing, plus pre- and post-judgment interest, attorneys' fees, costs, and other disbursements incurred in connection with this action; and

(3) That Plaintiff be awarded such other and further relief as this Court deems proper and just. JURY DEMAND PLAINTIFF hereby demands a trial by jury on all claims so triable.

Dated: New City, NY
November 11, 2024

Yours, etc.

Darren Jay Epstein, Esq.
Epstein Legal Services, P.C.
254 South Main Street
Suite 406
New City, NY 10956

Tel:         845-634-6800
Fax:        845-634-6801
Email:     Darren@depsteinesq.com

Our File No. 21-1203

10