# Exhibit G

Epstein Legal Services, P.C.
*Attorney At Law*
845-634-6800
Fax: 845-634-6801
Website: www.ELSESQ.com

March 14, 2025

Evan Shapiro, Esq.
SKARZYNSKI MARICK & BLACK, LLP
One Battery Park, Plaza, 32nd Floor
New York, New York 10004
Email: eshapiro@skarzynski.com
Attorneys for Defendant Evanston Insurance Co.

**Re: John Doe and Mary Doe v. Markel, Evanston Insurance Co.**
**Index No.:** 1:24-cv-09670

Dear Ms. Shapiro:

Please be advised that pursuant to Watson v Aetna Cas. & Sur. Co., 246 AD2d 57 (2d Dept. 1998), the court has held that a declaratory action is appropriate even when considering CPLR §3420, since there is a justiciable controversy (see,CPLR §3001). When the factual basis is not necessarily "a fact litigable in the personal injury action, such as whether a policy was cancelled, or invalidated by non-cooperation, the courts recognize the appropriateness of a separate declaratory action to test the issue" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:10, at 439). The court opined that the "declaratory judgment action presents a genuine dispute that is justiciable, i.e., 'state[s] a real controversy, involving substantial legal interests' (Playtogs Factory Outlet v County of Orange, 51 AD2d 772, 773; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR §3001:4, at 434)." The Court denied the motion to dismiss and stated, "Insofar as the plaintiff would stand to benefit from the policy, the court is surely presented with a "real controversy involving substantial legal interests" (Reliance Ins. Co. v Garsart Bldg. Corp., supra, at 131; see also, Costa v Colonial Penn Ins. Co., supra)."

Watson further held, "New York courts ... have permitted a party who, although not privy to the insurance contract, would nevertheless stand to benefit from the insurance policy to bring a declaratory judgment action to determine whether the insurer owed a defense and/or coverage under the policy." Id.

In Mortillaro v Pub. Serv. Mut. Ins. Co., 285 AD2d 586 (2d Dept 2001), the Court held "[a] plaintiff need not be privy to an insurance contract to commence a declaratory judgment action to determine the rights and obligations of the respective parties, so long as the plaintiff stands to benefit from the policy." Citing Watson, they held "the plaintiffs are entitled to challenge the disclaimer of coverage issued by AISL prior to obtaining a judgment."

In Nationwide Mut. Fire Ins. Co. v Oster, 2018 N.Y. Misc. LEXIS 2606, the Court held that Watson v. Aetna Casualty, "properly distinguishes between a direct action against an insurer to recover an unsatisfied judgment (Jimenez v. New York Cent. Mut. Fire Ins. Co., 71 AD3d 637, 897 N.Y.S.2d 143 [2nd Dept. 2010]), and an action to declare issues of defense and indemnification." The Court, citing Mortillaro v. Public Serv. Mut. Ins. Co., 285 AD2d 586, 728 N.Y.S.2d 185 (2nd Dept. 2001) stated:

> "A plaintiff need not be privy to an insurance contract to commence a declaratory judgment action to determine the rights and obligations of the respective parties, so long as the Plaintiff stands to benefit from the policy."

In the same respect, pursuant to CPLR §3001 a declaratory action was permitted against an insurer to determine if they had a duty to defend, prior to any judgment, when the court denied their motion for summary judgment. (See, Tenkate v Moore, 274 AD2d 934 [3d Dept 2000]).

The Second Department has been clear that a declaratory judgment action is necessary when there is a justifiable controversy regarding a clarification of the policy, which is exactly the circumstances of this case.

We have rightfully provided a case where there is ambiguity with regard to the way the Markel policy was written. Taking it in the light most favourable to the Plaintiff, the Markel policy provides for $1,000,000.00 of coverage per claimant or $1,000,000.00 for all claims under the Sexual Acts coverage. There is no conjunction that provides that a claimant, by themselves is not entitled to $1,000,000.00 of coverage. The meaning we have taken under this policy provision was that an individual claimant is only entitled to $1,000,000.00 of coverage total no matter how many separate dates and times they were sexually abused. There is no provision which sets forth that a separate incident to another claimant would erode the limits of another claimant. Whereas 5 (G) specifically sets forth "Multiple Sexual Acts: two or more Sexual Acts against one person shall be deemed to be one Sexual Act…."

In other words, the policy does not set forth any provision for the erosion of a claimants $1,000,000.00 limit by the acts of a separate individual on different dates and times. This creates the ambiguity of the policy.

As far as diversity is concerned, this has been addressed in the motion papers, it is our position that both Federal and New York law sets forth that there is no diversity as the insurance company steps in the shoes of the insured and that an insurance company that does business in New York opens itself up to venue in a New York jurisdiction.

For all of the above reasons, your letter dated February 26, 2025, is not only without merit but fails to consider the questions of fact and law presented with regard to remanding this matter to State court.

Very truly yours,

Darren Epstein

254 South Main Street- Suite 406 – New City, New York 10956
845-634-6800 – Fax: 845-634-6801