# Exhibit H



Skarzynski Marick & Black LLP
One Battery Park Plaza, 32nd Floor
New York, NY 10004
**P** 212.820.7700 | **F** 212.820.7740
skarzynski.com

**Evan Shapiro**
Direct Line: 212.820.7712
eshapiro@skarzynski.com

March 17, 2025

**VIA E-MAIL**
Darren Epstein, Esq.
Epstein Legal Services, P.C.
darren@depsteinesq.com

> Re: *John and Mary Doe v. Markel, Evanston Insurance Company*
> Index No. 1:24-cv-09670-VSB-KHP
> Sanctions Motion

Dear Mr. Epstein,

We write further to our February 26, 2025 letter regarding Evanston's planned motion for sanctions pursuant to Rule 11 (the "Rule 11 Letter") and in reply to your March 14, 2025 Letter (your "Response Letter"). Your Response Letter attempts to argue that you have a reasonable basis for your Complaint and Remand Motion in this action against Evanston. However, your Response Letter serves only to reinforce that you have failed to do basic research, even after you were repeatedly advised of the controlling New York Court of Appeals ruling in *Lang v. Hanover Ins. Co.,* 3 N.Y.3d 350, 353-55 (2004), which holds that, under CPLR § 3001 and N.Y. Ins. Law § 3420, an unsatisfied judgment against an insured is a condition precedent to an injured party's action against an alleged tortfeasor's insurer, including an action for declaratory relief. As such, if you do not withdraw your Complaint and Motion for Remand by the previously stated deadline of the close of business on Wednesday, March 19, 2025, Evanston will proceed with filing its Sanctions Motion.

The flaw in your Response Letter (as with your prior arguments), is seen in the fact that, with two exceptions, all of the decisions you cite were entered prior to 2004, when *Lang* was decided.[1] Thus, the rulings in those decisions were abrogated by *Lang*. Further, the two decisions you cite which were decided after *Lang* do not assist your position. Both address lawsuits against

---

[1] For avoidance of doubt, we note that these cases, with their full citations are: *Watson v Aetna Cas. & Sur. Co.*, 246 A.D.2d 57, 59 (2d Dept. 1998) (which recognized a disagreement between New York Appellate Divisions as to whether injured parties can bring a declaratory judgment action against an insurer prior to a judgment against its insured); *Playtogs Factory Outlet v County of Orange*, 51 A.D.2d 772 (2d Dept. 1976) (cited in *Watson* but does not address an injured parties' standing to sue an insurer); *Reliance Ins. Co. v. Garsart Bldg. Corp.*, 122 A.D.2d 128 (pre-*Lang* ruling cited in *Watson*); *Costa v. Colonial Penn Ins. Co.*, 122 A.D.2d 128 (2d Dept. 1986) (pre-*Lang* ruling cited in *Watson*); *Mortillaro v Pub. Serv. Mut. Ins. Co.*, 285 A.D.2d 586 (2d Dept. 2001) (pre-*Lang* ruling); *Tenkate v. Moore*, 274 A.D.2d 934 (3d Dept. 2000) (pre-*Lang* ruling). Similarly, the citations in your letter to the McKinney's Practice Commentaries are clearly cut and pasted from the cases you cite.

Daren Epstein, Esq.<br>
March 17, 2025<br>
Page 2

insurers after a judgment against their insured. The injured parties in these cases had therefore satisfied the relevant conditions precedent. *See Jimenez v. New York Cent. Mut. Fire Ins. Co.*, 71 A.D.3d 637, 639 (2nd Dept. 2010) (judgment debtor sued judgment creditor's insurer seeking to recover the amount of an unsatisfied judgment against the debtor); *Nationwide Mut. Fire Ins. Co. v Oster*, 60 Misc.3d 1208(A) (N.Y. Sup. Ct. 2018), *affirmed as modified*, 193 A.D.3d 951, 147 N.Y.S.3d 97 (2d Dept. 2021) (noting, in the very first sentence of the decision, that all motions considered by the court "[arose] after a jury verdict in the related [underlying] wrongful death action").

In short, in 2004, *Lang* eliminated any subsequent good faith legal argument that your clients are entitled to bring this action against Evanston. Your inability to cite to any relevant post-*Lang* rulings allowing a tortfeasor to bring a pre-judgment action for a declaratory judgment against an insurer, such as this one, supports Evanston's position that you have breached your ethical obligations to independently investigate the law and Evanston's motion for sanctions. Further, your argument that you have identified a purported ambiguity in the Evanston Policy is both wrong on the face of the relevant Policy provisions (as has also been repeatedly explained to you) and is irrelevant to the fact that the statutory conditions precedent to this action have not been satisfied.

With respect to the Remand Motion, we refer you to the case law which you would have identified through reasonable research efforts and discussed in Evanston's Memorandum of Law in opposition the Remand Motion as well as in our Draft Memorandum of Law for Sanctions and in our March 7, 2025, Letter with Evanston's proposed Sur-reply. This case law consistently rejects your "position" that, under New York Law, Evanston would only step into the shoes of its insured in an action after an unsatisfied judgment against its insured, which is not present here. In addition, the venue argument you raised in our Reply Affirmation is irrelevant as noted in our March 7, 2025 Letter because this motion is about diversity jurisdiction of the Federal Court, not long-arm jurisdiction. We intend to update Evanston's Draft Memorandum of Law in support of Sanctions to reflect your further waste of the time of Evanston and this Court.

For all of the above reasons, Evanston is confident that your positions are frivolous and intends to file its Motion for Sanctions if you do not withdraw the Complaint and Motion for Remand by the close of business on Wednesday, March 19, 2025.

Very truly yours,<br>
*/s/ Evan Shapiro*<br>
Evan Shapiro

cc:   Rossella Scarpa (rscarpa@skarzynski.com)

4934-0594-8458