# Exhibit I

# Epstein Legal Services, P.C.

*Attorney At Law*

845-634-6800
Fax: 845-634-6801
Website: www.ELSESQ.com

March 18, 2025

Evan Shapiro, Esq.
SKARZYNSKI MARICK & BLACK, LLP
One Battery Park, Plaza, 32nd Floor
New York, New York 10004
Email: eshapiro@skarzynski.com
Attorneys for Defendant Evanston Insurance Co.

**Re: John Doe and Mary Doe v. Markel, Evanston Insurance Co.**
**Index No.:**   1:24-cv-09670

Dear Ms. Shapiro:

    In response to your letter dated March 17, 2025, you have continued to rely on Lang v. Hanover Ins. Co., 3 N.Y.3d 350 (2004) which involves a situation where the insurance company disclaimed coverage. That is not the issue in this case. Rather, there is no disclaimer of coverage, rather, there are issues with regard to the language of the policy to determine what are the actual policy limits pursuant to the sexual abuse rider.

    The purpose of CPLR §3001 allows for a declaratory judgment on a policy issue, this is not a suit to bring your carrier into an action on behalf of your insured, this is a Direct Action to get a decision on the meaning of the language within the policy. Lang deals with a Plaintiff attempting to get a determination of whether Hanover has to indemnify and defend the party Defendant, Markel has already agreed to coverage.

    Whereas, your client Markel has taken on the defense of its insured and the Direct Action against them has nothing to do with the indemnification or defense on this action, rather, it has to do with whether the policy provision is ambiguous; whether Markel misconstrued it to its own benefit to reduce the amount of coverage they claim they have available.

    "CPLR 3001 authorizes a court to declare "the rights and other legal relations of the parties to a justiciable controversy," providing a procedure for parties to resolve disputes over existing rights and obligations. What distinguishes declaratory judgment actions from other types of actions or proceedings is the nature of the primary relief sought--a judicial declaration rather than money damages or other coercive relief" Lang, id., citing Solnick v Whalen, 49 N.Y.2d 224, 229 (1980). This language from Lang clarifies the distinction between the cases cited. You failed to recognize that this is not a case in which Plaintiff seeks a money judgment from Markel, rather it is a determination on the coverage pursuant to the language of the policy. Thus, your interpretation of Lang as it relates to this lawsuit is without any merit.

254 South Main Street- Suite 406 – New City, New York 10956
Darren@DEpsteinEsq.com

As <u>Lang</u> clarified, the Plaintiff is seeking a judicial declaration regarding the language of the policy, that the policy was ambiguous and as a result of the ambiguity it must be construed in the light most favourable to the Plaintiff, in other words that each sexual abuse claimant has $1,000,000.00 of coverage under this policy. Since Plaintiff is not seeking money damages in the lawsuit against Markel, <u>Lang</u> is clear that a Direct Action seeking a declaration to resolve the dispute over the existing rights under the policy written by Markel is appropriate.

<u>Lang</u> has to do with an insurance company that chose **not** to cover their insured, whereas in this case Markel provided coverage. The <u>Lang</u> Court makes the distinction in their opinion, the Court stated, "when [the insurance company] under those circumstances, having chosen not to participate in the underlying lawsuit, the insurance carrier may litigate only the validity of its disclaimer and cannot challenge the liability or damages determination underlying the judgment." In other words, when the issue is bringing the insurance company to step in the shoes of the insured in the underlying case to indemnify and defend the insured in their lawsuit <u>Lang</u> would apply. However, that is not the case Plaintiff has brought against Markel.

The lawsuit against Markel is not for a monetary judgment, it is solely to have a declaratory judgment on the ambiguity of sexual abuse rider of the policy. The case against Markel is seeking a judicial declaration not a money judgment. Lang does not apply. You are on notice of the distinction.

Very truly yours,

Darren Epstein