UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE (a pseudonym) and MARY DOE (a pseudonym),

          Plaintiffs,

-against-

MARKEL, EVANSTON INSURANCE COMPANY,

          Defendant.

Index No. 1:24-cv-09670-VSB-KHP

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR SANCTIONS**

SKARZYNSKI MARICK & BLACK LLP
One Battery Park Plaza, 32nd Floor
New York, NY 10004
Tel: (212) 820-7700
Email: eshapiro@skarzynski.com

*Attorneys for Defendant named as
Markel, Evanston Insurance Company*

Of Counsel:
    Evan Shapiro, Esq.
    Rossella Scarpa, Esq.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ............................................................................................................................ 3

    A.   Relevant Procedural Background ................................................................................ 3

    B.   Relevant Allegations Of The Complaint In This Action .............................................. 5

ARGUMENT .................................................................................................................................. 6

      A.   The Obligations Imposed By Rule 11 ........................................................................ 6

      B.   This Action Appears To Have Been Submitted For An Improper
Purpose And Plaintiffs' Counsel Did Not Conduct A Reasonable
Inquiry Into The Legal Or Factual Basis For The Complaint In
This Action Or The Remand Motion ........................................................................ 7

           1.   A Reasonable Inquiry Would Have Revealed That This Action
Is Prohibited By Well-Established New York Law And
The Terms Of The Policy ..........................................................................................8

           2.   Plaintiffs' Counsel Did Not Conduct A Reasonable Inquiry Into The
Interpretation Of The Policy's Limit Of Liability Provision ......................... 10

           3.   Plaintiffs' Counsel Did Not Conduct A Reasonable Inquiry
Into The Application Of The Term "Direct Action"
Under 28 U.S.C. § 1332(C)(A)(1) ............................................................... 12

      C.   Plaintiffs' Counsel Should Be Ordered To Pay Evanston Reasonable
Attorneys' Fees And Expenses For Its Opposition To Plaintiffs'
Remand Motion And Its Plannned Motion To Dismiss The Complaint ................... 12

CONCLUSION ............................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bletas v. Deluca*,
   2011 WL 13130879 (S.D.N.Y. Nov. 15, 2011) ...................................................................... 6-7

*Carr v. Haas*,
   163 A.D.3d 1212 (3d Dept. 2018) .............................................................................................. 8

*China AI Cap. Ltd. ex rel. Link Motion Inc. v. DLA Piper LLP (US)*,
   2024 WL 964596 (S.D.N.Y. Mar. 6, 2024) ................................................................................ 6

*Cincinnati Ins. Co. v. Television Engineering Corp.*,
   265 F. Supp. 2d 1078 (E.D. Mo. 2003) .................................................................................... 11

*Eastway Construction Corp. v. New York*,
   762 F.2d 243 (2d Cir. 1985) ....................................................................................................... 6

*Gurary v. Winehouse*,
   235 F.3d 792 (2d Cir. 2000) ....................................................................................................... 6

*Hartford Acc. and Indem. Co. v. U.S. Fire Ins. Co.*,
   374 So. 2d 1088 (Fla. Dist. Ct. App. 4th Dist. 1979) ............................................................... 11

*Knox v. Ironshore Indem. Inc.*,
   2021 WL 256948 (S.D.N.Y. Jan. 26, 2021) ............................................................................... 9

*Lang v. Hanover Ins. Co.*,
   3 N.Y. 3d 350 (2004) ............................................................................................................. 8-9

*Madeira v. Affordable Housing Foundation, Inc.*,
   469 F.3d 219 (2d Cir. 2006) ....................................................................................................... 9

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. State of New York*,
   72 A.D.3d 620, 901 N.Y.S.2d 176 (1st Dept. 2010) ............................................................... 8-9

*Omni Elevator Corp. v. Int'l Union of Elevator Constructors*,
   2023 WL 7478488 (2d Cir. Nov. 13, 2023) aff'd sub nom.
   *Omni Elevator Corp. v. Int'l Union of Elevator Constructors*,
   2023 WL 7478488 (2d Cir. Nov. 13, 2023). .............................................................................. 7

*Premium Mortg. Corp. v. Equifax, Inc.*,
   583 F.3d 103 (2d Cir. 2009) ................................................................................................. 9-10

*Rosa v. Allstate Ins. Co.*,
   981 F.2d 669 (2d Cir. 1992) ..................................................................................................... 12

*Spokane Cnty. v. Am. Re-Ins. Co.*,
    1993 WL 13579995 (E.D. Wash. May 12, 1993) ...................................................... 11

*St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*,
    409 F.3d 73 (2d Cir. 2005) ........................................................................................ 9

*Star Mark Mgmt, Inc., v. Koon Chun Hing Kee Soy & Sauce Factory*,
    682 F.3d 170 (2d Cir. 2012) ..................................................................................... 6

*Tillman v. Fireman's Fund Ins. Co*,
    590 F. Supp. 246 (S.D.N.Y. 1984) ......................................................................... 10

*Zyburo v. Continental Cas. Co.*,
    60 F. Supp. 351 (S.D.N.Y. 2014) ............................................................................. 9

## **Statutes**

28 U.S.C.A. § 1332(c)(A)(1) ............................................................................................ 12

NY Ins. Law § 3420(c) ................................................................................................. 3, 8

## **Rules**

Fed. R. Civ. P. Rule 11 ............................................................................................. Passim

## **Regulations**

22 NYCRR 130-1.1 ........................................................................................................... 4

Defendant Evanston Insurance Company, improperly named in this action as Markel, Evanston Insurance Company ("Evanston"), respectfully brings this Motion for Sanctions against Plaintiffs' counsel, Darren Epstein, Esq. of Epstein Legal Services, P.C. ("Plaintiffs' Counsel"), pursuant to Fed. R. Civ. P. Rule 11 ("Rule 11") including: (1) an order requiring Plaintiffs' Counsel to pay Evanston's reasonable costs and fees incurred in opposing Plaintiffs' frivolous Remand Motion and its planned Motion to Dismiss the Complaint; (2) dismissal of this action with prejudice as to the declarations sought in the Complaint regarding the Policy's applicable limits of liability; and (3) such other relief as this Court deems just.

**PRELIMINARY STATEMENT**

This case arises out of an ongoing tort action filed in the New York Supreme Court for the State of New York, County of New York (the "State Court"), by Plaintiffs John and Mary Doe (jointly, the "Does" or "Plaintiffs") against Chai Lifeline, Inc. ("Chai") and others (the "Underlying Action"). Evanston is not a defendant in the Underlying Action but is providing a defense to Chai pursuant to a policy of professional liability insurance issued by Evanston to Chai (the "Policy") and certain reservations of rights under the Policy.

As demonstrated by the documents filed in this action and the Exhibits attached to the Declaration of Evan Shapiro in support of this Motion ("Shapiro Decl."),[1] before commencing this action, Plaintiffs' Counsel received a copy of the Policy and was repeatedly directed to the terms relevant to erosion of the Policy's potentially applicable limit of liability. In addition, Plaintiffs' Counsel was repeatedly advised that well-established New York law and the terms of the Policy prohibit Plaintiffs from bringing any action against Evanston prior to obtaining a judgment against Chai. Despite the well-established law and this repeated advice, which included citations to

---

[1] Documents filed in this Court are cited herein by the Document Number ("Doc.") and page number assigned by the ECF system.

1

relevant statutory and case law, and despite his ethical obligations to independently investigate the relevant facts and law, Plaintiffs' Counsel filed this action.

Further, after this action was removed by Evanston to this Court, during a telephone conversation regarding scheduling, Plaintiffs' Counsel advised that he planned to move to remand this action to State Court on the basis that this action is a "direct action" under 28 U.S.C. § 1334(c), such that Evanston stands in the shoes of its insured (Chai) for purposes of diversity jurisdiction. Evanston's counsel noted that this statute does not apply because Plaintiffs had not yet obtained a judgment against Chai in the Underlying Action. Plaintiffs nonetheless filed their motion several weeks later (Doc. 8; the "Remand Motion"). As demonstrated in Evanston's opposition to the Remand Motion (Docs. 11, 13), like the Complaint, the Remand Motion is based on arguments which ignore, and are contrary to, well-established controlling law, without any argument supporting a departure from such law.

By letter dated February 26, 2025, Evanston provided Plaintiffs' Counsel with a letter giving the notice required by Rule 11(c)(2) and demanded that they withdraw their Complaint and Remand Motion. Shapiro Decl. ¶ 2; Ex. A. This letter was supported by a Draft Notice of Motion and Draft Memorandum of Law in Support nearly identical to the documents now submitted to the Court. *Id*. ¶ 2.[2] Although more than 21 days have passed, Plaintiffs' Counsel has not withdrawn the Complaint or Remand Motion.

In sum, the Complaint is frivolous as its lack of merit and its prohibition under New York law would have been revealed by any reasonable review of the relevant Policy terms and any reasonable investigation of New York law. Plaintiffs' Counsel's conduct is also particularly

---

[2] The documents provided to Plaintiffs' Counsel have been revised to reflect the exchange of additional correspondence relating to the merits of Plaintiffs' filings. *See* Shapiro Decl. Exs. G-I. Plaintiffs' Counsel's arguments in these letters further demonstrate that the Complaint and Remand Motion are frivolous.

2

egregious as he filed the Complaint after he was repeatedly advised of the relevant statutory and legal authority prohibiting this action, as well as the relevant terms of the Policy defeating his arguments. The same is true of Plaintiffs' Remand Motion. For all of these reasons, Plaintiffs' Counsel has violated Rule 11 by filing, and failing to withdraw after due notice, the frivolous attorney-verified Complaint and the frivolous attorney-verified Remand Motion. Sanctions are therefore warranted. Evanston stands ready to provide the Court with evidence of its relevant fees and costs.

## BACKGROUND

A.  **Relevant Procedural Background**

The complaint in the Underlying Action, a personal injury action against Chai and others was filed on or about August 18, 2021. *See* Doc. 5-3. On or about October 11, 2024, after limited discovery, Plaintiffs filed a motion in the Underlying Action seeking a "directed judgment" regarding the Policy Limits (the "Limits Motion"). In the Limits Motion, relying on cases interpreting occurrence-based policies, Plaintiffs argued that the Policy provides a minimum of $1,000,000 in coverage, including $1,000,000 of coverage for each of the "separate dates and times" Plaintiff was allegedly abused. Plaintiffs also argued that the language of the Policy does not provide that the limit of liability can be eroded by Evanston's payments to a separate alleged victim not connected to Plaintiffs' claims. Shapiro Decl. Ex. B. In response to the Limits Motion, on or about November 8, 2024, Chai's defense counsel and the co-defendants' counsel filed their respective oppositions to the Limits Motion. *Id.* Exs. C-D. These oppositions noted, among other things, that New York Ins. Law § 3420 ("§ 3420") requires a judgment against the insured before an action can be brought against an insurer. *Id.* Ex. C ¶ 6-9; Ex. D ¶ 5.

After the defendants in the Underlying Action filed their oppositions to the Limits Motion,

Plaintiffs' Counsel advised Chai's defense counsel that he had decided to withdraw that motion and instead file a separate action against Evanston for a declaration regarding the Policy limits available for Plaintiffs' claims against Chai in the Underlying Action. Plaintiffs' Counsel also provided a Draft complaint against Evanston to Chai's defense counsel, which counsel forwarded to Evanston. *Id.* Exs. E. In response, by letter to Plaintiffs' Counsel from Evanston's coverage counsel dated November 15, 2024 (the "November Letter"), Evanston advised Plaintiffs' Counsel that, pursuant to the well-established controlling law cited in that letter, the Limits Motion and this planned declaratory judgment lawsuit against Evanston were not permitted by law, without merit, and frivolous. The November Letter provided case citations demonstrating that Plaintiffs are prohibited from bringing suit against Evanston prior to obtaining a judgment against Chai. *Id.* Ex. F. It also explained the flaws in Plaintiffs' Counsel's analysis of the Policy's applicable limits of liability. *Id.* The November Letter further advised Plaintiffs that, if they proceeded with the lawsuit against Evanston, Evanston would seek sanctions pursuant to 22 NYCRR 130-1.1 or any similar rules or powers of the relevant court. *Id.*

Despite the information provided in the Underlying Action oppositions to the Limits Motion and in Evanston's November Letter, on or about December 2, 2024, Plaintiffs' Counsel filed the Complaint in this action in State Court. Evanston agreed to accept service of the Complaint, then timely removed the action to this Court based on diversity jurisdiction. *See, e.g.*, Doc. 5 ¶¶ 3-4, 16; Doc. 5-1 at 2, "PARTIES." During a telephone conversation on or about December 18, 2024, in response to Plaintiffs' Counsel's indication that he planned to move to file a remand motion, Evanston's counsel advised that he was misreading the diversity statute as Plaintiffs did not yet have a judgment against Chai. *See* Shapiro Decl. ¶ 8. Nonetheless, on January 22, 2025, Plaintiffs' Counsel filed the Remand Motion (Doc. 8). Evanston filed its opposition to

the Remand Motion on February 14, 2025 (Doc. 11) and a proposed Sur-reply on March 7, 2025 (Doc. 13).

**B.      Relevant Allegations Of The Complaint In This Action**

The Complaint in this action (Doc. 5-1) names Evanston as the only defendant. It generally discusses the existence of and allegations of the Underlying Action. *Id.* ¶ 15. It also alleges that Chai complied with its obligations to submit notice to Evanston of the Underlying Action and that Evanston has not denied coverage to Chai under the Policy. *Id.* ¶¶ 3, 5-6, 15, 17, 21-23, 28-30. However, it also alleges that Evanston is effectively denying that it has an obligation to indemnify Chai or pay Plaintiffs the full limit of liability under the Policy. *Id.* ¶31.

The Complaint does not, because it cannot, allege that the Does have obtained a judgment against Chai through trial or settlement in the Underlying Action. This can be seen on the public docket for the Underlying Action. *See* https://iapps.courts.state.ny.us/nyscef/CaseSearch; *Doe v. Klar, et al.*, N.Y. Sup. Ct. Index No. 951468/2021. Eliminating doubt, Plaintiffs' Memorandum of Law in Support of the Remand Motion—which Plaintiffs' Counsel affirms to be true under penalty of perjury—states that "there is no judgment" in the Underlying Action. Doc. 8 at 9 ¶ 6, 13 ¶ 19.

Based on its allegations, the Complaint purports to assert three causes of action against Evanston for declaratory relief and breach of contract. Each cause of action is based on the contention that, contrary to Evanston's explanation to Plaintiffs' Counsel and the plain language of the Policy, the Policy does not provide for reduction of its stated $1,000,000 limit of liability by the expenses and a settlement paid by Evanston in an unrelated case, effectively denying indemnification coverage in part. Doc. 5-1 at ¶ 18. It also alleges that Evanston's statement to Plaintiffs' Counsel regarding erosion of the limits is wrong and Evanston has therefore somehow breached the terms of the Policy. *Id.* ¶¶ 17-18, 21-26, 28-32.

# ARGUMENT

A. **The Obligations Imposed By Rule 11**

Rule 11(b) provides in relevant part that:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney…is certifying that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation;
>
> (2) the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or the establishment of new law;
>
> (3) the factual contentions have evidentiary support …[.]

Under this rule, "subjective good faith" is not a safe harbor and sanctions are mandatory. *Eastway Construction Corp. v. New York*, 762 F.2d 243, 253-54 (2d Cir. 1985) (Rule 11 sanctions warranted where complaint was destined to fail and a competent attorney, after reasonable inquiry, would have reached that conclusion); *accord Gurary v. Winehouse*, 235 F.3d 792, 798-800 (2d Cir. 2000) (where claims were not supported by well-settled case law or any colorable argument for a change in existing law, sanctions were mandatory); *see also Star Mark Mgmt, Inc., v. Koon Chun Hing Kee Soy & Sauce Factory*, 682 F.3d 170, 177 (2d Cir. 2012) (the standard for triggering an award of fees under Rule 11 is objective unreasonableness and "the operative question is whether the argument is frivolous, i.e., the legal position has 'no chance of success', and there is 'no reasonable argument to extend, modify or reverse the law as it stands.'"); *China AI Cap. Ltd. ex rel. Link Motion Inc. v. DLA Piper LLP (US)*, 2024 WL 964596, at *5 (S.D.N.Y. Mar. 6, 2024) (the standard for liability under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the attorney); *Bletas v. Deluca*, 2011 WL 13130879, *11 (S.D.N.Y. Nov. 15, 2011) (awarding sanctions under Rule 11 as plaintiffs failed to undertake a reasonable inquiry into the

law that governs and clearly precludes the claims).

Further, although the Complaint in this action was originally filed in State Court, Plaintiffs' Counsel has continued to "advocate" for the position in the Complaint by his filings in this Court, and by his frivolous Remand Motion. In this regard, Rule 11:

> [allows] a district court to impose sanctions not only for a party's 'signing' a paper filed with the district court, but for 'presenting to the court (whether by signing, filing, submitting, or later advocating)' a document that is otherwise sanctionable. The Advisory Committee Notes explain that "if after a notice of removal is filed, a party urges in federal court the allegations of a pleading filed in state court (whether as claims, defenses, or in disputes regarding removal or remand), it would be viewed as 'presenting'—and hence certifying to the district court under Rule 11—those allegations.

*Omni Elevator Corp. v. Int'l Union of Elevator Constructors & its Loc. 27 Affiliate*, 2022 WL 780272, at *2–3 (W.D.N.Y. Mar. 15, 2022) (internal quotations and citations omitted), *aff'd sub nom. Omni Elevator Corp. v. Int'l Union of Elevator Constructors*, 2023 WL 7478488 (2d Cir. Nov. 13, 2023).

**B.     This Action Appears To Have Been Submitted For An Improper Purpose And Plaintiffs' Counsel Did Not Conduct A Reasonable Inquiry Into The Legal Or Factual Basis For The Complaint In This Action Or The Remand Motion**

Plaintiffs' Counsel has violated Rule 11(b) because the claims in this action and the Remand Motion: (1) appear to have been submitted for the improper purpose of obtaining an advisory opinion on the meaning of the Policy's potentially available limits of liability and/or to impose directly on Evanston costs of litigation in addition to the Costs of Defense of Chai in the Underlying Action; (2) are frivolous under applicable law; and (3) are factually unsound in the face of the unambiguous terms of the Policy. Any one of these elements is sufficient to support sanctions as any reasonable inquiry on these issues by Plaintiffs' Counsel would have prevented the expenses incurred by Evanston in defending itself in this action.

### 1. A Reasonable Inquiry Would Have Revealed That This Action Is Prohibited By Well-Established New York Law And The Terms Of The Policy

Plaintiffs' Counsel filed this action in violation of each prohibition of Rule 11(b). The most obvious violation can be seen by the fact that any reasonable inquiry into New York law addressing the right of an injured person (here, the Does) to bring an action against the insurer (here, Evanston) of an alleged tortfeasor (here, Chai), in connection with an insurance policy issued to the alleged tortfeasor, would have educated Plaintiffs' Counsel that Plaintiffs have no standing to bring this action. The Policy also expressly prohibits this action.

Moreover, Plaintiffs' Counsel proceeded with this action even after the opposition by the Underlying Action defendants to the Limits Motion and Evanston's November Letter provided all of the information Plaintiffs' Counsel needed to demonstrate that this action is prohibited and therefore frivolous. The information provided to Plaintiffs' Counsel in the opposition to the Limits Motion and the November Letter, which is the same information that Plaintiffs' Counsel would have learned through any reasonable investigation, is that, under § 3420(c), as interpreted by the New York Court of Appeals, an injured person such as Plaintiffs here cannot bring an action against the insurer of an alleged tortfeasor unless, as a condition precedent, they have obtained a judgment against the insured which has remained unsatisfied for over 30 days. This rule applies equally to an action for declaratory relief. *See Lang v. Hanover Ins. Co.,* 3 N.Y. 3d 350, 353-55 (2004) (holding that, under § 3420, an unsatisfied judgment against the insured is a condition precedent to an injured third-party's direct action against an insurance company, including an action for declaratory relief); *accord Carr v. Haas,* 163 A.D.3d 1212, 1213-14 (3d Dept. 2018) (holding that injured plaintiff has no right to seek relief directly from a tortfeasor's insurer prior to obtaining a judgment against the insured); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. State of New York*, 72 A.D.3d 620, 621, 901 N.Y.S.2d 176, 177 (1st Dept. 2010) (holding that, under § 3420, a

8

judgment against the insured is a condition precedent to a direct suit against its insurer); *Madeira v. Affordable Housing Foundation, Inc.*, 469 F.3d 219, 251-52 (2d Cir. 2006) (affirming dismissal of claims against insurer of alleged tortfeasor for lack of standing where claimants had not obtained a judgment against the alleged tortfeasor); *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 83 (2d Cir. 2005) (rejecting plaintiff's argument that its interest in ensuring that funds are available to pay any judgment it may in the future obtain against a defendant is sufficient to allow it to assert claims directly against the defendants' insurers); *Knox v. Ironshore Indem. Inc.,* 2021 WL 256948, at *3 (S.D.N.Y. Jan. 26, 2021) ("Since the prerequisites to suit under the New York direct action statute are not satisfied, Plaintiffs have not stated a claim for relief"); *Zyburo v. Continental Cas. Co.*, 60 F. Supp. 351, 354-55 (S.D.N.Y. 2014) (dismissing action against insurance company where plaintiff had not yet obtained a judgment against the defendant's insured and therefore lacks standing).[3]

In addition, Evanston's November Letter advised that the Policy (like New York law) expressly prohibits a direct claim against Evanston by third parties prior to a judgment against Evanston's insured. Shapiro Decl. Ex. F at 2. Specifically, Section M of the COMMON POLICY CONDITIONS Part of the Policy provides, in relevant part:

> no action shall lie against [Evanston] unless, as a condition precedent thereto, … the Insured's obligation to pay shall have been fully and finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and [Evanston].

*See* Doc. 5-2 at 14; *see also, e.g.*, *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) ("A non-party to a contract governed by New York law lacks standing to enforce the

---

[3] The cases cited by Plaintiffs' Counsel in response to Evanston's February 26, 2025 Rule 11 notice (Shapiro Decl. Ex. A) do not support a different conclusion as explained by Evanston in response. *See* Shapiro Decl. Ex. H. Plaintiffs' Counsel then took a different tact, attempting to distinguish *Lang* by arguing that it applies only to cases where the insurer has denied coverage. *Id*. Ex. I. This argument fails.

9

agreement in the absence of terms that 'clearly evidence[ ] an intent to permit enforcement by the third party' in question."); *Tillman v. Fireman's Fund Ins. Co*, 590 F. Supp. 246, 250–51 (S.D.N.Y. 1984) (holding a third party has no right of action against an insurer under insurance policy that expressly prohibits third parties from suing the insurer).

In sum, it is obvious that, prior to filing this action against Evanston, Plaintiffs' Counsel did not conduct a reasonable inquiry into the existing law relevant to this action. As Plaintiffs' Complaint against Evanston is frivolous, Plaintiffs' Counsel has violated Rule 11 and appropriate sanctions should be issued by the Court.

### 2. Plaintiffs' Counsel Did Not Conduct A Reasonable Inquiry Into The Interpretation Of The Policy's Limit Of Liability Provision

In addition to explaining that Plaintiffs do not have standing to bring this action, Evanston's November Letter explained that Plaintiffs' substantive position regarding the applicable limit of liability afforded by the Sexual Acts Liability Coverage Endorsement (the "SAL Endorsement") is contradicted by the plain language of the Policy. *See* Shapiro Decl. Ex. F at 3-6.

As noted in that letter, and as can be seen by the Policy attached to the Complaint in this action (Doc. 5-2), the Policy's SAL Endorsement provides, in relevant part, that coverage for Claims based on Sexual Acts Liability is limited as follows (underscoring added):

> F. **Limits of Liability – Sexual Acts Liability Coverage:** <u>The total liability of [Evanston] for the combined total of Damages and Claim Expenses for all Claims under the Sexual Liability Coverage insured herein is</u>:
> 1. <u>$1,000,000 All Claims Made by Each Claimant.</u>
> 2. <u>$1,000,000 All Claims under the Sexual Acts Liability Coverage</u>.

Doc. 5-2 at 43 § I.5.F.

Plaintiffs' Counsel has not pointed to, and our research has not uncovered, any case law

interpreting similar provisions other than pursuant to their plain meaning.[4] However, courts which have addressed this issue have recognized that similar policy provisions are not ambiguous. Courts recognize that limits expressed in terms of "the total liability" of the insurer for "all" matters under a particular coverage is the maximum amount that the insurer will pay regardless of the number of claims. *See, e.g.*, *Cincinnati Ins. Co. v. Television Engineering Corp.*, 265 F. Supp. 2d 1078, 1080 (E.D. Mo. 2003) (finding unambiguous policy stating that "[t]he Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of 'bodily injury' and 'property damage'"); *Spokane Cnty. v. Am. Re-Ins. Co.*, 1993 WL 13579995, at *2 (E.D. Wash. May 12, 1993) (agreeing with insurer that "aggregate means aggregate"); *Hartford Acc. and Indem. Co. v. U.S. Fire Ins. Co.,* 374 So. 2d 1088, 1089–90 (Fla. Dist. Ct. App. 4th Dist. 1979) (finding no ambiguity in a policy which provides the same dollar amount for the "occurrence limit" and its "aggregate limit" and holding that "it is clear that [the insurer's] maximum liability was not to exceed the amount stated in the schedule as 'aggregate.'").

Once again, it is obvious that Plaintiffs' Counsel did not conduct a reasonable inquiry into the existing law or factual contentions of their claims regarding the Policy's limit of liability. The clear and unambiguous facts and law demonstrated that Plaintiffs are not entitled to the declarations they seek regarding the Policy's limit of liability. As such, Plaintiffs' Counsel has violated Rule 11(b) and appropriate sanctions should be issued by the Court, including dismissal of this action with prejudice as to the declaratory relief regarding the Policy's limit of liability.

---

[4] The plain meaning of this provision is that the SAL Endorsement provides coverage up to $1,000,000 *in total* regardless of the number of Sexual Acts Liability Claims. As such, payments by Evanston for one SAL Claim will reduce or "erode" the total amount available for any other SAL Claim(s) whether or not such Claims are "related."

3. **Plaintiffs' Counsel Did Not Conduct A Reasonable Inquiry Into The Application Of The Term "Direct Action" Under 28 U.S.C. § 1332(C)(A)(1)**

As explained in Evanston's Memorandum of Law in Opposition to Plaintiffs' Remand Motion (Doc. 11), Evanston timely and properly removed this action from State Court on the basis of diversity jurisdiction, which is supported by the undisputed allegations of Plaintiffs' Complaint, *i.e.*, that the Does are citizens of New York and Evanston is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business in Rosemont, Illinois. *See* Doc. 5 ¶¶ 3-4, 16; Doc. 5-1, Section "PARTIES."

A reasonable inquiry into the law regarding citizenship of an insurance company for purposes of diversity jurisdiction would have revealed that the term "direct action" as used in § 1332(c) is interpreted narrowly. As interpreted, it does not apply to actions against insurers for their own misconduct but applies only "to situations where the insurer's status is that of a payor of a judgment based on the negligence of one of its Insureds." *See* Doc. 11 at 3-8 (citing, *inter alia*, *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 674 (2d Cir. 1992)). As also detailed in Evanston's Memorandum of Law in Opposition to Plaintiffs' Remand Motion, Plaintiffs rely on cases which are either contrary to their position or are wholly inapposite because they are from jurisdictions with "direct action" statutes wholly distinguishable from the statutes in New York. *See* Doc. 11 at 8-11. Plaintiffs' Remand Motion is therefore frivolous and the Court should impose appropriate sanctions. *See also* Doc. 13.

C. **Plaintiffs' Counsel Should Be Ordered To Pay Evanston Reasonable Attorneys' Fees And Expenses For Its Opposition To Plaintiffs' Remand Motion And Its Planned Motion To Dismiss The Complaint**

Rule 11(c)(4) provides that sanctions pursuant to a motion may consist of, or include:

> [N]onmonetary directives … if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all

of the reasonable attorney's fees and other expenses directly resulting from the violation.

Plaintiffs' Counsel violated Rule 11 as described above. It is clear that sanctions are appropriate in this case since the misconduct of Plaintiffs continued, and was not deterred, despite repeated advice, including citations to applicable law, that the Complaint was prohibited by law and contrary to terms of the Policy. They were also advised that their Remand Motion was without any support under well-established law. Finally, they were also advised that Evanston would seek sanctions if they proceeded with their action; they did so anyhow. Evanston is prepared to submit appropriate evidence of expenses pursuant to an Order granting this Motion for Sanctions.

## **CONCLUSION**

For all of the foregoing reasons, it is respectfully submitted that the Complaint in this action and the Remand Motion are frivolous. This Court should therefore order sanctions be imposed on Plaintiffs' Counsel including (1) an order requiring Plaintiffs' Counsel to pay Evanston's reasonable costs and fees incurred in opposing Plaintiffs' frivolous Remand Motion and its planned Motion to Dismiss the Complaint; (2) dismissal of this action with prejudice as to the declarations sought in the Complaint regarding the Policy's limit of liability; and (3) any other and further relief this Court deems just and proper. Evanston stands ready to provide the Court with evidence of its relevant fees and costs.

Dated: March 21, 2025　　　　　　　Respectfully submitted,
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　SKARZYNSKI MARICK & BLACK LLP

　　　　　　　　　　　　　　　　　　By:　　*/s/ Evan Shapiro*
　　　　　　　　　　　　　　　　　　　　　Evan Shapiro, Esq.
　　　　　　　　　　　　　　　　　　　　　One Battery Park Plaza, 32nd Floor
　　　　　　　　　　　　　　　　　　　　　New York, NY 10004
　　　　　　　　　　　　　　　　　　　　　Phone: 212-820-7700
　　　　　　　　　　　　　　　　　　　　　Email: eshapiro@skarzynski.com
　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Evanston Insurance Company*