Plaintiffs shall file any opposition to the sanctions motion no later than April 9, 2025. Any reply shall be due April 16, 2025. The Court generally addresses motions in the order they are filed, and a single order may resolve more than one pending motion. With regard to the penultimate paragraph of Plaintiffs' letter, the parties are advised that a district court "maintains jurisdiction to impose sanctions even if it lacks subject matter jurisdiction over the underlying action." *In re Reifler*, No. 18-CV-2559, 2018 WL 3212464, at *6 (S.D.N.Y. June 28, 2018); *see also Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999). I express no opinion on the merits of any pending motion.

**— SO ORDERED:** 03/26/2025

*Vernon Broderick*

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

Re:     *John and Mary Doe v. Markel, Evanston Insurance Company*
        Index No. 24-cv-09670-VLB-KHP

Dear Judge Broderick:

On behalf of Plaintiffs, I respectfully submit that the Defendant's motion for sanctions is in violation of the January 24, 2025, order which stayed all other deadlines pending the Court's resolution of the remand motion.

Despite the fact that I provided defense counsel with New York legal authority setting forth the distinction between the declaratory relief Plaintiffs now properly seek regarding the ambiguous language of the sexual abuse rider of their policy versus a pre-judgment plaintiff seeking monetary relief exclusively against a defendant's insurer (which is prohibited). Accordingly, misconstruing New York law, Defendants threatened to file this motion in order to try and force Plaintiffs to withdraw this action prior to the remand motion being decided.

I submit that Defendants filed this motion for sanctions because they know the remand should occur and are attempting to keep this matter in Federal Court based upon a presentation of prejudicial and patently erroneous issues to this Court **after** the remand motion has been fully submitted. I further submit that Defendants' actions are deliberately in violation of the stay issued by this Court.

Defense counsel is well aware that if this Court remands this matter, this Court has no jurisdiction over this motion. Accordingly, there is no legitimate reason for the filing of this motion prior to this Court's decision on the remand motion. It is clear that Defendants thus knowingly violated the stay in order to bolster their position on the remand motion.

If the Court so requires, we will provide opposition to the motion for sanctions if the Court sets a motion schedule. It is our position, however, that this motion is patently improper, pre-mature, and frivolous.

Very truly yours,

Darren Epstein

254 South Main Street- Suite 406 – New City, New York 10956
Darren@DEpsteinEsq.com